# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KARL PETER HORSCH, KIMBERLY HORSCH, ALLAN J. JACKSON, EILEEN JACKSON, THERESA DUFFIN, PAUL DUFFIN, RHIANNON LINDMAR, PAUL MILBOURNE, VILMA COLLIER, TROY ADAMS, THOMAS P. KENNEDY, SARAH KENNEDY, BRAD SALTZMAN, and REBECCA SALTZMAN on behalf of themselves and others similarly situated, | : : : : : : : : : : : : | |
| Plaintiffs, | : : | NO. 2:14-cv-02638-WY |
| v. | : : : | |
| WELLS FARGO HOME MORTGAGE, CITIMORTGAGE, INC., GREENTREE SERVICING, LLC, JP MORGAN CHASE BANK, BANK OF AMERICA N.A., and NATIONSTAR MORTGAGE, LLC | : : : : : : | |
| Defendants. | : : : : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT WELLS FARGO HOME MORTGAGE'S AND DEFENDANT NATIONSTAR MORTGAGE, LLC'S <u>MOTION TO DISMISS CLAIMS WITH PREJUDICE</u>

Defendants Wells Fargo Home Mortgage ("Wells Fargo") and Nationstar Mortgage, LLC ("Nationstar", collectively with Wells Fargo "Defendants") file this Memorandum of Law in Support of their Motion to Dismiss Claims With Prejudice (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6).

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................................1

II.   RELEVANT FACTUAL ALLEGATIONS .....................................................3

III.  PROCEDURAL HISTORY ................................................................................4

IV.   ARGUMENT ........................................................................................................6

      A.   Motion to Dismiss Standard ...................................................................6

      B.   Plaintiffs' Claim Under § 1681s-2(b) of the FCRA Fails as a Matter of
           Law ..............................................................................................................6

           1.   Plaintiffs Fail to State a Claim for Violation of Section 1681s-2(b). ...........7

                i.    Plaintiffs Fail to Allege Defendants Did Not Conduct an
                      Investigation or That Any Investigation Was Deficient................7

                ii.   The Discharged Plaintiffs' Information Is Neither
                      Inaccurate Nor Incomplete. .............................................10

                iii.  The Non-Debtor Spouse Plaintiffs' Information Is Not
                      Inaccurate or Incomplete. .............................................12

           2.   Plaintiffs Fail to Establish a Willful or Negligent Violation of the
                FCRA................................................................................14

           3.   Plaintiffs May Not Maintain a Cause of Action Based on
                Inaccurate Reporting........................................................15

      C.   This Court Should Enter a Final Order Granting this Motion...............18

V.    CONCLUSION ...........................................................................................18

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ....................................................................................6, 14

*Bailey v. Equifax Info. Servs., LLC,*
2013 WL 3305710 (E.D. Mich. July 1, 2013) ...........................................14

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007) ....................................................................................6, 13

*Chavez v. Premier Bankcard, LLC,*
2011 WL 5417107 (E.D. Cal. Nov. 8, 2011) .............................................15

*Clark v. Experian Info. Solutions, Inc.,*
2004 WL 256433 (D.S.C. Jan. 14, 2004) ....................................................13

*Dickens v. Trans Union Corp.,*
18 F. App'x 315 (6th Cir. 2001) ..................................................................12

*Edeh v. Equifax Info. Servs., LLC,*
974 F. Supp. 2d 1220 (D. Minn. 2013) ......................................................15

*Giovanni v. Bank of Am., Nat. Ass'n,*
2013 WL 1663335 (N.D. Cal. Apr. 17, 2013) ...........................................12

*Haley v. AMS Servicing, LLC,*
2014 WL 2602044 (D.N.J. June 11, 2014) ...................................................4

*Harper v. Trans Union, LLC,*
2009 WL 415940 (E.D. Pa. Feb. 19, 2009) ................................................12

*In re Helmes,*
336 B.R. 105 (Bankr. E.D. Va. 2005) .........................................................11

*Johnson v. Equifax, Inc.,*
510 F. Supp. 2d 638 (S.D. Ala. 2007) ........................................................12

*Kost v. Kozakiewicz,*
1 F.3d 176 (3d Cir. 1993) ..............................................................................6

*Krajewski v. Am. Honda Fin. Corp.,*
557 F. Supp. 2d 596 (E.D. Pa. 2008) .........................................8, 10, 16, 17

*Long v. Tommy Hilfiger U.S.A., Inc.,*
671 F.3d 371 (3d Cir. 2012) ........................................................................14

*Longman v. Wachovia Bank, N.A.,*
702 F.3d 148 (2d Cir. 2012) ........................................................................16

*Mortimer v. Bank of Am., N.A.,*
2013 WL 1501452 (N.D. Cal. Apr. 10, 2013) ...........................................11

*Nelson v. Chase Manhattan Mortgage Corp.*,
    282 F.3d 1057 (9th Cir. 2002) ..............................................................................................16

*Pennington v. Wells Fargo Bank, N.A.*,
    2012 WL 5199257 (E.D. Pa. Oct. 19, 2012) reconsideration denied, 2013 WL 172207 (E.D.
    Pa. Jan. 15, 2013), appeal dismissed (July 3, 2013) ...........................................................5

