# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| KARL PETER HORSCH, KIMBERLY HORSCH, ALLAN J. JACKSON, EILEEN JACKSON, THERESA DUFFIN, PAUL DUFFIN, RHIANNON LINDMAR, PAULA MILBOURNE, VILMA COLLIER, TROY ADAMS, THOMAS P. KENNEDY, SARAH KENNEDY, BRAD SALTZMAN, and REBECCA SALTZMAN on behalf of themselves and others similarly situated, | No. 2:14-cv-02638<br><br>William H. Yohn, Jr.<br>United States District Judge |
| Plaintiffs, | |
| v. | |
| WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.; WELLS FARGO BANK, N.A.; CITIMORTGAGE, INC. T/A CITIFININCIAL; GREENTREE SERVICING, LLC; JP MORGAN CHASE BANK; BANK OF AMERICA CORPORATION; BANK OF AMERICA N.A.; and NATIONSTAR MORTGAGE, LLC, | |
| Defendants. | |

## DEFENDANT CITIMORTGAGE INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT WITH PREJUDICE

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1), Defendant CitiMortgage, Inc. ("Citi") hereby moves this Court for an Order dismissing with prejudice all claims asserted against Citi in the First Amended Complaint for failure to state a claim upon which relief may be granted. The factual and legal grounds for this Motion are set forth in the accompanying Memorandum of Law filed contemporaneously with this Motion, which Memorandum of Law is incorporated by reference.

Respectfully Submitted,

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

By:    /s/ Mark A. Aronchick
          Mark A. Aronchick
          John S. Stapleton
          One Logan Square, 27th Floor
          Philadelphia, PA 19103-6993
          (215) 568-6200

          and

          MAYER BROWN

          Debra Bogo-Ernst
          Lucia Nale
          Kim A. Leffert
          71 S. Wacker Drive
          Chicago, IL 60606
          (312) 782-0600

          *Attorneys for Defendant CitiMortgage, Inc.*

Dated:  September 26, 2014

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| KARL PETER HORSCH, KIMBERLY HORSCH, ALLAN J. JACKSON, EILEEN JACKSON, THERESA DUFFIN, PAUL DUFFIN, RHIANNON LINDMAR, PAULA MILBOURNE, VILMA COLLIER, TROY ADAMS, THOMAS P. KENNEDY, SARAH KENNEDY, BRAD SALTZMAN, and REBECCA SALTZMAN on behalf of themselves and others similarly situated, | : : : : : : : : : : | No. 2:14-cv-02638<br><br>William H. Yohn, Jr.<br>United States District Judge |
| Plaintiffs, | : : | |
| v. | : : | |
| WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.; WELLS FARGO BANK, N.A.; CITIMORTGAGE, INC. T/A CITIFINANCIAL; GREENTREE SERVICING, LLC; JP MORGAN CHASE BANK; BANK OF AMERICA CORPORATION; BANK OF AMERICA N.A.; and NATIONSTAR MORTGAGE, LLC, | : : : : : : : : : : | |
| Defendants. | : : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT <u>WITH PREJUDICE</u>

Defendant CitiMortgage, Inc. ("Citi"), by its undersigned counsel, respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' First Amended Complaint with Prejudice ("Motion") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

SUMMARY OF PLAINTIFFS' ALLEGATIONS .......................................................... 2

    A.    Theresa and Paul Duffin ........................................................................ 2

    B.    Thomas and Sarah Kennedy .................................................................. 3

PROCEDURAL HISTORY ..................................................................................... 4

ARGUMENT ...................................................................................................... 5

    I.    Legal Standard ...................................................................................... 5

    II.    The Amended Complaint Fails To State A Claim That Citi Violated The FCRA ................................................................................................... 6

        A.    Plaintiffs Have Not Adequately Pled a Violation of § 1681s-2(b) ........... 7

            1.    No Allegations That Paul Duffin Notified A CRA Of A Dispute ................................................................................ 8

            2.    The Amended Complaint Lacks Allegations That Citi Failed To Conduct A Reasonable Investigation ...................... 9

        B.    There Is No Private Right of Action Under Section 1681s-2(a) ............... 10

        C.    Citi's Reports Do Not Violate The FCRA ............................................. 11

        D.    The Amended Complaint Does Not Allege FCRA Damages .................. 15

            1.    Equitable Relief Is Not Available ............................................. 16

            2.    Plaintiffs Fail To Allege Either Willful Or Negligent Violations Of the FCRA .................................................... 16

    III.    Plaintiffs Other Than The Duffins And The Kennedys Lack Standing To Sue Citi ................................................................................................ 18

CONCLUSION ................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................6

*Beisel v. ABN Ambro Mortgage, Inc.*,
2007 WL 2332494 (E.D. Pa. Aug.10, 2007) ....................................................................8, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................................5-6

*Burrell v. DFS Servs., LLC*,
753 F. Supp. 2d 438 (D.N.J. 2010) ...............................................................................9

*Chiang v. Verizon New England, Inc.*,
595 F.3d 26 (1st Cir. 2010)...............................................................................................9, 15

*Dicesari v. Asset Acceptance LLC*,
2012 WL 4108944 (E.D. Pa. Sept. 18, 2012) ..........................................................16

*Donohue v. C. Blosenski Disposal Co.*,
2006 WL 3423888 (E.D. Pa. Nov. 28, 2006) ..........................................................6

*Engel v. Scully & Scully, Inc.*,
279 F.R.D. 117 (S.D.N.Y. 2011) ...............................................................................16

*FW/PBS, Inc. v. Dallas*,
493 U.S. 215 (1990)........................................................................................................18

*Gelman v. State Farm Mut. Auto. Ins. Co.*,
2007 WL 2306578 (E.D. Pa. Aug. 9, 2007) ..........................................................16

