## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

KARL PETER HORSCH; KIMBERLY
HORSCH, *H/W*; ALLAN J. JACKSON; EILEEN
JACKSON, *H/W*; THERESA DUFFIN; PAUL
DUFFIN, *H/W*; RHIANNON LINDMAR; PAUL
MILBOURNE; VILMA COLLIER; TROY
ADAMS; THOMAS P. KENNEDY; SARAH
KENNEDY, *H/W*; BRAD SALTZMAN;
REBECCA SALTZMAN, *H/W*,

        Plaintiffs,

    v.

WELLS FARGO HOME MORTGAGE, A
DIVISION OF WELLS FARGO BANK, N.A.;
WELLS FARGO BANK, N.A.;
CITIMORTGAGE, INC. T/A CITIFINANCIAL;
GREENTREE SERVICING, LLC; JP MORGAN
CHASE BANK; BANK OF AMERICA
CORPORATION; BANK OF AMERICA, N.A.;
NATIONSTAR MORTGAGE, LLC,

        Defendants.

Civil Action

No.14-cv-2638-WY

## BANK OF AMERICA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Bank of America, N.A.

("Bank of America") hereby respectfully moves this Court for an Order dismissing with

prejudice the claim asserted against Bank of America in the First Amended Class Action

Complaint, for failure to state a claim upon which relief may be granted. The factual and legal

grounds for this Motion are set forth in the accompanying Memorandum of Law filed

contemporaneously with this Motion, which Memorandum of Law is incorporated by reference.

Dated:  September 26, 2014                    Respectfully submitted,

By:    /s/ Michael J. Agoglia
              Michael J. Agoglia

Marc Durant (PA ID No. 15813)
Durant & Durant LLC
325 Chestnut Street, Suite 1109
Philadelphia, PA 19106
215-592-1818
mdurant@durantlaw.com

Michael J. Agoglia, *admitted pro hac vice*
Angela E. Kleine, *admitted pro hac vice*
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
415-268-7000
MAgoglia@mofo.com
AKleine@mofo.com

Attorneys for Defendants
Bank of America Corporation and
Bank of America, N.A.

**MEMORANDUM OF LAW IN SUPPORT OF**
**BANK OF AMERICA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................ 2

PRIOR PROCEEDINGS ...................................................................................................... 4

LEGAL STANDARD........................................................................................................... 7

ARGUMENT ................................................................................................................... 8

I.  PLAINTIFFS' SOLE REMAINING CLAIM FAILS AS A MATTER OF
    LAW. ............................................................................................................... 8

    A.  Plaintiffs' Admission That the Bank Conducted a Reasonable
        Investigation Defeats Their Claim. ........................................................ 8

    B.  Plaintiffs' Allegations Reflect a Failed Attempt to Plead Around
        the Express Lack of a Private Right of Action Under Section
        1681s-2(a). ..................................................................................... 11

    C.  In Any Event, Plaintiffs Fail to Plead Any Actionable, Inaccurate
        Reporting About the Kennedys' Discharged Mortgage Loan. ............................ 12

II. PLAINTIFFS DO NOT AND CANNOT PLEAD A NEGLIGENT OR
    WILLFUL VIOLATION OF THE FCRA, AS IS REQUIRED TO
    SURVIVE THE MOTION TO DISMISS. ................................................................. 14

    A.  Plaintiffs Cannot Under Any Circumstances Allege a Viable
        Willful Violation of the FCRA. ........................................................... 14

    B.  The Failure to Specify Any Cognizable Injury Prevents Plaintiffs
        from Asserting a Viable Negligence Claim Under the SCRA............................. 16

CONCLUSION.................................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................7

*Ballentine v. United States*,
    486 F.3d 806 (3d Cir. 2007)........................................................................................3

*Barber v. Am.'s Wholesale Lender*,
    289 F.R.D. 364 (M.D. Fla. 2013)................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................7

*Chavez v. Premier Bankcard, LLC*,
    No. 11-cv-01101-LJO GSA,
    2011 U.S. Dist. LEXIS 129251 (E.D. Cal. Nov. 8, 2011).......................................16

*Chiang v. Verizon N.E., Inc.*,
    595 F.3d 26 (1st Cir. 2010)........................................................................................12

*Cortez v. Trans Union, LLC*,
    617 F.3d 688 (3d Cir. 2010)......................................................................................10

*Helmes v. Wachovia Bank (In re Helmes)*,
    336 B.R. 105 (Bankr. E.D. Va. 2005)..................................................................13-14

*Krajewski v. Am. Honda Fin. Corp.*,
    557 F. Supp. 2d 596 (E.D. Pa. 2008) ..................................................................10, 12

*Lohmeyer v. Alvin's Jewelers*,
    365 B.R. 746 (Bankr. N.D. Ohio 2007) ...............................................................6, 13

*Long v. Tommy Hilfiger U.S.A.*,
    671 F.3d 371 (3d Cir. 2012)......................................................................................15

*Mortimer v. Bank of Am., N.A.*,
    No. C-12-01959 JCS, 2013 WL 57856 (N.D. Cal. Jan. 3, 2013) ...................6, 11, 13

*Puller v. Credit Collections USA, Inc. (In re Puller)*,
    No. 05-1881, 2007 Bankr. LEXIS 2017 (Bankr. N.D. W. Va. June 20, 2007) ..................6, 13