*Philips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ...............................................................................................6

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007) .............................................................................................................14

*Schueller v. Wells Fargo & Co.*,
    559 F. App'x 733 (10th Cir. 2014) .....................................................................................9

*SimmsParris v. Countrywide Fin. Corp.*,
    652 F.3d 355 (3d Cir. 2011) ..............................................................................................16

*Taggart v. Norwest Mortgage, Inc.*,
    2010 WL 114946 (E.D. Pa. Jan. 11, 2010) .................................................................7, 9, 13

*Van Veen v. Equifax Info.*,
    844 F. Supp. 2d 599 (E.D. Pa. 2012) ..................................................................................8

*Vassalotti v. Wells Fargo Bank, N.A.*,
    815 F. Supp. 2d 856 (E.D. Pa. 2011) .......................................................................8, 9, 10

**Statutes**

15 U.S.C. § 1681o .....................................................................................................................15

15 U.S.C. § 1681o(a)(1) ............................................................................................................15

15 U.S.C. § 1681s-2(b) .......................................................................................................passim

15 U.S.C. § 1681s-2(b)(1) ...........................................................................................................7

15 U.S.C. § 1681s-2(b)(1)(D) ....................................................................................................10

15 U.S.C. § 1681s-2(b)(1)(E) .....................................................................................................10

15 U.S.C. § 1681s-2(c) ..............................................................................................................16

15 U.S.C. § 1681s-2(d) ..............................................................................................................16

15 U.S.C. §§ 1681n-o ......................................................................................................7, 14, 16

15 U.S.C. §§ 1681s-2(a) ...............................................................................................15, 16, 17

15 U.S.C. §§ 1681s-2(b)(1)(A)-(E)(iii) .......................................................................................8

**Rules**

Fed. R. Civ. P. 12(b)(6) ..............................................................................................................6

Fed. R. Civ. P. 54(b) .................................................................................................................18

**Regulations**

16 C.F.R. 600 .................................................................................................................... 10

76 F.R. 44462 (July 26, 2011) ........................................................................................... 10

76 F.R. 44463 (July 26, 2011) ........................................................................................... 10

# I. **INTRODUCTION**

This Amended Complaint represents the **fourth** attempt by a subset of the plaintiffs to fashion claims against the defendants regarding the reporting of mortgage obligations which were discharged by the plaintiffs' individual bankruptcy proceedings. Despite the fact that their obligation to repay their home loans was discharged, and plaintiffs chose not to reaffirm the debt, plaintiffs allege their payment status on the loans should be reported to credit reporting agencies as "current" when they voluntarily make payments after discharge. However, plaintiffs' assertions would create the misleading picture that they still had an obligation to repay the debt, in fact defendants' reporting of the loans as having a $0.00 balance is consistent with industry practice and decisional authority on the topic. Having previously amended and then voluntarily dismissed complaints with identical claims, plaintiffs are grasping at straws, attempting to find a maintainable claim against the defendants. Plaintiffs now return for a fourth bite at the apple, as such, this Court should dismiss this claim *with prejudice* and not allow plaintiffs a potential fifth attempt at these futile and frivolous claims.

Plaintiffs Karl Peter Horsch, Kimberly Horsch, Allan J. Jackson, Eileen Jackson, Theresa Duffin, Paul Duffin, Rhiannon Lindmar, Paula Milbourne, Vilma Collier, Troy Adams, Wanda Adams, Thomas Kennedy, Sarah Kennedy, Brad Saltzman, and Rebecca Saltzman (collectively "Plaintiffs") seek to maintain a putative class action against multiple defendants including Wells Fargo Home Mortgage ("Wells Fargo") and Nationstar Mortgage, LLC ("Nationstar", collectively with Wells Fargo "Defendants") seeking damages and injunctive relief for alleged violations of the Fair Credit Reporting Act (the "Amended Complaint").

The named Plaintiffs who filed for chapter 7 bankruptcy protection chose not to reaffirm their mortgage debt with Defendants and, accordingly, the debt was discharged. The Plaintiffs

also include the non-debtor spouses of the Plaintiffs who filed for chapter 7 bankruptcy protection. Plaintiffs' claims are based on the allegation that Defendants did not report to credit reporting agencies that Plaintiffs were voluntarily paying the mortgage balance after the debt was discharged and there was no obligation to pay the debt.

Plaintiffs have failed to allege any cognizable claim against Defendants. This Court should dismiss Plaintiffs' claims as they fail to establish sufficient allegations to maintain a claim. A subset of these Plaintiffs, and their attorney, originally filed substantially similar claims against Wells Fargo and Citimortgage, Inc. in September 2013, only to amend that complaint and ultimately voluntarily dismiss the amended complaint when faced with a motion to dismiss these meritless claims. Plaintiffs' initial complaint in this action (the third iteration of these claims) contained the same fatal flaws as the prior complaints and Plaintiffs have, yet again, amended their complaint in this action (the fourth iteration of the claims). Curiously, Plaintiffs' most recent amendment merely removed fruitless claims against Defendants and did nothing to correct the deficiencies in the sole remaining claim, a violation of the Fair Credit Reporting Act ("FCRA"); as such, this Court should dismiss these repetitive claims with prejudice. As there are multiple defendants, Defendants request that this Court find that there is no just reason for delay and enter a final order dismissing all claims against Defendants to bring an end to this action for Defendants.