*Imhoff v. Disalle*,
2014 WL 3055367 (W.D. Pa. July 3, 2014) ..........................................................6

*In re Helmes*,
336 B.R 105, 107 (E.D. Va. 2005)...............................................................................14

*In re Smith*,
467 B.R. 122 (Bankr. W.D. Mich. 2012).......................................................................13

*In re Tuan Tan Dinh*,
90 B.R. 743 (Bankr. E.D. Pa. 1988) ...............................................................................13

*Johnson v. Home State Bank*,
501 U.S. 78 (1991)........................................................................................................12

*Jones v. Select Portfolio Servicing, Inc.,*
    2008 WL 1820935, at *8 (E.D. Pa. Apr. 22, 2008) ...............................................17

*Kehr Packages, Inc. v. Fidelcor, Inc.,*
    926 F.2d 1406 (3d Cir. 1991) ...................................................................................6

*Kerchner v. Obama,*
    612 F.3d 204 (3d Cir. 2010) ...................................................................................18

*Krajewski v. Am. Honda Fin. Corp.,*
    557 F. Supp. 2d 596 (E.D. Pa. 2008) ..............................................................8, 11

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ...............................................................................................18

*McCartney v. Windsor, Inc.,*
    1996 WL 65471 (E.D. Pa. Feb. 14, 1996) ...........................................................10

*Mortimer v. Bank of Am., N.A.,*
    2013 WL 57856 (N.D. Cal. Jan. 3, 2013) .............................................................12

*Raines v. Byrd,*
    521 U.S. 811 (1997) ...............................................................................................18

*Renninger v. ChexSystems,*
    1998 WL 295497 (N.D. Ill. May 22, 1998) .................................................... 16-17

*Safeco Ins. Co. of Am. v. Burr,*
    551 U.S. 47 (2007) .................................................................................................17

*Schueller v. Wells Fargo & Co.,*
    559 F. App'x 733 (10th Cir. 2014) ......................................................... 11-12, 15

*SimmsParris v. Countrywide Fin. Corp.,*
    652 F.3d 355 (3d Cir. 2011) ............................................................................7, 9, 11

*Slimm v. Bank of Am. Corp.,*
    2013 WL 1867035 (D.N.J. May 2, 2013) .............................................................11

*State College Area Sch. Dist. v. Royal Bank of Can.,*
    825 F. Supp. 2d 573 (M.D. Pa. 2011) ..................................................................13

*Vassalotti v. Wells Fargo Bank, N.A.,*
    815 F. Supp. 2d 856 (E.D. Pa. 2011) ................................................................9, 10

*Warth v. Seldin,*
    422 U.S. 490 (1975) ...............................................................................................18

*Washington v. CSC Credit Servs. Inc.*,
    199 F.3d 263 (5th Cir. 2000) ..................................................16

*Weiss v. Regal Collections*,
    385 F.3d 337 (3d Cir. 2004)..................................................16

*White v. Trans Union, LLC*,
    462 F. Supp. 2d 1079 (C.D. Cal. 2006) .............................. 14-15

*Young v. Harbor Motor Works, Inc.*,
    2009 WL 187793 (N.D. Ind. Jan. 27, 2009) .......................... 15-16

## STATUTES

11 U.S.C. § 524 ....................................................................5, 12

15 U.S.C. § 1681i(a)(2) ........................................................7, 8

15 U.S.C. § 1681o .................................................................6, 18

15 U.S.C. § 1681n .................................................................6, 17

15 U.S.C. § 1681s-2(a) ...................................................1, 7, 10, 11

15 U.S.C. § 1681s-2(b) ........................................................ passim

FCRA § 1681s-2(c) and (d) ...........................................................11

## OTHER AUTHORITIES

U.S. Const. Art. III ...............................................................18

Fed. R. Civ. P. 12(b)(1)........................................................6, 18

Fed. R. Civ. P. 12(b)(6)........................................................5, 13

16 C.F.R. 600 app. § 607(b)(3)(F)(6) .............................................14

Gregory M. Duhl, *Divided Loyalties: The Attorney's Role In Bankruptcy Affirmations*, 84
    AM. BANKR. L. J. 361, 394 n.174 (Fall 2010) ..........................14

National Consumer Law Center, CONSUMER BANKRUPTCY LAW & PRACTICE App. 1419
    (App. K.3) (10th ed. 2012)............................................14

**INTRODUCTION**

Plaintiffs' First Amended Complaint ("Amended Complaint") is the fourth attempt for a subset of the plaintiffs in this case to plead the same claim for violations of the Fair Credit Reporting Act ("FCRA"). Specifically, many of the same plaintiffs here were parties to a prior lawsuit (Case No. 13-cv-05138). In that case, Citi filed two motions to dismiss. In response to the first motion to dismiss, Plaintiffs amended their complaint. In response to the second motion to dismiss, Plaintiffs voluntarily dismissed their amended complaint and later joined additional plaintiffs in bringing the above-captioned lawsuit. The defendants here then moved to dismiss the complaint, and Plaintiffs filed an amended complaint. Like the deficiencies in the original and amended complaints in the prior action and the original complaint in the instant action, the entire Amended Complaint rests on the contention that Citi and the other defendants purportedly violated FCRA by allegedly failing to report the Plaintiffs' bankruptcy-discharged mortgage debt as "current". Instead, defendants reported the debt as having a zero balance. The Amended Complaint should be dismissed for at least the following reasons.