*Raines v. Byrd*,
    521 U.S. 811 (1997)......................................................................................................3

*Rosen v. Verizon Pa., LLC*,
    No. 13-1722, 2014 U.S. Dist. LEXIS 40750 (E.D. Pa. Mar. 27, 2014)...................................9

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007)..............................................................................................................14, 15

*Schafer v. Decision One Mortg. Corp.*,
    No. 05-5653, 2009 U.S. Dist. LEXIS 45474 (E.D. Pa. May 29, 2009)...................................3

*SimmsParris v. Countrywide Fin. Corp.*,
    652 F.3d 355 (3d Cir. 2011)..............................................................................................8, 11

*Slimm v. Bank of Am. Corp.*,
    No. 12-5846 (NLH/JS), 2013 U.S. Dist. LEXIS 62849 (D.N.J. May 2, 2013) ........................9

*Torres v. Chase Bank USA, N.A. (In re Torres)*,
    367 B.R. 478 (Bankr. S.D.N.Y. 2007) ...............................................................................6, 13

*Van Veen v. Equifax Info.*,
    844 F. Supp. 2d 599 (E.D. Pa. 2012) ........................................................................10, 12, 14

*Vassalotti v. Wells Fargo Bank, N.A.*,
    815 F. Supp. 2d 856 (E.D. Pa. 2011) ...................................................................................10

*Visendi v. Bank of Am., N.A.*,
    733 F.3d 863 (9th Cir. 2013) ................................................................................................2

*Weaver v. Conrail, Inc.*,
    No. 09-5592, 2010 U.S. Dist. LEXIS 69553 (E.D. Pa. July 12, 2010)....................................3

*Westra v. Credit Control of Pinellas*,
    409 F.3d 825 (7th Cir. 2005) ...............................................................................................10

**STATUTES & REGULATIONS**

11 U.S.C.
    § 362.......................................................................................................................................5
    § 524.......................................................................................................................................4

15 U.S.C.

 § 1681m ..................................................................................................................14

 § 1681n ..................................................................................................................14

 § 1681o ..................................................................................................................16

 § 1681s-2(a) ....................................................................................................*passim*

 § 1681s-2(b) ....................................................................................................*passim*

 § 1681s-2(b)(1) ........................................................................................................9

 § 1681s-2(b)(1)(A) ..............................................................................................9, 12

 § 1681s-2(b)(1)(A-C) .............................................................................................15

 § 1681s-2(b)(1)(B) ...................................................................................................9

 § 1681s-2(b)(1)(C) .................................................................................................12

 § 1681s-2(c) ..........................................................................................................11

 § 1681s-2(d) ..........................................................................................................11

16 C.F.R. 600 app.

 § 607(b)(3)(F)(6) .....................................................................................................6

 § 607(b)(6) (2010) ...............................................................................................6, 13

76 Fed. Reg. 44462, 44463 (July 26, 2011) ...................................................................6

**RULES**

Fed. R. Civ. P.12(b)(6) ................................................................................................7

Fed. R. Evid. 201 ........................................................................................................3

Defendant Bank of America, N.A. ("Bank of America" or the "Bank") respectfully submits that for the reasons outlined below, the claim by plaintiffs Thomas and Sarah Kennedy ("the Kennedys") should be dismissed with prejudice.

## INTRODUCTION

This is the fourth attempt by the core set of plaintiffs and counsel here to plead a viable claim. Though the theories have changed—and all but one has now been abandoned in the face of defendants' successive motions to dismiss—the core allegations remain the same. The plaintiffs all sought bankruptcy protections. In those bankruptcy proceedings, they all obtained a discharge of their mortgage loans which had the effect of entirely eliminating their obligation to pay those debts. None of the plaintiffs chose to reaffirm those mortgage obligations. The bank defendants are alleged to have thereafter stopped reporting to credit reporting agencies ("CRAs") on the mortgage loans, other than to note that they were discharged. The plaintiffs' central theory is that, despite the discharges, the banks should have continued to report on the loans, and to report them as "current," because these plaintiffs allegedly continued to make payments.

This theory, based on the banks' alleged inaccurate reporting, was always pervasively flawed. To start, the reporting was never inaccurate. In fact, the way that Bank of America allegedly reported the Kennedys' discharged loan to CRAs is the only one that is consistent with the undisputed legal status of that debt, and is supported by all decisions to have considered the reporting of post-discharge obligations. Moreover, the prior legal theories suffered additional defects. This was true of the original claim made under the Fair Credit Reporting Act ("FCRA"), the primary statute regulating issues relating to credit reports. The plaintiffs' initial FCRA theory purported to raise the claim under 15 U.S.C. § 1681s-2(a) that the banks should have reported the plaintiffs' mortgage loans as current, but successive motions, including the Bank's

prior motion to dismiss, pointed out that even if the reporting was inaccurate (which it was not), there was no private right of action under section 1681s-2(a) of the FCRA.