## II.   RELEVANT FACTUAL ALLEGATIONS[1]

Several Plaintiffs obtained residential mortgage loans from Defendants.  (Am. Compl. ¶ 39).  Plaintiffs and the members of the class have either filed for bankruptcy or their spouses have filed for bankruptcy.  (Am. Compl. ¶ 36).  All of the Plaintiffs who filed chapter 7 bankruptcy petitions chose *not* to reaffirm their mortgage debt with Defendants, and the debt has been discharged.  (Am. Compl. p. 32 ¶ 80).[2]  Plaintiffs allege that, after discharge, Defendants reported to credit reporting agencies ("CRAs") that the outstanding balance on the mortgage loans was $0.00, as the discharged Plaintiffs had *no legal obligation* to pay the mortgage loans.  (Am. Compl. ¶ 54).   Plaintiffs allege that they have maintained current payments on the mortgages, despite the fact that they (or their spouses) chose to discharge, rather than reaffirm, their mortgage debt.  (Am. Compl. p. 32-33 ¶¶ 80-81).   Defendants, allegedly, did not report these voluntary payments to the credit reporting agencies.  (Am. Compl. ¶ 88).  Plaintiffs allege they requested the CRAs investigate the accuracy of the reporting of these mortgage loans.  (Am. Compl. ¶ 55).  Plaintiffs admit that "each respective Defendant, upon receipt of the notice of dispute from the CRA's [sic] performed a 'reasonable investigation' and reported to respective CRA's [sic] the results of that investigation."  (Am. Compl. p. 22 ¶ 73).  Plaintiffs allege that they requested that Defendants report the discharged mortgage loans as current to the CRAs but Defendants have not reported these discharged loans as current.  (Am. Compl. ¶ 112).

---

[1] Plaintiffs' factual allegations are accepted as true for purposes of the Motion only.  Nothing in this Memorandum of Law, however, is intended to be, or should be construed as, an admission by Defendants.  In addition, Defendants reserve their arguments regarding the inappropriateness of class certification, which is not presently before this Court.

[2] Plaintiffs' Amended Complaint is not contiguously numbered, pages 21 – 23 contain paragraphs numbers 68 – 80, pages 24 – 32 also contained paragraphs numbered 68 – 80. Any reference to these duplicated paragraphs will be preceded by the page number to avoid any further confusion.

## III.  PROCEDURAL HISTORY

On September 3, 2013, Karl Peter Horsch, Kimberly Horsch, Allan J. Jackson, Eileen Jackson, Theresa Duffin, Paul Duffin, and Rhiannon Lindmar filed a complaint in this Court against Wells Fargo and CitiMortgage seeking damages and injunctive relief for violations of § 1681s-2(a) of the FCRA and violation of § 524 of the Bankruptcy Code (the discharge injunction). *See Horsch v. Wells Fargo Home Mortgage*, No. 2:13-cv-05138 (E.D. Pa. Sept. 3, 2013). On October 29, 2013, Wells Fargo filed a motion to dismiss that complaint. On November 25, 2013, in response to the motion to dismiss Plaintiff filed an amended complaint. The amended complaint asserted six counts: (i) violation of §§ 1681s-2(a) – 2(b) of the FCRA, (ii) violation of § 524 of the Bankruptcy Code (the discharge injunction), (iii) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, (iv) violation of the New Jersey Consumer Fraud Act, (v) Breach of the Implied Covenant of Good Faith and Fair Dealing, and (vi) Defamation. On January 7, 2014, Wells Fargo filed a motion to dismiss the amended complaint. On January 28, 2014, the plaintiffs voluntarily dismissed the amended complaint.

On May 8, 2014, Plaintiffs filed the initial complaint ("Complaint") in this matter against multiple defendants.[3] The Complaint asserted five counts: (i) violation of §§ 1681s-2(a) – 2(b) of the FCRA, (ii) violation of § 524 of the Bankruptcy Code (the discharge injunction), (iii) violations of the automatic stay provisions of the Bankruptcy Code, (iv) Breach of the Implied Covenant of Good Faith and Fair Dealing, and (v) Defamation. (Compl. ¶¶ 108-204). On July

---

[3] Plaintiffs join six separate defendants with no alleged connections between the defendants or any connection other than between each Plaintiff and their own respective mortgage company, as such these claims were improperly joined and would be subject to severance as there is "no common transaction or occurrence or series of transactions or occurrences." *Haley v. AMS Servicing, LLC*, 2014 WL 2602044, at *7 (D.N.J. June 11, 2014) (holding that the claims of 103 plaintiffs against multiple mortgage servicers were improperly joined and must be severed).

28, 2014, Defendants timely moved to dismiss the Complaint. On September 2, 2014, Plaintiffs responded by filing the Amended Complaint, which alleged a single claim against Defendants for violation of § 1681s-2(b) of the FCRA.