First, Plaintiffs' claim that Citi allegedly violated § 1681s-2 of the FCRA fails because Plaintiffs have not sufficiently alleged a prima facie case of a violation of § 1681s-2(b), and because Plaintiffs' claims sound in § 1681s-2(a), which does not provide Plaintiffs with a private right of action. Second, Plaintiffs are unable to seek injunctive relief and they have failed to adequately plead damages under the FCRA. Finally, all Plaintiffs, except for Theresa and Paul Duffin and Thomas and Sarah Kennedy, lack standing to sue Citi in this action. As Plaintiffs have now had four opportunities to bring their FCRA claim, any future amendment would be futile. Citi therefore respectfully requests that the Amended Complaint be dismissed with prejudice.

## SUMMARY OF PLAINTIFFS' ALLEGATIONS[1]

Each Plaintiff alleges that he or she has a residential mortgage loan with at least one or more of the Defendants. Am. Compl. ¶ 39. Only the Duffins and the Kennedys have alleged debt with Citi. The Horsches, Jacksons, Rhiannon Lindmar, Paula Milbourne, Vilma Collier, Troy Adams, and the Saltzmans have no relationship whatsoever with Citi.

## A.      Theresa and Paul Duffin.

Plaintiffs Theresa Duffin and Paul Duffin allegedly have a "second mortgage" on their residence with Citi. *Id.* ¶ 39(d). The Duffins' primary mortgage is allegedly with Wells Fargo. *Id.* ¶ 39(a). On October 29, 2010, Theresa Duffin filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Pennsylvania; Paul Duffin allegedly did not file for bankruptcy. *Id.* ¶¶ 17-18, 36(d), 38. The Bankruptcy Court discharged all of Theresa Duffin's debt, including her mortgage debt with Citi, on March 1, 2011, and "CitiFinancial" was purportedly aware of the bankruptcy filing and discharge. *Id.* ¶ 17. Theresa Duffin did not reaffirm the debt. *Id.* ¶¶ 76, 80. The Duffins allege they have maintained a current payment status on their mortgage with Citi. *Id.* ¶¶ 40, 70.

The Duffins assert that Citi has reported to credit reporting agencies ("CRAs") that Theresa Duffin was in bankruptcy, that Theresa Duffin's debt had been discharged, and that the purported outstanding balance on the Duffins' mortgage loan was $0.00. *Id.* ¶ 54(a)-(e). In an effort to modify this credit reporting, the Amended Complaint alleges that the Duffins directly contacted "Citifinancial" and requested that it issue accurate reports. *Id.* ¶ 49(c). Attached to the Amended Complaint as Exhibit E is: (1) a letter to Theresa Duffin from TransUnion dated April 22, 2014, which notes that as a result of its investigation of her dispute, her accounts with Citi

---

[1] For purposes of this Motion, Citi is forced to treat Plaintiffs' factual allegations as true. Citi, however, expressly denies all of Plaintiffs' claims. In addition, Citi reserves its arguments regarding the appropriateness of class certification, which is not presently before this Court.

and Wells Fargo were deleted; (2) a letter to Theresa Duffin from Equifax dated April 24, 2013, which lists as a result of the investigation into her Citi account that "account included in bankruptcy does not report any late payments" and that the account was "Bankruptcy Discharged"; and (3) a letter to Paul Duffin from Equifax dated March 20, 2014, which contains information relating to an investigation of his Wells Fargo account. *Id.* Ex. E.

According to Plaintiffs, Citi "received the notices of dispute, performed reasonable investigations, and reported the results to the CRAs, which in turn, notified the respective Plaintiffs." *Id*. at ¶ 79. Plaintiffs allege that Citi continues to report a zero balance on Theresa Duffin's Citi debt, and Theresa Duffin's Citi debt has been deleted from her TransUnion report. *Id.* ¶ 68(c). The Duffins therefore aver that Citi has allegedly refused to comply with the Duffins' request to report their mortgage status as "current" to the CRAs. *Id.* ¶ 49(c).

## B.      Thomas and Sarah Kennedy.

Plaintiffs Thomas Kennedy and Sarah Kennedy allegedly have a second mortgage with "CitiFinancial." *Id.* ¶ 26, 39(d). The Kennedys' primary mortgage is allegedly with Bank of America. *Id.* ¶ 39(e). On November 5, 2008, the Kennedys filed for Chapter 7 bankruptcy with the United States Bankruptcy Court for the Eastern District of Pennsylvania. *Id.* ¶ 36(h). The Bankruptcy Court discharged the Kennedy's mortgage debt with Citi on February 5, 2009, and "CitiFinancial" was purportedly aware of the bankruptcy filing and discharge. *Id.* ¶¶ 26, 36(h). The Kennedys did not reaffirm the debt. *Id.* ¶¶ 76, 80. The Kennedys allege that they have maintained a current payment status. *Id*. ¶¶ 40, 70.

The Kennedys assert that Citi has reported to CRAs that the Kennedys were in bankruptcy, that their debt had been discharged, and that the purported outstanding balance on their mortgage loan was $0.00. *Id.* ¶ 54(a)-(e). In response, the Amended Complaint asserts that the Kennedys mailed correspondence to TransUnion, Experian, and Equifax contesting the

reports allegedly provided by Bank of America and "Citifinancial," and requesting an investigation and correction of the respective credit reports. *Id.* ¶ 62; Ex. B.

The Amended Complaint alleges that TransUnion purportedly deleted any reference in its reporting to either the Kennedys' Bank of America or "CitiFinancial" mortgages. *Id.* ¶ 68(i). The Amended Complaint further alleges that Defendants "failed" and "refused" to report the Kennedys' mortgage debt in the manner they desired. *Id.* ¶ 83. In addition, the Amended Complaint alleges that the Kennedys directly requested that Citi report the loan as current. *Id.* ¶ 49(h) and Exs. B, I. According to the Kennedys, Citi allegedly refused to report their mortgage status as requested. *Id.* ¶ 49(h).