Plaintiffs' final attempt to salvage a claim here is to assert a single claim under a different section of the FCRA, 15 U.S.C. § 1681s-2(b). While there is a private right of action for section 1681s-2(b) violations, it appears to have been chosen for that reason alone. Section 1681s-2(b) really has nothing to do with plaintiffs' core allegations. Instead, it simply requires a "furnisher" of credit information, such as the Bank, to conduct a reasonable investigation once a CRA notifies it that the consumer disputed some particular item in her credit report. Plaintiffs themselves allege and admit, however, that Bank of America did indeed conduct a "reasonable investigation" and reported the results of that investigation back to the CRAs. Accordingly, their section 1681s-2(b) claim fails as a matter of law.

Over the past year, plaintiffs have used serial amendments, and a wholesale dismissal and refiling, to avoid this Court's substantive review of their legal theories in the context of substantial (and costly) motions to dismiss. Having brought, at one time or the other, every conceivable legal theory to challenge the accurate reporting regarding discharged mortgage loans, only one fatally flawed claim remains. Bank of America respectfully requests that the First Amended Complaint containing that theory be dismissed with prejudice.

## BACKGROUND

**The Bank of America Loan:** The Kennedys are the only plaintiffs alleged to have a relationship with Bank of America.[1] In December 2004, the Kennedys purchased a property in

---

[1] The first amended complaint is also improper because, like the prior iterations, it attempts to group into a single action unrelated defendants who entered numerous separate transactions with different plaintiffs. (*See, e.g.*, FAC at 36.) Under these circumstances, courts routinely sever actions for misjoinder. *See, e.g.*, *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013) (reversing order denying motion to dismiss for misjoinder in action involving "distinct loan transactions with many different lenders," with "loans . . . secured by separate

Hatboro, Pennsylvania (the "Property"), for $185,000. (First Amended Complaint ("FAC") ¶ 26; ECF No. 43; ECF Nos. 29-3, 29-4, 29-5.) [2] They financed the entire purchase with a $148,000 first mortgage loan (the "Loan") and a $37,000 second mortgage loan (the "Second"). (ECF Nos. 29-3, 29-4.) Plaintiffs allege that Bank of America is the current mortgagee on the Loan, and that Citifinancial ("Citi") is the mortgagee on the Second. (FAC ¶¶ 26, 39.d, e.)

**The Bankruptcy:** The Kennedys jointly filed for bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania on November 5, 2008. (FAC ¶ 36.h; ECF No. 29-6.) They were represented by the same counsel now pursuing this action. (*See id.*) The amount then owing on the Loan was listed as $145,000, and the amount on the Second as $35,000. (ECF No. 29-7 at 6.) The Kennedys also reported $38,000 in unsecured debt, largely from credit cards. (*Id.* at 10.) The Bankruptcy Court granted the Kennedys' request to discharge all of these debts (*see id.*) on February 5, 2009 (ECF No. 29-9; FAC ¶ 36.h). [3] The discharge injunction specifically provided that the Loan and other "debt [was] discharged" and that the

---

properties scattered across the country"); *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013). With the exception of the Kennedys, no other plaintiffs allegedly had any contact with Bank of America, and accordingly, no other plaintiff has Article III standing to assert claims against the Bank. *See Raines v. Byrd*, 521 U.S. 811, 819 (1997); *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). Because the claim here is so pervasively flawed for other reasons, however, Bank of America submits the above motion to dismiss is the most efficient means of resolving this action. Should it be necessary, the Bank will raise the misjoinder and Article III issues at a later stage.

[2] The Bank is citing documents previously filed with its Request for Judicial Notice in Support of its Motion to Dismiss (ECF No. 29-10), including the Kennedys' deed, mortgages, and certain bankruptcy filings. For the reasons explained in that prior filing, the Bank renews its request that the Court take judicial notice of these documents, pursuant to Federal Rule of Evidence 201. *See, e.g.*, *Weaver v. Conrail, Inc.*, No. 09-5592, 2010 U.S. Dist. LEXIS 69553, at *23 (E.D. Pa. July 12, 2010); *Schafer v. Decision One Mortg. Corp.*, No. 05-5653, 2009 U.S. Dist. LEXIS 45474, at *7-8 (E.D. Pa. May 29, 2009); FAC ¶ 37.

[3] The bankruptcy order discharged, among other things, the mortgage debts evidenced by the notes, though the Bank's security interest in the Property remains. (FAC at 26 n.13, 15 n.7; ¶ 54.e.)

Kennedys' "legal obligation to pay [the] debt" was "eliminate[d]."  (ECF No. 29-8.)  The

Kennedys did not seek to reaffirm their mortgage debt in the bankruptcy court.  (*See generally*

ECF Nos. 29-6–29-9.)

**After the Bankruptcy:**  The Kennedys allege that, following their bankruptcy discharge,

Bank of America reported their discharged mortgage loan as having a "0" balance.  (FAC

¶ 59(b).)  The Kennedys allege that they then "requested of [Bank of America] and Citifinancial

that they issue reports to the [Credit Reporting Agencies ("CRAs")] to report accurately the fact

that they have maintained current monthly mortgage payment obligations to [Bank of America]

and Citifinancial, respectively."  (FAC ¶ 49(H).)

Plaintiffs further allege,

> Defendants received the notices of dispute, performed reasonable
> investigations, and reported the results to the CRA's.

(*Id.* ¶ 79.)  For the Kennedys, the FAC states that their "[c]redit reports do not mention either

Bank of America or Citifinancial; therefore, mortgage references have been deleted."  (*Id.*

¶ 68(i).)  Plaintiffs assert that this "[d]eletion is unacceptable."  (*Id.* ¶ 75 n.11.)