The table below summarizes Plaintiffs' claims in the multiple filings discussed above.

| Case | No. 2:13-cv-05138 | | No. 2:14-cv-02638-WY | |
|---|---|---|---|---|
| Version | Initial Complaint | Amended Complaint | Initial Complaint | Amended Complaint |
| Filed | 9/3/2013 | 11/25/2013 | 5/8/2014 | 9/2/2014 |
| Count I | Violation of the FCRA § 1681s-2(a) | Violation of the FCRA §§ 1681s-2(a)-2(b) | Violation of the FCRA §§ 1681s-2(a)-2(b) | Violation of the FCRA § 1681s-2(b) |
| Count II | Violation of the Bankruptcy Discharge Injunction | Violation of the Bankruptcy Discharge Injunction | Violation of the Bankruptcy Discharge Injunction | |
| Count III | | Violation of the Pennsylvania Unfair and Deceptive Practices Act | Violation of the Bankruptcy Automatic Stay | |
| Count IV | | Violation of the New Jersey Unfair and Deceptive Practices Act | Breach of Implied Covenant of Good Faith and Fair Dealing | |
| Count V | | Breach of Implied Covenant of Good Faith and Fair Dealing | Defamation | |
| Count VI | | Defamation | | |

This table makes clear that the filings and amendments are merely an exercise in futility as Plaintiffs attempt to find a claim that could be maintained against Defendants. This Court has the power to dismiss claims with prejudice where "amendment to [the] complaint would be both futile and frivolous." *Pennington v. Wells Fargo Bank, N.A.*, 2012 WL 5199257, at *8 (E.D. Pa. Oct. 19, 2012) reconsideration denied, 2013 WL 172207 (E.D. Pa. Jan. 15, 2013), appeal dismissed (July 3, 2013). As the instant pleading is Plaintiffs' fourth attempt to lodge claims against Defendants, and Plaintiffs' claims still lack sufficient factual allegations, clearly any further amendment would be futile and frivolous, therefore, Plaintiffs' claims must be dismissed with prejudice and Plaintiffs should not be allowed a fifth bite at the apple.

## IV.  ARGUMENT

### A.  Motion to Dismiss Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The plaintiff bears the burden of demonstrating the existence of facts sufficient "to suggest the required element" of its claim. *Philips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Accordingly, a plaintiff must assert more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citing *Twombly*, 550 U.S. at 555). Consequently, to survive a 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim to relief that is "plausible," as opposed to merely "conceivable." *Twombly*, 550 U.S. at 555.

Speculative and conclusory allegations, however, are inadequate to meet this burden. *Twombly*, 550 U.S. at 555. A plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 557). Accordingly, dismissal under Rule 12(b)(6) is appropriate when the plaintiff's complaint has failed to allege "enough facts to state a claim to relief that is plausible on its face" and has failed to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 570 and 545; *see also Iqbal*, 556 U.S. at 678.

### B.  Plaintiffs' Claim Under § 1681s-2(b) of the FCRA Fails as a Matter of Law

Plaintiffs have alleged that Defendants violated 15 U.S.C. § 1681s-2(b), which outlines the duties of a furnisher of information upon notice of a dispute. (Am. Compl. ¶¶ 111-19).

Further, Plaintiffs allege the violations were negligent or willful and seek compensatory and punitive damages pursuant to 15 U.S.C. §§ 1681n-o. (Am. Compl. ¶¶ 109-10). Plaintiffs' claims fail as a matter of law because (1) Plaintiffs' allegations, taken as true for purposes of this Motion, do not establish a violation of Defendants' duty to investigate under § 1681s-2(b), (2) Plaintiffs have not alleged a willful or negligent violation of the FCRA, and (3) Plaintiffs may not maintain a private right of action based on inaccurate credit reporting.

### 1. Plaintiffs Fail to State a Claim for Violation of Section 1681s-2(b).

Section 1681s-2(b) of the FCRA places a duty on furnishers of information to conduct an investigation, upon notification from a CRA that information has been disputed. 15 U.S.C. § 1681s-2(b)(1). To establish a claim under that provision a Plaintiff must establish: "(1) that he notified a credit reporting agency of the dispute under § 1681i, (2) that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and (3) that the party who furnished the information failed to investigate or rectify the disputed charge." *Taggart v. Norwest Mortgage, Inc.*, 2010 WL 114946, at *9 (E.D. Pa. Jan. 11, 2010) *aff'd*, 12-4311, 2013 WL 4873459 (3d Cir. Sept. 13, 2013). Plaintiffs' claim fails as a matter of law because: (i) Plaintiffs fail to allege Defendants did not conduct an investigation or that the investigation conducted was deficient in any respect, in fact they admit the investigation was reasonable; (ii) the discharged Plaintiffs information is not inaccurate or incomplete; (iii) the non-debtor spouses information is not inaccurate or incomplete.