The Duffins and the Kennedys allege that Citi's purportedly "false and inaccurate reporting" was "intentional and willful" and that their credit scores allegedly "are significantly lower than they would be if Defendants" reported the alleged current status of mortgage payments. *Id.* ¶¶ 42, 47, 92, 94. Plaintiffs allege that that they have purportedly suffered "much greater difficulty in achieving credit from prospective lenders, and the like," they have "suffered a higher interest rate" and they have been "unable to re-establish credit." *Id.* ¶ 43, 45, 46, 95, 96. Plaintiffs seek compensatory damages, statutory damages, costs and fees including attorneys' and experts' fees, and injunctive relief enjoining Defendants from "conducting such violative activity in the future and report to the CRAs the current monthly mortgage payments and payment history of Plaintiffs." *Id.* ¶ 119. As discussed below, these allegations fail to state a claim.

## PROCEDURAL HISTORY

On September 3, 2013, certain Plaintiffs including Theresa and Paul Duffin filed a two-count putative class action in this Court against Wells Fargo and Citi. *Horsch v. Wells Fargo Home Mortgage*, No. 13-cv-5138 (E.D. Pa. filed Sept. 3, 2013). The complaint alleged

violations of the FCRA and the discharge injunction of the Bankruptcy Code, 11 U.S.C. § 524. Both Wells Fargo and Citi moved to dismiss the complaint, on October 29, 2013 and November 11, 2013 respectively. Rather than respond to the pending motions, Plaintiffs filed an amended six-count complaint on November 25, 2013, again alleging violations of the FCRA and discharge injunction and adding claims for "unfair and deceptive trade practices" under both Pennsylvania and New Jersey law and for breach of the implied covenant of good faith and fair dealing and defamation under Pennsylvania law. Wells Fargo and Citi again moved to dismiss the complaint on January 7, 2014, and Plaintiffs responded by voluntarily dismissing the action on January 28, 2014.

Almost four months later, on May 8, 2014, Plaintiffs, which include the seven Plaintiffs from the earlier action plus eight additional individuals, filed a five-count putative class action against Wells Fargo, Citi, and four additional Defendants. Dkt. No. 1. The complaint included claims for a purported violation of the FCRA, an alleged violation of the discharge injunction, a purported violation of the automatic stay of the Bankruptcy Code, breach of the implied covenant of the duty of good faith and fair dealing, and defamation. *See id.* On July 28, 2014, all six defendants separately moved to dismiss the Complaint for failure to state a claim. Once again, in lieu of responding to the motions to dismiss, Plaintiffs filed an amended complaint on September 2, 2014.

## ARGUMENT

### I.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief can be granted." Although a complaint need not contain detailed factual allegations, a plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice."). "A claim has facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, under the 12(b)(6) standard, a "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Imhoff v. Disalle*, 2014 WL 3055367, at *2 (W.D. Pa. July 3, 2014) (citation omitted) (unpublished cases attached at Exhibit A). The court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint, and the court does not need to accept legal conclusions set forth as factual allegations. *Id.* As established below, Plaintiffs have not met the 12(b)(6) standard.

In addition, under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim, and the plaintiff bears the burden of persuading the Court that subject matter jurisdiction exists. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). Here, as discussed below, while the Duffins and the Kennedys allege a relationship with Citi, all other Plaintiffs do not. Accordingly, they lack standing to sue Citi, and their claims against Citi should be dismissed.

## II.     The Amended Complaint Fails To State A Claim That Citi Violated The FCRA.

"The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, imposes duties on consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies." *Donohue v. C. Blosenski Disposal Co.*, 2006 WL 3423888, at *1 (E.D. Pa. Nov. 28, 2006). Plaintiffs allege that Citi is a furnisher of information. Am. Compl. ¶ 103. Plaintiffs further allege that Citi purportedly willfully violated the FCRA by allegedly incorrectly reporting information regarding the Duffins' and Kennedys' mortgages. *See, e.g., id* ¶¶ 105-06.

Plaintiffs also allege that the alleged FCRA violations were negligent and/or willful, and Plaintiffs seek compensatory and punitive damages pursuant to 15 U.S.C. § 1681n and § 1681o. *Id*. ¶ 107-10. As demonstrated below, Plaintiffs' FCRA claim fails for multiple reasons: (1) Plaintiffs have not adequately alleged that Citi violated § 1681s-2(b); (2) § 1681s-2(a) of the FCRA does not create a private right of action; (3) Citi's reporting was accurate; and (4) the Amended Complaint fails to sufficiently allege FCRA damages.

### A. Plaintiffs Have Not Adequately Pled a Violation of § 1681s-2(b).

Although the FCRA authorizes consumers to bring suit for damages caused by a furnisher's negligent or willful breach of its duties to consumers under § 1681s-2(b), private causes of action against furnishers are "not without limitations." *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). In particular, a furnisher's duties under FCRA § 1681s-2(b) do not arise until a CRA both timely advises the furnisher that a consumer disputes the credit information and gives the furnisher "all relevant information regarding the dispute that the agency has received from the consumer." 15 U.S.C. § 1681s-2(b)(1); *id.* § 1681i(a)(2)(A). Under § 1681s-2(b), a furnisher must, upon notice of a dispute from a CRA, among other things, "conduct an investigation with respect to the disputed information," "review all relevant information provided by the [CRA]," and "report the results of the investigation to the [CRA]." 15 U.S.C. § 1681s-2(b). A furnisher can only be liable for failing to conduct a reasonable investigation after a consumer alerts the CRA of disputed information and the agency informs the furnisher of the dispute. *See* 15 U.S.C. § 1681i(a)(2); *see also SimmsParris*, 652 F.3d at 359.