## PRIOR PROCEEDINGS

**The First *Horsch* Lawsuit:**  In September 2013, the Horsches, Jacksons, Duffins, and

Ms. Lindmar, represented by the same counsel as in the present action, filed a suit arising from

the same core allegations, against defendants Wells Fargo Home Mortgage and Wells Fargo

Bank, N.A. ("Wells Fargo") and Citi.  Civil Action No. 2:13-cv-05138-WY (E.D. Pa. filed

Sept. 3, 2013).  The plaintiffs asserted claims for violation of (1) the FCRA, 15 U.S.C. § 1681s-

2(a), and (2) their various discharge injunctions under 11 U.S.C. § 524, all arising out of the

same core theory that defendants were obligated to continue to report on the "current" status of

plaintiffs' mortgage loans, despite the loans' having been discharged in bankruptcy.  (*See id.*

ECF No. 1-1.)  The defendants moved to dismiss, pointing out among other things that under well-settled law the reporting was both entirely proper, and that there was no private right of action under section 1681s-2(a) of the FCRA in any event.  (*Id.* ECF Nos. 13, 17.)  The plaintiffs responded not by opposing the motion, but by filing an amended complaint which added claims under various state unfair and deceptive acts and practices ("UDAP") laws, and common law claims for breach of the implied covenant of good faith and fair dealing and defamation.  (*Id.* ECF No. 22.)  The defendants again moved to dismiss.  (*Id.* ECF Nos. 26, 27.)  Shortly before plaintiffs' opposition was due in January 2014, they dismissed the suit.  (*Id.* ECF No. 30.)

**The Present *Horsch* Lawsuit:**  The same set of named plaintiffs, represented by the same counsel, re-filed the present lawsuit on May 8, 2014.  (ECF No. 1 at 1-3, 54.)  They added the Kennedys and other named plaintiffs and additional defendants, including Bank of America. The complaint again alleged (1) violations of the FCRA; (2) violation of plaintiffs' various discharge injunctions, and adding a claim for violation of the automatic stay provisions of 11 U.S.C. § 362; (3) breach of the implied covenant; and (4) defamation.  (*See id.* ¶¶ 16-40, 108-204.)  The crux of plaintiffs' complaint remained the same—that after the bankruptcy courts discharged their mortgage debt, the banks should have nevertheless reported plaintiffs' home loans as "current" because plaintiffs continued making mortgage payments.  (ECF No. 1 at ¶¶ 112-13, 128.)

On July 28, 2014, Bank of America and the other defendants filed detailed motions to dismiss.  They argued that, as a matter of law, the plaintiffs' discharge orders had the effect of entirely eliminating their personal obligation to pay the home loans at issue.  The fact that plaintiffs continued nevertheless to make payments, even after the bankruptcy discharge, does not alter in any way the admitted fact that they owed no money on those loans.  Indeed, had, as plaintiffs suggest, the banks reported those obligations as "current," rather than a "0" balance as

alleged, the banks would have run afoul of the only decisional authority indicating how such reporting is to be handled. Specifically, once a debt has been discharged through bankruptcy, the furnisher may discontinue reporting of that discharged debt. *See* Consumer Data Industry Association ("CDIA"), 2013 Credit Reporting Resource Guide, at 6-17 ("if the bankruptcy has been discharged, discontinue reporting the account"). The Federal Trade Commission,[4] which has had enforcement responsibility for the FCRA, has specifically advised that "[a] consumer report *may* include an account that was discharged in bankruptcy . . . *as long as it reports a zero balance due* to reflect the fact that the consumer is no longer liable for the discharged debt." 16 C.F.R. 600 app. § 607(b)(6) (2010) (emphasis added). While a furnisher may report a discharged debt as long as it is reported as "discharged through the bankruptcy and the outstanding balance on that account is zero," *Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 57856, at *7 (N.D. Cal. Jan. 3, 2013), courts have prohibited the kind of reporting plaintiffs demand here. *See In re Torres*, 367 B.R. at 487-88; *Lohmeyer v. Alvin's Jewelers (In re Lohmeyer)*, 365 B.R. 746, 751 (Bankr. N.D. Ohio 2007); *Puller v. Credit Collections USA, Inc. (In re Puller)*, No. 05-1881, 2007 Bankr. LEXIS 2017, at *10-13 (Bankr. N.D. W. Va. June 20, 2007).