### i. Plaintiffs Fail to Allege Defendants Did Not Conduct an Investigation or That Any Investigation Was Deficient.

Plaintiffs have utterly failed to plead the third required element of a Section 1681s-2(b) claim: failure to investigate a disputed charge. Upon notice of a dispute from a CRA, § 1681s-2(b)(1) of the FCRA requires a furnisher of information to:

(A)   conduct an investigation with respect to the disputed information;
(B)   review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
(C)   report the results of the investigation to the consumer reporting agency;
(D)   if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E)   if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
    (i) modify that item of information;
    (ii) delete that item of information; or
    (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1)(A)-(E)(iii) (emphasis added).  Further, a furnisher need only conduct a *reasonable* investigation and "[a]bsent allegations of fraud, identity theft, or other issues not identifiable from the face of its records, the furnisher need not do more than verify that the reported information is consistent with the information in its records." *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 609 (E.D. Pa. 2008) (Yohn, J.).  A furnisher is only required to correct inaccuracies uncovered during a reasonable investigation. *Van Veen v. Equifax Info.*, 844 F. Supp. 2d 599, 605 (E.D. Pa. 2012) ("A furnisher is not required to uncover and correct *all* inaccuracies on the consumer's credit report.  Rather, a furnisher is required to correct only those inaccuracies it discovers during its reasonable investigation.").  Judgment in favor of the defendant is "proper if the reasonableness of the defendant's procedures is beyond question." *Krajewski*, 557 F. Supp. 2d at 609.

In *Vassalotti v. Wells Fargo Bank, N.A.*, a plaintiff brought a FCRA claim alleging the bank reported inaccurate information regarding the status of her loan which was discharged through bankruptcy.  815 F. Supp. 2d 856, 863-64 (E.D. Pa. 2011).  The Court ruling in favor of Wells Fargo indicated: "Vassalotti does not show that Wells Fargo 'failed to investigate or

rectify the disputed charge.'" *Id.* at 864 (quoting *Taggart*, 2010 WL 114946, at *27). Vassalotti

argued the fact that the notation on her credit report remained unchanged "proves that Wells

Fargo failed to investigate or refused to correct the mistake." *Id.* Responding to that allegation

the court stated:

> [T]he notation on the credit reports does not prove that Wells Fargo failed
> to investigate the matter, and Wells Fargo can only correct inaccurate
> information. There is no reason to believe that the information is
> inaccurate. Vassalotti admitted to receiving a bankruptcy discharge on
> April 18, 2008, and the three credit reports she submitted as a joint exhibit
> accurately state that fact. . . . Vassalotti may not recognize the distinction
> between the discharge of her personal liability and Wells Fargo's retention
> of a valid lien on the property itself.

*Id.*

In *Schueller v. Wells Fargo & Co.*, a plaintiff, who had his mortgage debt discharged by a

chapter 7 bankruptcy petition, alleged Wells Fargo violated § 1681s-2(b) because his "credit

report should not have reflected that his account was closed and had a zero balance due, and

should have included the fact that he made payments after [discharge]." 559 F. App'x 733, 737

(10th Cir. 2014). The Tenth Circuit Court of Appeals upheld the District Court's dismissal of the

FCRA claim, holding that:

> Mr. Schueller has cited no authority requiring Wells Fargo to
> report his post-bankruptcy mortgage payments. Under these
> circumstances, we conclude that Mr. Schueller has not carried his
> burden of showing that the information Wells Fargo furnished was
> inaccurate or incomplete, nor has he shown that the information
> about his home loan debt and bankruptcy was materially
> misleading.

*Id.*

In the instant case, taking all of Plaintiffs' allegations as true, they do not allege

Defendants failed to conduct an investigation, in fact the Plaintiffs allege "*it is believed* . . . that

*each respective Defendant*, upon receipt of the notice of dispute from the CRA's [sic]

*performed a 'reasonable investigation'* and reported to respective CRA's [sic] the results of that investigation." (Am. Compl. p.22 ¶ 73). Therefore, by Plaintiffs own admission, "the reasonableness of the defendant's procedures is beyond question" and the claim must be dismissed. *See Krajewski*, 557 F. Supp. 2d at 609. The Amended Complaint is devoid of any allegation which indicates Defendants violated any of the five duties imposed by § 1681s-2(b). Similar to the plaintiff in *Vassalotti*, Plaintiffs' allegation is solely that Defendants "failed and refused to make correct and accurate reports." (Am. Compl. ¶ 113). Furthermore, Plaintiffs' claims are *identical* to those made by the plaintiff in *Schueller*, and as such fail as a matter of law and should be dismissed.

        **ii.**      **The Discharged Plaintiffs' Information Is Neither Inaccurate Nor Incomplete.**

With respect to the discharged Plaintiffs, even more fundamentally, their claims fail as a matter of law. Section 1681s-2(b)(1)(D) and (E) refer only to "inaccurate or incomplete" information. As *Vassalotti* and *Schueller* established, the Plaintiffs' information was accurately reported to the CRAs because their legal obligation (the "debt") to repay the mortgage balance was discharged. The discharged Plaintiffs (who chose to discharge, rather than reaffirm, the mortgage debt) no longer owe a legal obligation to pay the mortgage balance. Reporting the mortgage debt as discharged with $0.00 due is the *only* legally correct way to report the discharged debt. "A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), *as long as it reports a zero balance* due to reflect the fact that the consumer is no longer liable for the discharged debt." 16 C.F.R. 600 app. § 607(b)(3)(F)(6)[4];

---

[4] This guidance was promulgated by the Federal Trade Commission which had enforcement authority of the FCRA, until it was transferred to the Consumer Financial Protection Bureau in July 2011. *See* 76 FR 44462, 44463 (July 26, 2011).