To state a claim under the FCRA then, a plaintiff must, at minimum, allege that: (i) he or she notified a CRA of the dispute; (ii) the CRA then notified the furnisher of information; and (iii) the furnisher of information failed to reasonably investigate or rectify the charge if found

inaccurate. *Beisel v. ABN Ambro Mortgage, Inc.*, 2007 WL 2332494, at *1 (E.D. Pa. Aug.10, 2007). Absent allegations of fraud, identity theft, or other issues not identifiable from the face of its records, the furnisher need not do more than verify that the reported information is consistent with the information in its records. *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 609 (E.D. Pa. 2008). The Amended Complaint's § 1681s-2(b) claim fails because (1) there are no allegations that Paul Duffin notified any CRA about a reporting dispute with Citi; and (2) the Amended Complaint does not allege that Citi failed to conduct a reasonable investigation regarding the Duffins' and Kennedys' disputes.

### 1. No Allegations That Paul Duffin Notified A CRA Of A Dispute.

Plaintiffs have not adequately alleged that Citi received notice to trigger FCRA liability with regard to Paul Duffin. At best, Amended Complaint ¶ 56 alleges that certain Plaintiffs, including Paul Duffin, "notified the respective credit reporting agency that the respective Plaintiffs contested the reports provided by Wells Fargo, the furnisher of the information, requesting an investigation and correction of the payment history set forth on the respective credit reports." But this allegation does not reference any contact by Paul Duffin to a CRA regarding his Citi debt. Further, none of the Exhibits attached to the Amended Complaint supports any inference that Paul Duffin wrote to a CRA about a debt held with Citi.

A "furnisher of information is under no duty to conduct an investigation regarding a disputed entry on a consumer's credit report pursuant to § 1681s-2(b) until the furnisher receives notice of the dispute from a consumer reporting agency."[2] *Krajewski*, 557 F. Supp. 2d at 609. Because there is no allegation of notice by Paul Duffin to Citi, this FCRA claim must fail.

---

[2] Any Amended Complaint allegations that Paul Duffin directly requested that Citi report his mortgage as current are irrelevant, (Am. Compl. ¶ 49(c), 112), because under § 1681s-2(b), "notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer."

2.     **The Amended Complaint Lacks Allegations That Citi Failed To Conduct A Reasonable Investigation**.

Next, the Amended Complaint does not allege that Citi purportedly failed to conduct a reasonable investigation as required by the FCRA, allegedly failed to respond to the CRAs within the required 30-day period, or otherwise violated the FCRA. *Cf. Vassalotti v. Wells Fargo Bank, N.A.*, 815 F. Supp. 2d 856, 864 (E.D. Pa. 2011) (granting summary judgment on FCRA claim where plaintiff did not show defendant failed to investigate or rectify disputed charge). "[T]he central inquiry when assessing a consumer's claim under § 1681s–2(b) is whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute." *Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 38 (1st Cir. 2010) (citation and quotations omitted). Here, the Amended Complaint admits that Defendants performed the required reasonable investigations. *See*, *e.g.*, Am. Compl. ¶¶ 68, 73, 75, 79. In addition, the Amended Complaint asserts that Theresa Duffin received an "investigative response" containing Citi's findings, *id.* ¶ 68(c), and that the Kennedys received direct correspondence from Citi. The Amended Complaint does not contain any allegations that the investigation was unreasonable or otherwise conducted in violation of the FCRA.[3] *See Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 449 (D.N.J. 2010) (FCRA claim dismissed when it lacked "plausible, good faith factual allegations" that defendants failed to properly respond after receiving notice of fraudulent charges).

---

*SimmsParris*, 652 F.3d at 358; *Beisel*, 2007 WL 2332494, at *1 (dismissing complaint where plaintiff alleged that notice to furnisher came from source other than CRA).

[3] The Complaint alleges that in response to the Kennedys' notification of their dispute with the CRAs, TransUnion deleted reference to their mortgages with Bank of America and Citi. ¶ 75(m). The Kennedys do not allege that any modification to their TransUnion credit report was a result of any allegedly unreasonable or otherwise flawed investigation or response by Citi.

Plaintiffs ask this Court to *infer* that Citi purportedly violated the FCRA by either not conducting an investigation or not timely responding to the CRAs based on Citi's alleged continued inaccurate reporting of the Duffins' and Kennedys' mortgage debt. *See* Am. Compl. ¶ 113 (Citi allegedly "failed and refused to make correct and accurate reports."). This is not sufficient. *See Vassalotti*, 815 F. Supp. 2d at 864 (the continued presence of the disputed notation on credit reports does not prove that defendant failed to investigate the matter). Accordingly, the Amended Complaint fails to allege that Citi violated the FCRA, and Plaintiffs' § 1681s-2(b) claim should be dismissed.

**B.      There Is No Private Right of Action Under Section 1681s-2(a).**

15 U.S.C. § 1681s-2(a) imposes a duty on furnishers of information to CRAs to "provide accurate information." Although Plaintiffs have removed any specific reference to § 1681s-2(a) in this fourth iteration of their FCRA claim, the substance of their claim continues to be that Citi and the other Defendants purportedly failed to provide accurate information regarding their mortgage payment status. *Cf. McCartney v. Windsor, Inc.*, 1996 WL 65471, at *1 n.1 (E.D. Pa. Feb. 14, 1996) (the court has an obligation to look beyond a pleader's characterization of the legal theory on which a particular claim might rest and to assess the factual allegations under any permissible legal theory). As shown above in Section II.A.2, Plaintiffs do not and cannot allege that the Defendants failed to carry out their duties upon notice of a dispute. Plaintiffs admit that the Defendants conducted reasonable investigations and reported back to the CRAs. Instead, Plaintiffs take issue with the continued presence of what they assert to be purportedly inaccurate information on their credit reports. *See, e.g.*, Am. Compl. ¶ 41 ("despite demands therefor, each Defendant has failed and refused to report the favorable current monthly mortgage payment status to the respective [CRAs]"), ¶¶ 49(c), 54(f) ("Of greatest importance to this Amended Complaint is the fact that Defendants have and continue to willfully fail and refuse to report

current mortgage payments being made . . . ."), ¶ 75 (following investigation, "no Defendant agreed that the failure to report the current monthly mortgage payment status is an inaccuracy or incorrect.  This is the nucleus of the lawsuit."), ¶¶ 75(a), 83, 91, 105, 106, 113.