Plaintiffs once again responded to the motions to dismiss not by opposing, but by amending. The First Amended Complaint filed on September 4, 2014, is the *fourth* attempt to plead a viable claim by the core set of plaintiffs and counsel in these matters. The present and

---

[4] The authority of the FTC to issue interpretive guidance was transferred to the Consumer Financial Protection Bureau ("CFPB") in July 2011, pursuant to the Consumer Financial Protection Act of 2010. *See* 76 Fed. Reg. 44462, 44463 (July 26, 2011). But the regulation was in effect for much of the relevant time period and stands as strong persuasive authority. Indeed, one of plaintiffs' previously cited cases quotes it, *Torres v. Chase Bank USA, N.A. (In re Torres)*, 367 B.R. 478, 488 (Bankr. S.D.N.Y. 2007). (ECF No. 1 ¶¶ 145, 179.) The court in *In re Torres* cites "16 C.F.R. 600 app. § 607(b)(3)(F)(6)," but it appears the proper citation should be § 607(b)(6). The CFPB has not yet issued its own interpretative guidance on these FCRA issues.

operative complaint drops all previous causes of action, except the one for violation of 15 U.S.C. § 1681s-2(b).  (FAC at 29-33.)  Even though plaintiffs' theories have shifted somewhat, their claim remains the same—that the banks' credit reporting regarding their discharged mortgage loans is "inaccurate."  (FAC ¶ 79.)  That is, plaintiffs continue to allege that—even though they sought bankruptcy protection, resulting in the full discharge of their mortgage loans, and opted not to reaffirm their mortgage debt in those proceedings—the banks should have continued to report on the status of the discharged mortgages.  (*Id*.)  As discussed in the prior motions to dismiss, and in detail herein, this core theory is, and has always been, wrong as a matter of law. And, as explained below, it is now irrelevant to the sole remaining claim under section 1681s-2(b) of the FCRA, which requires the Bank to conduct a reasonable investigation under certain circumstances.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts demonstrating a plausible claim for relief.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  A claim must "provide the grounds of [the] entitle[ment] to relief," and it "requires more than labels and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

**ARGUMENT**

## I.   PLAINTIFFS' SOLE REMAINING CLAIM FAILS AS A MATTER OF LAW.

Plaintiffs have dropped all claims against Bank of America except a claim under the

FCRA, 15 U.S.C. § 1681s-2(b).  (FAC at 36.)  Section 1681s-2(b) details the duties of a

furnisher to investigate disputed credit reporting after the furnisher receives notice of the dispute

from a CRA.  Plaintiffs *admit*, however, that Bank of America did in fact conduct a "reasonable

investigation," and that the Bank reported the results of that investigation to the CRAs.  (FAC

¶¶ 75, 79.)  This should end the Court's inquiry.  Per their own allegations, plaintiffs have no

claim for failure to reasonably investigate under section 1681s-2(b).

The bulk of the FAC continues to assert factual allegations about alleged "inaccurate"

reporting, but these allegations are legally irrelevant.  They relate to plaintiffs' former claim

under section 1681s-2(a), which plaintiffs have abandoned for good reason, as there is no private

right of action under 2(a).  Plaintiffs' current, fourth complaint should be dismissed with

prejudice.

### A.   Plaintiffs' Admission That the Bank Conducted a Reasonable Investigation Defeats Their Claim.

Plaintiffs' only remaining claim is for an alleged violation of 15 U.S.C. § 1681s-2(b)

(FAC at 36), which "imposes a duty to conduct an investigation into the completeness and

accuracy of the information furnished [to credit reporting agencies] in certain circumstances."

*SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011).  Section 1681s-2(b)

provides as follows:

> After receiving notice . . . of a dispute with regard to the completeness or accuracy of any
> information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency . . . ;
>
> (C) report the results of the investigation to the consumer reporting agency;

(D) <u>if the investigation finds that the information is incomplete or inaccurate, report those results</u> to all other consumer reporting agencies . . . ; and

(E) <u>if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified</u> after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—(i) modify that item of information; (ii) <u>delete that item of information</u>; or (iii) <u>permanently block the reporting of that item</u> of information.

15 U.S.C. § 1681s-2(b)(1) (emphasis added).

"'The statute does not require . . . any data furnisher to take extraordinary means to investigate and discover disputed information but rather calls for a more passive investigation where the data furnisher is determining only that the information provided to it matches the information in its records.'" *Rosen v. Verizon Pa., LLC*, No. 13-1722, 2014 U.S. Dist. LEXIS 40750, at *8-9 (E.D. Pa. Mar. 27, 2014) (quoting *Farren v. RJM Acquisition Funding, LLC*, No. 04-995, 2005 U.S. Dist. LEXIS 15230, at *6 (E.D. Pa. July 26, 2005)).

Here, plaintiffs allege that "Defendants received the notices of dispute, *performed reasonable investigations*, and reported the results to the CRA's." (FAC ¶ 79 (emphasis added); *see also* ¶ 75.) Plaintiffs take issue only with the result of that reasonable investigation, *i.e.*, not changing alleged "inaccurate credit reporting" to reflect "current" payments on a discharged debt. (*Id.* ¶¶ 54(f), 98, 112-114, 117.) These allegations simply do not state a section 1681s-2(b) claim. The Kennedys do not allege that Bank of America failed to conduct a reasonable investigation, § 1681s-2(b)(1)(A), or that the Bank failed to report the results of that investigation to the credit reporting agencies, § 1681s-2(b)(1)(B). In fact, plaintiffs plead the exact opposite. (FAC ¶ 79.) These allegations compel dismissal of plaintiffs' section 1681s-2(b) claim. *See Slimm v. Bank of Am. Corp.*, No. 12-5846 (NLH/JS), 2013 U.S. Dist. LEXIS 62849, at *31-32 (D.N.J. May 2, 2013).