*see also Vassalotti*, 815 F. Supp. 2d at 864 ("There is no reason to believe that the information is inaccurate. Vassalotti admitted to receiving a bankruptcy discharge on April 18, 2008, and the three credit reports she submitted as a joint exhibit accurately state that fact. . . . Vassalotti may not recognize the distinction between the discharge of her personal liability and Wells Fargo's retention of a valid lien on the property itself."); *Mortimer v. Bank of Am., N.A.*, 2013 WL 1501452, at *10 (N.D. Cal. Apr. 10, 2013). Once a debt has been discharged through bankruptcy, a creditor must "report that the account was discharged through the bankruptcy and the outstanding balance on that account is zero." *Mortimer*, 2013 WL 57856, at *7; *see also In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005). The reason that a discharged debt is reported with a "$0.00" balance is explained as follows:

> A credit report entry that reflects a past due account is treated differently by prospective creditors in evaluating credit applications than an entry that reflects a debt that has been discharged in bankruptcy. The essential difference is that a discharged debt represents a historical fact, that the prospective borrower filed bankruptcy in the past and was relieved from the obligation. *Nothing is now due*. A past due debt represents a delinquent but legally enforceable obligation that must be resolved.

*Id.* at 107 (emphasis added).

Plaintiffs concede that their accounts reflected a zero balance; Plaintiffs do not allege the accounts are showing a past due status but instead allege the FCRA was violated because the payment status was not shown as "current." (Am. Compl. ¶ 54(f)). Plaintiffs' allegations are logically implausible. If nothing is due because the debtor has discharged the obligation in bankruptcy, how can it be reported that the debtor is "current" on an obligation that no longer exists? In fact, if Defendants were to report the account in a current payment status this would imply the account has an existing payment obligation and is a legally enforceable debt which, given the discharge, would be inaccurate and arguably violate the FCRA. Therefore, this Court

- 11 -

should dismiss the discharged Plaintiffs FCRA claims because Defendants did not furnish any inaccurate or misleading information. *See Giovanni v. Bank of Am., Nat. Ass'n*, 2013 WL 1663335, at *6 (N.D. Cal. Apr. 17, 2013) ("The court grants the motion to dismiss because, as in the previous order, BOA did not report inaccurate or misleading information.").

### iii. The Non-Debtor Spouse Plaintiffs' Information Is Not Inaccurate or Incomplete.

With respect to the non-debtor spouses of discharged Plaintiffs (Plaintiffs Eileen Jackson and Paul Duffin), their claims fail as a matter of law as well. This court has addressed whether a bankruptcy remark on the credit report of a non-debtor joint account holder is misleading or inaccurate when the other joint account holder files for bankruptcy. In *Harper v. Trans Union, LLC*, the Plaintiff alleged that a joint mortgage loan held with her sister, who filed for bankruptcy, was inaccurately reported to CRAs as included in a bankruptcy and "[s]he contends that this remark was misleading to potential creditors and caused her to be denied credit." 2009 WL 415940, at *3 (E.D. Pa. Feb. 19, 2009). The court found no merit in this argument: "defendants reading of [the FCRA] to permit inclusion of the bankruptcy remark is not objectively unreasonable. . . . In fact, decisions of federal appellate and district courts supported the defendants' interpretation of the FCRA's accuracy requirements." *Id.* Other courts have held that reporting the status of a non-debtor joint obligor as "included in bankruptcy" when the other joint obligor files for bankruptcy is accurate under the FCRA. *See Dickens v. Trans Union Corp.*, 18 F. App'x 315, 318 (6th Cir. 2001) (holding that an account which was included in the bankruptcy of one joint account holder may be reported on the non-debtor's credit report as "included in bankruptcy" and "charged off as a bad debt."); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 646 (S.D. Ala. 2007) ("Trans Union's reporting of the MBNA account with the 'included in bankruptcy' comment was accurate. It is undisputed that the MBNA account was

included in [Plaintiff's] ex-husband's bankruptcy . . . this information was not misleading. If it had been considered by a creditor, it would have been understood that Johnson was a joint obligor on an account that had been included in a bankruptcy, not that she had personally filed for bankruptcy. Trans Union accurately reported that the MBNA account was 'included in bankruptcy.'"); *Clark v. Experian Info. Solutions, Inc.*, 2004 WL 256433, at *1, *8 (D.S.C. Jan. 14, 2004) ("Plaintiffs became aware that their credit records from Defendant . . . contained references to bankruptcy filings despite the fact that they had never personally filed for bankruptcy . . . no [Plaintiff] has presented the court with any legal authority imposing either a penalty or awarding damages where the sole alleged wrong was inclusion of the type bankruptcy reference at issue in this action."). Therefore, a reference to a joint account holder's bankruptcy on a non-debtors' credit report, and other related reporting, cannot form a basis for an FCRA violation.