Therefore, even though Plaintiffs style their claim as arising under § 1681s-2(b), it is apparent that Plaintiffs are attempting, again, to bring a § 1681s-2(a) claim, which must fail because § 1681s-2(a) does not provide a private right of action.  Specifically, FCRA § 1681s-2(c) and (d) limit the enforcement of § 1681s-2(a) to federal and state officials and not individual consumers.  *Id.* § 1681s-2(c) ("[S]ections 1681n and 1681o of this title do not apply to any violation of (1) subsection (a) of this section . . . ."); *id.* § 1681s-2(d) ("The provisions of law described in paragraphs (1) through (3) of subsection (c) of this section . . . shall be enforced exclusively . . . by the Federal agencies and officials and the State officials identified in section 1681s of this title.").  Consequently, this Court and others have consistently held that there is no private right of action for alleged violations of § 1681s–2(a).  *See SimmsParris*, 652 F.3d at 358 (FCRA civil liability provisions "cannot be used by a private individual to assert a claim for a violation of § 1681s–2(a), as such claims are available only to the Government"); *Krajewski*, 557 F. Supp. 2d at 608 ("there is no private right of action based on a furnisher's failure to comply with § 1681s–2(a); enforcement of these provisions is left to federal agencies").  Because Plaintiffs "are private entities that bear no relationship to the Government, their claims under this subsection cannot survive."  *Slimm v. Bank of Am. Corp.*, 2013 WL 1867035, at *9 (D.N.J. May 2, 2013).

## C.     Citi's Reports Do Not Violate The FCRA.

In any event, Theresa Duffin's and the Kennedys' claims fail because their allegations do not demonstrate that Citi reported inaccurate information in violation of the FCRA.  *See Schueller v. Wells Fargo & Co.*, 559 F. App'x 733, 737 (10th Cir. 2014) (plaintiff bears the

burden of showing that the information furnished was inaccurate or incomplete). Instead, the Amended Complaint's allegations reflect that Citi reported information about Theresa Duffin's and the Kennedys' mortgage loans in the manner required by the FCRA.

After discharge through bankruptcy, the balance on a mortgage instrument is not reportable as personal debt on a credit report. *See, e.g.*, *Mortimer v. Bank of Am., N.A.*, 2013 WL 57856, at *7 (N.D. Cal. Jan. 3, 2013) ("To avoid presenting a misleading picture, the creditor must also report that the account was discharged through the bankruptcy and the outstanding balance on that account is zero."). In *Johnson v. Home State Bank*, 501 U.S. 78 (1991), the United States Supreme Court explained the impact that a Chapter 7 bankruptcy proceeding has upon a debtor's mortgage loan:

> A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor or creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's *in personam* liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. *See* 3 R. Powell, The Law of Real Property ¶ 467 (1990). A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. See 11 U.S.C. § 727. However, such a discharge extinguishes *only* "the personal liability of the debtor." 11 U.S.C. § 524(a)(1). Codifying the rule of *Long v. Bullard*, 117 U.S. 617, 6 S. Ct. 917, 29 L. Ed. 1004 (1186), the Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.

*Johnson*, 501 U.S. at 82-83 (emphasis in original). The Court thus explained that "a bankruptcy discharge extinguishes only one mode of enforcing a claim – namely an action against the debtor in personam – while leaving intact another–namely, an action against the debtor in rem." *Id.*

This consequence of bankruptcy was explained to both Theresa Duffin and the Kennedys in their bankruptcy proceedings. Theresa Duffin's "Discharge of Debtor" order *explicitly* states that "a creditor may have the right to enforce a valid lien, such as a mortgage . . . against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the

bankruptcy case.  Also, a debtor may voluntarily pay any debt that has been discharged." *In re Duffin*, No. 10-19343 (Bankr. E.D. Pa.) (Dkt. No. 18) (attached as Exhibit B).[4]  The Kennedys' Discharge of Debtor order contains identical language.  *In re Thomas P. Kennedy and Sarah Kennedy*, No. 08-17307 (Bankr. E.D. Pa.) (Dkt. No. 21) (attached as Exhibit C).  Neither Theresa Duffin nor the Kennedys reaffirmed their mortgage loans with Citi in accordance with the Bankruptcy rules and therefore, their personal liability on the their debt was discharged in bankruptcy.[5]  Accordingly, they are not legally obligated to pay the remainder of their mortgage debt, and the payments are voluntary.