As this Court has explained, "[l]iability pursuant to [section 1681s-2(b)] occurs as a result of an unreasonable investigation, not simply as a result of inaccurate information being reported." *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 608 n.9 (E.D. Pa. 2008); *see also Van Veen v. Equifax Info.*, 844 F. Supp. 2d 599, 605 (E.D. Pa. 2012) ("A furnisher is not required to uncover and correct all inaccuracies on the consumer's credit report. Rather, a furnisher is required to correct only those inaccuracies it discovers during its reasonable investigation."). Where, as here, Bank of America's "investigation was reasonable, it will not be liable pursuant to § 1681s-2(b)." *Krajewski*, 557 F. Supp. 2d at 608 n.9.

For example, in *Vassalotti v. Wells Fargo Bank, N.A.*, a plaintiff alleged that because the notation on her credit report—concerning the alleged inaccurate status of her loan discharged through bankruptcy—remained unchanged after she complained to the CRAs, it "proves that Wells Fargo failed to investigate or refused to correct the mistake." 815 F. Supp. 2d 856, 863-64 (E.D. Pa. 2011). The Court rejected that argument, ruling in the bank's favor because "Vassalotti does not show that Wells Fargo 'failed to investigate or rectify the disputed charge.'" *Id.* at 864 (quoting *Taggart v. Norwest Mortg., Inc.*, No. 09-1281, 2010 WL 114946, at *27 (E.D. Pa. Jan. 11, 2010)).

Here, the outcome is even clearer because plaintiffs explicitly allege that defendants investigated, the investigations were "reasonable," and defendants reported the results of those investigations to the CRAs. (FAC ¶¶ 75, 79.) Because it is undisputed that Bank of America complied with the requirements of section 1681s-2(b), plaintiffs' claim fails as a matter of law and should be dismissed. *See, e.g.*, *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010); *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005); *Krajewski*, 557 F. Supp. 2d at 608 n.9.

**Plaintiffs' Allegations Reflect a Failed Attempt to Plead Around the Express Lack of a Private Right of Action Under Section 1681s-2(a).**

There is a reason why plaintiffs' allegations in the FAC are such a poor fit for their section 1681s-2(b) claim. At bottom, plaintiffs' claim is that the Bank is failing to furnish current and "accurate" information, about plaintiffs' ongoing monthly mortgage payments. In plaintiffs' words, "the all-pervasive issue" is the Bank's "failure and refusal to report favorable credit to the respective credit reporting agency." (FAC ¶ 98; *see also id.* ¶ 54(f) ("Defendants have and continue to willfully fail and refuse to report current mortgage payments being made and the current monthly mortgage payment status of the respective mortgage balance.").) This is not what section 1681s-2(b) is about. As discussed above, section 1681s-2(b) is about furnishers conducting a reasonable investigation and, if factual errors are found, correcting those errors. It provides no basis to challenge (1) the results of an investigation or (2) some alleged failure to report "accurate" information to a CRA.

There is, however, a provision of the FCRA that directly applies to alleged inaccurate credit reporting. That is section 1681s-2(a). Plaintiffs asserted a 1681s-2(a) claim in their previous complaints. As defendants explained in successive motions to dismiss, however, there is no private right of action under section 1681s-2(a); it is instead enforced exclusively by federal and state agencies. *See* 15 U.S.C. § 1681s-2(c); 15 U.S.C. § 1681s-2(d); *SimmsParris*, 652 F.3d at 358 ("such claims are available only to the Government"); *Mortimer*, 2013 WL 57856, at *8 ("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies."). This clear legal road-block apparently prompted plaintiffs to drop their section 1681s-2(a) claim in the FAC.

Instead, plaintiffs now attempt to plead these same alleged facts under the guise of a section 1681s-2(b) claim. But these allegations do not, as a matter of law, support a section

1681s-2(b) claim.  As the Court found in *Krajewski*, plaintiffs' central allegation concerning "the accuracy of the information is largely irrelevant . . . given the absence of a private right of action with respect to § 1681s-2(a)."  557 F. Supp. 2d at 608 n.9.  Plaintiffs' allegations of "inaccurate reporting" do not save their fourth complaint from dismissal.

> **C.      In Any Event, Plaintiffs Fail to Plead Any Actionable, Inaccurate Reporting About the Kennedys' Discharged Mortgage Loan.**

Plaintiffs' factual allegations indicate that the Bank investigated and found that the Kennedys' loan was discharged in bankruptcy, and that the reporting of that discharged debt was discontinued, as consistent with the applicable law.  Thus, plaintiffs' claim fails for at least two additional and independent reasons.

First, even if plaintiffs had not admitted, as they do, that the Bank conducted a reasonable investigation and reported the results to the CRAs, their claim would fail because they cannot make the threshold showing that the Bank found and failed to report any alleged factual inaccuracy in its credit reporting about plaintiffs.  "Significantly, 'a plaintiff's required showing is *factual* inaccuracy rather than the existence of disputed legal questions.'"  *Van Veen*, 844 F. Supp. 2d at 605 (quoting *Chiang v. Verizon N.E., Inc.*, 595 F.3d 26, 38 (1st Cir. 2010)).  "'Furnishers are neither qualified nor obligated to resolve matters that turn on questions that can only be resolved by a court of law.'"  *Id.*  Here, plaintiffs do not allege that the Bank failed to discover the fact of inaccurate credit reporting as a result of an unreasonable investigation, *see* § 1681s-2(b)(1)(A), or that the Bank found a factual error but failed to correct it, *see* § 1681s-2(b)(1)(C).  Instead, they disagree with the Bank's interpretation of governing law, discussed below, which requires the discontinuation of ongoing reporting of a discharged mortgage loan.  Thus, even if plaintiffs were correct—which as discussed below they are not—this could not give rise to a section 1681s-2(b) claim.  *See Van Veen*, 844 F. Supp. 2d at 605; *Chiang*, 595 F.3d

at 38 ("it is difficult to see how a plaintiff could prevail on a claim for damages based on an unreasonable investigation of disputed data without a showing that the disputed information . . . was, in fact, inaccurate" (citation and quotation marks omitted)).  This deficiency further compels dismissal with prejudice of the Kennedys' claim.