The two non-debtor spouses FCRA claims fail for a more fundamental reason. First, as to Plaintiff Paul Duffin, the reinvestigation report attached to the Amended Complaint indicates the status as "Paid as Agreed" and shows a payment as of March 2014 which is a very recent payment, given that the report is dated March 20, 2014; Plaintiffs' own exhibit contradicts the alleged errors contained in the Amended Complaint. (Am. Compl., Ex. E). Second, as to Plaintiff Eileen Jackson, the Amended Complaint does not allege she received a response from the CRAs regarding her investigation request. (Am. Compl. p. 24 ¶ 68(b)). Therefore, she has failed to allege "that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and that the party who furnished the information failed to investigate or rectify the disputed charge." *Taggart*, 2010 WL 114946, at *9. These factual deficiencies, in addition to the legal deficiencies discussed above, render these claims insufficient under

*Twombly* and *Iqbal* and require dismissal of these claims. *See Twombly*, 550 U.S. at 570 and 545; *Iqbal*, 556 U.S. at 678; *see also Bailey v. Equifax Info. Servs., LLC*, 2013 WL 3305710 (E.D. Mich. July 1, 2013) (granting defendant's motion to dismiss plaintiff's FCRA claims which were based on mere conclusory allegations).

**2.    Plaintiffs Fail to Establish a Willful or Negligent Violation of the FCRA.**

Even if the Plaintiffs had sufficiently pled a violation of the FCRA, which they have not, their claims would still fail as a matter of law as Defendants' conduct does not constitute willful or negligent noncompliance with the FCRA. 15 U.S.C. § 1681n-o.

In order to establish a willful violation of the FCRA, a plaintiff must establish that a defendant knew it was violating the law or acted recklessly, i.e. that the defendant's action "is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007). Further, a willful violation is less likely to occur where there is little to no authoritative guidance on the subject. *Id.* at 70 ("This is not a case in which the business subject to the Act had the benefit of guidance from the courts of appeals or the Federal Trade Commission (FTC) that might have warned it away from the view it took. Before these cases, no court of appeals had spoken on the issue, and no authoritative guidance has yet come from the FTC."). As long as the defendant's interpretation is not "objectively unreasonable" a claim for a willful violation fails as a matter of law and should be dismissed. *Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371, 377-78 (3d Cir. 2012).

Here, the FCRA does not directly address how mortgage loans should be reported post-bankruptcy discharge, as discussed above the only regulatory and judicial guidance are in

harmony with how the Defendants reported Plaintiffs' home loans. Plaintiffs' assertion that the discharged loans should be reported as current is not an objectively reasonable interpretation of the FCRA, accordingly Plaintiffs' "willfulness" claim fails as a matter of law.

Plaintiffs' allegation that Defendants violated the FCRA negligently is also without merit. In order to establish a negligent violation a plaintiff must plead actual damages and not just general legal conclusions. 15 U.S.C. § 1681o(a)(1); *see also Edeh v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 1220, 1242 (D. Minn. 2013) *aff'd*, 13-3364, 2014 WL 1851001 (8th Cir. May 9, 2014) ("In order to maintain a claim for negligent noncompliance under the FCRA, a plaintiff must show actual damages . . . ."). Plaintiffs only assert speculative and conclusory allegations that "each Plaintiff's credit rating has suffered significantly, causing each respective Plaintiff the inability to achieve substantially higher credit ratings." (Am. Compl. ¶ 42). Plaintiffs' allegations are not sufficient to maintain a negligent violation of the FCRA, and should be dismissed. *See Chavez v. Premier Bankcard, LLC*, 2011 WL 5417107, at *4 (E.D. Cal. Nov. 8, 2011) ("[Plaintiff] has not offered any factual basis that would entitle him to actual damages sufficient to raise the possibility of relief above the speculative level for negligent actions under 15 U.S.C. § 1681o.").

### 3. Plaintiffs May Not Maintain a Cause of Action Based on Inaccurate Reporting.

It is clear from the history of Plaintiffs' pleadings, as well as the claims contained in them, that Plaintiffs' do not take serious issue with any investigation performed by Defendants, in fact they concede any investigation was reasonable. (Am. Compl. p. 22 ¶ 73). Plaintiffs' main contention is the allegation that Defendants failed to make correct and accurate reports to the CRAs, however, Plaintiffs may not maintain such a cause of action. Section 1681s-2(a) of the FCRA addresses the duty of a furnisher of credit information to provide accurate information

to credit reporting agencies and to correct errors. *See* 15 U.S.C. §§ 1681s-2(a). Sections 1681n-o of the FCRA provides a private right of action to consumers for certain negligent or willful violations of the FCRA by a furnisher. *See* 15 U.S.C. §§ 1681n-o. Those sections, however, *do not apply* to a furnisher's duty to provide accurate information under § 1681s-2(a): "sections 1681n and 1681o of this title do not apply to any violation of . . . subsection (a) of this section, including any regulations issued thereunder." 15 U.S.C. § 1681s-2(c). Instead, the statute leaves enforcement of § 1681s-2(a) to Federal and State agencies and officials. *See* 15 U.S.C. § 1681s-2(d). These principles are well established in this Circuit and others.