Following these events, and even assuming that all well-pleaded facts of the Amended Complaint are true, Citi has accurately and truthfully reported that Theresa Duffin's and the Kennedys' personal liability on their home mortgage loans had been discharged in the Chapter 7 bankruptcy proceeding.   In doing so, Citi followed the industry standard for reporting

---

[4] This Court may consider the bankruptcy court orders for two reasons.  First, the Amended Complaint incorporates by reference the "docket entries of the respective bankruptcies" (Am. Compl. ¶ 37), and second, as a part of the bankruptcy court docket, they are a matter of public record.  *See State College Area Sch. Dist. v. Royal Bank of Can.*, 825 F. Supp. 2d 573, 577-578 (M.D. Pa. 2011) ("In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as 'documents that are attached or submitted with the complaint, . . . and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

[5] As a matter of law and practice, it is too late for Theresa Duffin, the Kennedys, or any of the Plaintiffs to reaffirm their mortgage debt as it would require the debtor to convince the bankruptcy court to vacate the discharge.  *See, e.g., In re Tuan Tan Dinh*, 90 B.R. 743, 745-46 (Bankr. E.D. Pa. 1988) (a motion to vacate discharge can be granted only where there is a strong showing of (1) no unfair prejudice to other interested parties; and (2) lack of culpability of the debtor in allowing the discharge to be entered in error).  Bankruptcy Courts typically do not consider unintended credit reporting effects of a discharged mortgage to constitute the "extenuating circumstances" sufficient to vacate a discharge.  *See, e.g., In re Smith*, 467 B.R. 122 at 126-28 (Bankr. W.D. Mich. 2012) (denying motion to vacate discharge where plaintiffs sought reaffirmation of mortgage to ensure provision of monthly statements and reporting of payments; "Debtors' discomfort and anxiety are simply not good reasons to ignore federal statute").

bankruptcy-discharged debts, particularly the Consumer Data Industry Association's ("CDIA") Metro 2 Format. *Cf. In re Helmes*, 336 B.R. 105, 107 (E.D. Va. 2005) ("The debtor asserts – and the bank agrees – that industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation "Discharged in bankruptcy" and with a zero balance due."). The CDIA's 2013 Credit Reporting Resource Guide advises to "discontinue reporting on the account" that has been discharged in bankruptcy "[a]fter reporting the discharge [consumer information indicator]." CDIA, 2013 Credit Reporting Resource Guide, at 6-17 (2013) (excerpt attached as Exhibit D, full document available at www.cdiaonline.org). *See also* Gregory M. Duhl, *Divided Loyalties: The Attorney's Role In Bankruptcy Affirmations*, 84 AM. BANKR. L. J. 361, 394 n.174 (Fall 2010) ("[M]aking payments on a reaffirmed debt may help rebuild the debtor's credit rating, since payments on the debt are reported to CRAs, whereas *payments on a discharged debt generally are not*.") (quoting Daniel A. Austin & Donald R. Lassman, REAFFIRMATION AGREEMENTS IN CONSUMER BANKRUPTCY CASES (2d ed. 2010)) (emphasis added); National Consumer Law Center, CONSUMER BANKRUPTCY LAW & PRACTICE App. 1419 (App. K.3) (10th ed. 2012) ("Debts discharged in your bankruptcy should be listed on your credit report as having a **zero balance**, meaning you do not ow[e] anything on the debt.") (emphasis in original). The Federal Trade Commission has issued similar guidance. *See* 16 C.F.R. 600 app. § 607(b)(3)(F)(6) ("consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt"). In addition, courts have found that reporting a discharged debt with a zero balance is accurate, and the industry standard requires that furnishers cease reporting on a discharged debt. *Cf. White v. Trans Union, LLC*,

462 F. Supp. 2d 1079, 1082 (C.D. Cal. 2006) (credit reports that do not reflect a bankruptcy discharge are inaccurate).

The information Citi furnished to the CRAs was that Theresa Duffin and the Kennedys are no longer personally liable for their mortgage debt. Plaintiffs do not claim that this is incorrect and, in fact, the Amended Complaint explicitly recognizes that the balance on Theresa Duffin's and the Kennedys' mortgage notes is $0. *See* Am. Compl. ¶¶ 54(c)-(e) & n.7. Thus, that which Plaintiffs seek –"credit reports that show[] that Plaintiffs are making current mortgage payments pursuant to mortgage obligations that exist regardless of discharge of obligations set forth in 'Notes,'" (Am. Compl. ¶ 68(e) n.13) – is, as a matter of law and practice, unavailable to them. What is more, such reporting would be inaccurate, misleading, and contrary to law, and therefire it cannot be the basis of a cognizable cause of action. Therefore, because Citi did not furnish inaccurate or untruthful information to the CRAs, Theresa Duffin's and the Kennedys' FCRA claim fails as a matter of law. *See Chiang*, 595 F.3d at 37 ("The FCRA is intended to protect consumers against the compilation and dissemination of inaccurate credit information" and, therefore, the plaintiff must show factual inaccuracy, rather than the existence of disputed legal questions) (internal quotation marks and citations omitted); *see also Schueller*, 559 F. App'x at 737 (affirming dismissal of FCRA claim where plaintiff did not carry the burden of showing that the information furnished was inaccurate or incomplete).

**D. The Amended Complaint Does Not Allege FCRA Damages**.

Even if Plaintiffs could show that their statutory rights were allegedly violated, which they cannot, their FCRA claim would nonetheless fail because: (i) Plaintiffs are not entitled to equitable relief under the FCRA; and (ii) the Amended Complaint does not adequately allege damages. *See, e.g., Young v. Harbor Motor Works, Inc.*, 2009 WL 187793, at *5 (N.D. Ind. Jan.

27, 2009) (dismissing FCRA claim for failure to allege damages); *Engel v. Scully & Scully, Inc.*, 279 F.R.D. 117, 125-26 (S.D.N.Y. 2011) (same).

### 1. Equitable Relief Is Not Available.

First, a private plaintiff cannot seek equitable, declaratory, or injunctive relief under the FCRA. *See Washington v. CSC Credit Servs. Inc.*, 199 F.3d 263, 268 (5th Cir. 2000) ("the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC"); *see also Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004) (citing *Washington* with approval). Courts in this district, including this Court, have both recognized and followed this principle. *See, e.g., Dicesari v. Asset Acceptance LLC*, 2012 WL 4108944, at *6 (E.D. Pa. Sept. 18, 2012) (granting motion to dismiss claims for injunctive relief under the FDCPA or the FCRA); *Gelman v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2306578, at *9 (E.D. Pa. Aug. 9, 2007) (Yohn, J.) (dismissing claim for injunctive relief under the FCRA "because a claim for declaratory relief would frustrate the FCRA's limitation of injunctive relief"), *aff'd*, 583 F.3d 187 (3d Cir. 2009).