Second, the Bank's ultimate legal conclusion alleged by plaintiffs was, as discussed in the prior motion to dismiss and above, entirely correct and consistent with all applicable industry standards and decisional law.  *See* CDIA, 2013 Credit Reporting Resource Guide, at 6-17 ("if the bankruptcy has been discharged, discontinue reporting the account"); 16 C.F.R. 600 app. § 607(b)(6) (2010) ("[a] consumer report *may* include an account that was discharged in bankruptcy . . . *as long as it reports a zero balance due* to reflect the fact that the consumer is no longer liable for the discharged debt.") (emphasis added); *Mortimer*, 2013 WL 57856, at *7; *In re Torres*, 367 B.R. at 487-88; *Lohmeyer v. Alvin's Jewelers (In re Lohmeyer)*, 365 B.R. 746, 751 (Bankr. N.D. Ohio 2007) (allegations that defendant "continued to report the debt as due or intentionally failed to update the report by leaving the erroneous current balance in place" sufficient to withstand motion to dismiss); *see also Puller*, 2007 Bankr. LEXIS 2017, at *10-13.

The Kennedys nevertheless argue that, despite the bankruptcy court's discharge of their mortgage debt, Bank of America must report their monthly mortgage payments as "current." (FAC ¶¶ 49(H), 54(f).)  They allege that their "[c]redit reports do not mention either Bank of America or Citifinancial; therefore, mortgage references have been deleted," and "[d]eletion is unacceptable as it fails to report current monthly mortgage payments."  (*Id.* ¶¶ 81(i), 75 n.11.) But the Kennedys' bankruptcy discharge wiped their mortgage slate clean, and plaintiffs admit they thereafter had no personal obligation to pay that debt.  (*Id.* ¶¶ 3, 54.d n.7.)  Because nothing is due on the mortgage debt once discharged in bankruptcy, a creditor cannot report that debt as "current" without incorrectly implying that the legal obligation to pay still exists, and by the

same token, if plaintiffs were to subsequently decide to stop paying, the Bank could not report

them as late. *See Helmes v. Wachovia Bank (In re Helmes)*, 336 B.R. 105, 107 (Bankr. E.D. Va.

2005). Accordingly, plaintiffs could not show that the alleged investigation response—

discontinuation of reporting on the loan—was improper. Plaintiffs cannot make the requisite

showing that there are "actual inaccuracies that a furnisher's objectively reasonable investigation

would have been able to discover." *Van Veen*, 844 F. Supp. 2d at 605.

## II.    PLAINTIFFS DO NOT AND CANNOT PLEAD A NEGLIGENT OR WILLFUL VIOLATION OF THE FCRA, AS IS REQUIRED TO SURVIVE THE MOTION TO DISMISS.

Plaintiffs' section 1681s-2(b) claim fails for additional reasons. In order to state a

FCRA claim, plaintiffs must adequately plead a willful or negligent violation of the statute. *See*

15 U.S.C. §§ 1681m, 1681n; *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). Plaintiffs,

despite alleging that the Bank's investigation was reasonable and that it reported the results of

that investigation to the CRAs as section 1681s-2(b) requires (FAC ¶ 79), argue that the Bank's

"inaccurate" credit reporting violates the statute. (*Id.* ¶¶ 54(f), 98, 112-14, 117.) This claim fails

as a matter of law for the multiple reasons discussed above. And, in any event, this alleged

conduct does not, and cannot, rise to the level of "negligence" or "willful noncompliance"

required to state such a FCRA claim. *See* 15 U.S.C. § 1681n; *Safeco*, 551 U.S. at 53. Nor have

plaintiffs pled any cognizable legal damages as is required to state a negligent violation claim.

### A.    Plaintiffs Cannot Under Any Circumstances Allege a Viable Willful Violation of the FCRA.

The Supreme Court has explained that a violation of the FCRA is "willful" only if the

defendant knew it was violating the statute, or it acted with "recklessness," *i.e.*, it acted with "an

unjustifiably high risk of harm that is either known or so obvious that it should [have] known."

*Safeco*, 551 U.S. at 68 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). The first step

under the *Safeco* willfulness analysis is to determine whether there has been a violation of an existing FCRA requirement. It is not enough that the defendant's interpretation is later adjudged wrong by a court, the conduct cannot possibly be willful unless the interpretation was "objectively unreasonable." *Id.* The Supreme Court further cautioned that, before making a finding that conduct willfully violated the FCRA, the prescription of that conduct must be clearly articulated in statutory language, appellate authority, or other authoritative guidance. *See id.* at 69-70. Indeed, in *Safeco* itself, the Supreme Court found that, given the "dearth of guidance and the less-than-pellucid statutory text" on the FCRA question at issue, the defendant's "reading was not objectively unreasonable and so [fell] *well short* of raising the 'unjustifiably high risk' of violating the statute necessary" to find willfulness. *Id.* at 70 (emphasis added).

The Third Circuit has faithfully adhered to this *Safeco* guidance. In *Long v. Tommy Hilfiger U.S.A.*, 671 F.3d 371, 377 (3d Cir. 2012), the court affirmed dismissal of willfulness claims because the defendant's interpretation was "not objectively unreasonable"—"there was no guidance from the federal courts of appeal" on the issue, FTC "Business Alerts" were not authoritative guidance, and "subjective bad faith or intent of the defendant is irrelevant when there is an objectively reasonable interpretation of the statute" allowing the conduct.

Here, plaintiffs admit that the Bank did precisely what the statute requires by conducting a reasonable investigation and reporting the results to the CRAs. (FAC ¶ 79; *see* 15 U.S.C. § 1681s-2(b)(1)(A-C).) Plaintiffs' only objection is that the Bank's reasonable investigation did not ultimately result in their credit report being changed to reflect "current" mortgage payments for their discharged debt. But there is nothing in the statute that specifically prohibits the Bank's conduct. Plaintiffs offer no case law, much authority at the circuit court level, to support their position. Indeed, relevant case law requires the opposite, as explained above. There is no basis for plaintiffs' assertion that the failure to change the credit report (to indicate the mortgage

payment status was "current") following a reasonable investigation reflects an objectively unreasonable interpretation of the FCRA.  Accordingly, per *Safeco*, this "willfulness" claim fails as a matter of law.

> **B.  The Failure to Specify Any Cognizable Injury Prevents Plaintiffs from Asserting a Viable Negligence Claim Under the SCRA.**

With respect to plaintiffs' alternative "negligence" theory, their admission that Bank of America performed a reasonable investigation and reported the results to the CRAs—*i.e.*, did precisely what section 1681s-2(b) requires—is dispositive.  Furthermore, to assert a negligence theory, the Kennedys must adequately plead "actual damages."  15 U.S.C. § 1681o.  But plaintiffs assert only general conclusions that "each Plaintiff has suffered either a refusal for credit or has suffered a higher interest rate because of the willful failure of Defendants to report current monthly mortgage payment statuses."[5]  (FAC ¶ 43.)  Leaving aside the question of how a reasonable investigation (and the accurate reporting of a discharged debt) could have possibly materially harmed plaintiffs' credit rating in light of their earlier delinquencies and resulting bankruptcy, plaintiffs' general and conclusory claims fail to state a claim for negligent violation of the FCRA.  *See, e.g.*, *Chavez v. Premier Bankcard, LLC*, No. 11-cv-01101-LJO GSA, 2011 U.S. Dist. LEXIS 129251, at *9-10 (E.D. Cal. Nov. 8, 2011) (recommending dismissal because "other than stating the legal conclusion that Defendants acted negligently and willfully, Plaintiff has not provided any factual basis to support these causes of action").  Because there is no basis alleged to support the conclusion that there was any violation of section 1681s-2(b), let

---

[5] Other similar general and conclusory allegations include:  "Plaintiffs have suffered substantial injury as a result of this pervasive failure and refusal to report current payment statuses to the respective credit reporting agencies, including, but not limited to, the diminution of their respective credit scores," and "Plaintiffs have had much greater difficulty in achieving credit from prospective lenders, and the like, solely as the result of the failure and refusal of the Defendants to properly report current mortgage payment status."  (FAC ¶¶ 92, 95.)

alone a negligent or willful violation, the Kennedys' FCRA claim should be dismissed with prejudice.

## CONCLUSION

This is plaintiffs' fourth attempt to turn what is unquestionably compliant credit reporting regarding discharged debt into a violation of federal law. Their claim, now framed as a violation of section 1681s-2(b) for failure to reasonably investigate, fails as a matter of law. Bank of America respectfully requests that the Court dismiss with prejudice plaintiffs' claim against it.

Dated: September 26, 2014                    Respectfully submitted,

                                             By:  */s/ Michael J. Agoglia*
                                                      Michael J. Agoglia

                                                  Marc Durant (PA ID No. 15813)
                                                  Durant & Durant LLC
                                                  325 Chestnut Street, Suite 1109
                                                  Philadelphia, PA 19106
                                                  215-592-1818
                                                  mdurant@durantlaw.com

                                                  Michael J. Agoglia, *admitted pro hac vice*
                                                  Angela E. Kleine, *admitted pro hac vice*
                                                  Morrison & Foerster LLP
                                                  425 Market Street
                                                  San Francisco, CA 94105
                                                  415-268-7000
                                                  MAgoglia@mofo.com
                                                  AKleine@mofo.com

                                                  Attorneys for Defendants
                                                  Bank of America Corporation and
                                                  Bank of America, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2014, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court, is available for viewing and downloading from the ECF system, and will be served by operation of the Court's electronic filing system (CM/ECF) upon all counsel of record.

/s/ *Michael J. Agoglia*
Michael J. Agoglia

3455247