In *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011), the Third Circuit Court of Appeals held that:

> The FCRA also has several provisions that create liability for violations of the Act. . . . These provisions, however, cannot be used by a private individual to assert a claim for a violation of § 1681s–2(a), as such claims are available only to the Government.

*Id.* at 358 (emphasis added). Even before the Third Circuit's holding in *SimmParris*, this Court recognized "there is no private right of action based on a furnisher's failure to comply with § 1681s–2(a); enforcement of these provisions is left to federal agencies." *Krajewski*, 557 F. Supp. 2d at 608. This principle is also well established in other Circuit Courts of Appeals. *See Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("Although we have not previously addressed whether the Fair Credit Reporting Act provides a private cause of action for violations of § 1681s–2(a), the statute plainly restricts enforcement of that provision to federal and state authorities. . . . Thus, the district court correctly concluded, as many other courts have held, that there is no private cause of action for violations of § 1681s–2(a)."); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) ("§ 1681s-2(a) carefully

prevents a consumer from suing a furnisher of even information known by the furnisher to be inaccurate").

It is apparent that through the course of Plaintiffs' multiple complaints and amendments that they have become aware that no private cause of action may be maintained for inaccurate reporting under § 1681s-2(a) and now seek to recategorize their claim as a failure to investigate, for which a private cause of action does exist. Plaintiffs' initial complaint in September 2013 stated an FCRA claim based solely on the violation of § 1681s-2(a), the next two iterations of this FCRA claim alleged violation of both sections 2(a) and 2(b), and the current pleading only contains an alleged violation of section 2(b). *See supra* Part III. Although Plaintiffs no longer state a claim under § 1681s-2(a), they still seek damages based on the allegations that "Defendants have failed and refused to make correct and accurate reports" and that Plaintiffs are "entitled to accurate and correct reports to the CRA's [sic]." (Am. Compl. ¶¶ 113-15). Plaintiffs' attempt to shoehorn an alleged § 1681s-2(a) FCRA violation, based on inaccurate reporting, into a § 1681s-2(b) violation, concerning Defendants duty to investigate, fails as a matter of law. This Court has previously held that:

> [A]rgument over the *accuracy of the information is largely irrelevant* to plaintiff's claims given the absence of a private right of action with respect to § 1681s–2(a). Section 1681s–2(b)—the only provision that provides a private right of action against furnishers of information—deals solely with the furnisher's duty to investigate alleged inaccuracies and correct them where they are found by the furnisher to be incorrect. *Liability pursuant to this provision occurs as a result of an unreasonable investigation, not simply as a result of inaccurate information being reported*.

*Krajewski*, 557 F. Supp. 2d at 608 n.9 (emphasis added). Plaintiffs have already conceded that the investigation conducted by Defendants was reasonable. (Am. Compl. p. 22 ¶ 73). Therefore, as discussed at length above, Plaintiffs' claims fail under section 1681s–2(b), and pursuant to the

plain language of the FCRA and *binding* Third Circuit precedent, Plaintiffs have no private cause

of action for alleged violations of § 1681s-2(a) of the FCRA. For these reasons, this Court must

dismiss the claim against Defendants for alleged violations of the FCRA.

### C.     This Court Should Enter a Final Order Granting this Motion

Federal Rule of Civil Procedure 54(b) provides that:

> When an action presents more than one claim for relief . . . or
> when multiple parties are involved, the court may direct entry of a
> final judgment as to one or more, but fewer than all, claims or
> parties only if the court expressly determines that there is no just
> reason for delay. Otherwise, any order or other decision, however
> designated, that adjudicates fewer than all the claims or the rights
> and liabilities of fewer than all the parties does not end the action
> as to any of the claims or parties and may be revised at any time
> before the entry of a judgment adjudicating all the claims and all
> the parties' rights and liabilities.

Fed.R.Civ.P. 54(b). As there are multiple claims and multiple defendants involved in this civil

action, Wells Fargo and Nationstar request that this Court find that there is no just reason for

delay and enter a final order dismissing with prejudice all claims against Wells Fargo and

Nationstar to bring an end to this action for Wells Fargo and Nationstar and permit the Plaintiffs

to file a notice of appeal (if any).

### V.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be granted and the

claims asserted against Wells Fargo and Nationstar in the Amended Complaint should be

dismissed with prejudice pursuant to a final order.

Respectfully submitted,

By:     */s/ Diane A. Bettino*
        Mark S. Melodia, Esq. (No. 53515)
        Diane A. Bettino, Esq. (No. 64111)
        Kurt F. Gwynne, Esq. (No. 66390)
        REED SMITH LLP
        Princeton Forrestal Village
        136 Main Street, Suite 250
        Princeton, New Jersey 08540
        Tel. (609) 987-0050
        Fax (609) 951-0824

        Attorneys for Defendant
        Wells Fargo Home Mortgage and
        Nationstar Mortgage, LLC

Dated: September 19, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2014, a true and correct copy of the foregoing Defendant's Motion to Dismiss and supporting Brief has been filed electronically and is available for viewing and downloading from the federal courts' Electronic Case Filing system.

*/s/ Diane A. Bettino*
Diane A. Bettino, Esq. (No. 64111)
REED SMITH LLP