### 2. Plaintiffs Fail To Allege Either Willful Or Negligent Violations Of the FCRA.

The Duffins and Kennedys cite only vague, generic alleged damages: that their credit ratings have allegedly suffered and they have allegedly been unable to re-establish credit, Am. Compl. ¶¶ 42, 43, 45, 46, 94-96, but without any specific examples. An allegedly lower credit score is not of itself actionable. *Young*, 2009 WL 187793, at *5. A "consumer is not injured by an inaccurate credit report unless that false information is communicated to and *acted upon* by a third-party user." *Renninger v. ChexSystems*, 1998 WL 295497, at *6 (N.D. Ill. May 22, 1998)

(emphasis in original) (dismissing FRCA claim). Consequently, absent an allegation that Plaintiffs purportedly have "suffered an injury under the FCRA, [they do] not have standing to pursue a claim on behalf of the putative class." *Jones v. Select Portfolio Servicing, Inc.*, 2008 WL 1820935, at *8 (E.D. Pa. Apr. 22, 2008).

In addition, the alleged conduct does not, and cannot, rise to the high level of "willful noncompliance" required to state such a FCRA claim. Am. Compl. ¶ 107; s*ee* 15 U.S.C. § 1681n; *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007). The Supreme Court explained in *Safeco* that a violation of the FCRA is "willful" only if the defendant knew it was violating the statute, or it acted with "recklessness," meaning that it acted with "an unjustifiably high risk of harm that is either known or so obvious that it should [have] known." *Safeco*, 551 U.S. at 68 (citation omitted). Specifically, *Safeco*'s objective standard requires the court to look to clear statutory language, court of appeals level authority, or other authoritative guidance articulating that the conduct at issue is proscribed. *See Safeco*, 551 U.S. at 69-70.

Here, not only are Plaintiffs' conclusory allegations that Citi's purported action was "knowing" or "willful" not enough to state a claim (*see, e.g., *Am. Compl. ¶ 109), Plaintiffs have failed to even attempt to assert that Citi acted pursuant to an objectively unreasonable interpretation of the FCRA. The FCRA itself does not directly address how mortgage loans should be reported post bankruptcy discharge, and Plaintiffs offer no authority to support their position that payments on their discharged loans should in fact be reported. Moreover, the available agency and industry guidance discussed *supra* contradicts Plaintiffs' position. Thus, Plaintiffs have no grounds to assert that not reporting their status as "current" is an objectively unreasonable interpretation of the FCRA. Accordingly, their claim of a "willful" violation of the FCRA fails as a matter of law.

This same reasoning also serves to defeat Plaintiffs' claim for a negligent violation of the FCRA. In addition, a claim for a negligent violation of the FCRA requires a showing of "actual damages," which, as discussed *supra*, the Duffins and the Kennedys have failed to do. *See* 15 U.S.C. § 1681o. Instead, they list only vague and general conclusions that their credit purportedly has been harmed and that they allegedly have been given higher interest rates, which are insufficient to support their claim. For all of these reasons, Plaintiffs' FCRA claim must be dismissed.

## III. Plaintiffs Other Than The Duffins And The Kennedys Lack Standing To Sue Citi.

Other than Plaintiffs Theresa and Paul Duffin and Thomas and Sarah Kennedy, (Am. Compl. ¶ 39(d)), no Plaintiff has alleged any tie to Citi or alleged that Citi played any role in the reporting of their mortgage loan obligation after discharge in bankruptcy. The Supreme Court has emphasized that a plaintiff must establish standing under Article III of the United States Constitution in order to invoke the subject matter jurisdiction of the federal courts. *See, e.g., FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990); *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In order to establish standing, a plaintiff must demonstrate:

> [f]irst . . . an 'injury in fact'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.' Second . . . a causal connection between the injury and the conduct complained of the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010). The causal connection between the plaintiff's purported injury and each defendant must be sufficiently alleged in the complaint. *Lujan*, 504 U.S. at 561. Without standing, a complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). *See Raines v. Byrd*, 521 U.S. 811, 819 (1997). Only Theresa and Paul Duffin and

Thomas and Sarah Kennedy have alleged that they have been injured by Citi, that Citi was involved in their mortgage loans, or that Citi was involved in reporting the status of those loans to CRAs. As a result, Plaintiffs, other than the Duffins and the Kennedys, lack standing to sue Citi, and their Amended Complaint should be dismissed as to Citi with prejudice in its entirety.

## CONCLUSION

For the foregoing reasons, Defendant CitiMortgage, Inc. respectfully requests that the claims asserted against it be dismissed with prejudice.

Dated: September 26, 2014

Respectfully Submitted,

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

By: /s/ Mark A. Aronchick
Mark A. Aronchick
John S. Stapleton
One Logan Square, 27th Floor
Philadelphia, PA 19103-6993
(215) 568-6200

and

MAYER BROWN

Debra Bogo-Ernst
Lucia Nale
Kim A. Leffert
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600

*Attorneys for Defendant CitiMortgage, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2014, I caused a true and correct copy of the foregoing Defendant CitiMortgage, Inc.'s Motion to Dismiss and supporting Brief to be filed electronically using the Court's Electronic Case Filing system and it is available for viewing and downloading by all counsel of record.

/s/ Mark A. Aronchick
Mark A. Aronchick
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER