IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARL PETER HORSCH; KIMBERLY HORSCH, *H/W*; ALLAN J. JACKSON; EILEEN JACKSON, *H/W*; THERESA DUFFIN; PAUL DUFFIN, *H/W*; RHIANNON LINDMAR; PAUL MILBOURNE; VILMA COLLIER; TROY ADAMS; THOMAS P. KENNEDY; SARAH KENNEDY, *H/W*; BRAD SALTZMAN; REBECCA SALTZMAN, *H/W*,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.; WELLS FARGO BANK, N.A.; CITIMORTGAGE, INC. T/A CITIFINANCIAL; GREENTREE SERVICING, LLC; JP MORGAN CHASE BANK; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; NATIONSTAR MORTGAGE, LLC,<br><br>Defendants. | Civil Action<br><br>No. 14-cv-2638-WY |

**BANK OF AMERICA'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Bank of America, N.A. ("Bank of America" or the "Bank") respectfully submits this reply in support of its Motion to Dismiss ("Motion") the claim of plaintiffs Thomas and Sarah Kennedy in their First Amended Complaint ("FAC").

## INTRODUCTION

As Bank of America explained in its Memorandum of Points and Authorities in Support of the Motion ("MPA"), the FAC is the plaintiffs' fourth attempt to plead a viable legal theory. Though they have avoided judicial review of their claims until now, plaintiffs dropped all claims in the face of successive motions to dismiss, except the one alleging a violation of section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"). That claim, however, is as pervasively flawed as those that plaintiffs abandoned. The FAC admits that the Bank satisfied its obligation to conduct a reasonable investigation, which is dispositive of the section 1681s-2(b) claim. And the underlying legal premise of plaintiffs' theories—that creditors must continue to report on debts discharged in bankruptcy—is simply wrong, as numerous courts have held.

In opposition to the Motion, plaintiffs fail to address the central arguments and controlling case law that compel dismissal here. Instead, the opposition substitutes conclusory statements, unsupported by legal authority, and a hodgepodge of new and irrelevant assertions. The opposition serves to confirm that the FCRA claim should be dismissed as a matter of law. Given the numerous opportunities plaintiffs have had to plead a viable claim, Bank of America requests that the FAC be dismissed with prejudice.

## ARGUMENT

**I.  PLAINTIFFS' ADMISSIONS ABOUT THE BANK'S REASONABLE INVESTIGATION ARE DISPOSITIVE OF THEIR FCRA CLAIM.**

Plaintiffs' FCRA claim fails because it is well established that "[l]iability pursuant to [section 1681s-2(b)] occurs as a result of an unreasonable investigation." *Krajewski v. Am.*

*Honda Fin. Corp.*, 557 F. Supp. 2d 596, 608 n.9 (E.D. Pa. 2008); *see also Van Veen v. Equifax Info.*, 844 F. Supp. 2d 599, 605 (E.D. Pa. 2012). The threshold question here, then, is whether, after it received alleged notice from the credit reporting agencies ("CRAs") of plaintiffs' dispute, the Bank conducted a "reasonable" investigation and reported the results to the CRAs. *See id.*; 15 U.S.C. §§ 1681s-2(b)(1)(A), (B).

Consistent with the FAC, plaintiffs' opposition admits that the Bank's investigation was reasonable and that the Bank reported the results of that investigation to the CRAs. (ECF No. 54-3 ("opposition" or "Opp.") at 15 ("Several of the Defendants, after *reasonable* investigation, did determine to 'delete' any reference to the mortgage in any respect." (emphasis added)); FAC ¶¶ 75, 79 ("Defendants received the notices of dispute, performed *reasonable investigations*, and reported the results to the CRA's.") (emphasis added)).) That ends the FCRA inquiry. *See Krajewski*, 557 F. Supp. 2d at 608 n.9 (Where the furnisher's "investigation was reasonable, it will not be liable pursuant to § 1681s-2(b)."). Plaintiffs' sole remaining claim should be dismissed for this reason alone. *See, e.g.*, *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005) ("judgment is proper if the reasonableness of the defendant's procedures is beyond question"); *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 616 (6th Cir. 2012) (cited in Opp. at 24-25 ("A consumer may show a violation of an information furnisher's duty under § 168ls-2(b)(l)(A) by showing that the furnisher's investigation was not reasonable.")).

Plaintiffs do not dispute that the question of whether there was a reasonable investigation is controlling, or that their admission of that fact requires dismissal of their complaint as a matter of law. In fact, they make no effort to address any of these issues, or to discuss any of the cases on point addressed in the Bank's MPA. (*See* MPA at 8-10.) Instead, the opposition turns quickly to hyperbole and efforts to distract or confuse by raising issues that are relevant, at best,

only to claims they have already abandoned.[1]

The central focus of the opposition (and the FAC) is the allegation that defendants "willfully failed and refused to report the current monthly mortgage payments to the respective Plaintiff's credit reports." (Opp. at 16, 18 ("The primary issue presented by Plaintiffs is the failure and refusal of the furnishers of credit, Defendants, to (1) report to the CRA's the current monthly mortgage payments made after discharge . . . .").) But that allegation does not support a section 1681s-2(b) claim for failure to reasonably investigate. Unlike the claim plaintiffs previously brought, but then dropped for want of a private right of action under FCRA section 1681s-*2(a)*, section 1681s-*2(b)* does not allow a plaintiff to challenge reporting as simply inaccurate. Instead, section 1681s-2(b) is directed at the separate requirement that furnishers conduct a reasonable investigation once notified of a consumer dispute by a CRA and report the results to the CRA. *See Krajewski*, 557 F. Supp. 2d at 608 n.9 ("the accuracy of the information is largely irrelevant . . . given the absence of a private right of action with respect to § 1681s-2(a)"); (*see also* MPA at 11). Plaintiffs are not permitted to engraft the elements of section 1681s-2(a) onto their section 1681s-2(b) claim, the latter having been chosen apparently only because it provides a private right of action.

## II. PLAINTIFFS ALSO CANNOT SHOW ANY FACTUAL INACCURACY IN THE BANK'S ALLEGED REPORTING ON THE DISCHARGED LOAN.

Even if plaintiffs had not admitted that the Bank conducted a reasonable investigation and reported its results to the CRAs, as section 1681s-2(b) requires, plaintiffs' claim would still fail. Plaintiffs cannot make the threshold showing that the Bank failed to report on an alleged

---

[1] For example, while admitting that they dropped their bankruptcy code claim, plaintiffs nevertheless discuss reaffirmation of discharged debt and argue that there "is case law to the extent that such behavior may be a violation of the United States Bankruptcy Code. . . ." (Opp. at 22.) These issues are irrelevant because "Plaintiffs have decided to pursue this cause of action utilizing the FCRA." (*Id.*)

*factual* inaccuracy about the Kennedys' credit information. (MPA at 12-13); *Van Veen*, 844 F. Supp. 2d at 605 ("a plaintiff's required showing is factual inaccuracy rather than the existence of disputed legal questions" (quotation marks omitted)). Plaintiffs are, instead, arguing a disputed legal question, which is not actionable. (*See id.*) The opposition effectively concedes this point by failing to respond to it in any way. The FAC should be dismissed for this additional and independent reason.

Moreover, plaintiffs have offered no authority to challenge even the *legal* propriety of the Bank's alleged failure to continue reporting on their loan to the CRAs once plaintiffs obtained the requested discharge of that debt in bankruptcy. There is no dispute that the affirmative protection that the bankruptcy discharge conferred means that plaintiffs have no legal obligation to repay that loan. The alleged reporting protocol the Bank (and the other defendants) used is entirely correct and consistent with all applicable decisional law, regulatory guidance, and industry standards. (*See* MPA at 13-14); CDIA, 2013 Credit Reporting Resource Guide, at 6-17 ("if the bankruptcy has been discharged, discontinue reporting the account"); 16 C.F.R. 600 app. § 607(b)(6) (2010) ("[a] consumer report may include an account that was discharged in bankruptcy . . . as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt").[2]

Plaintiffs simply assert, without any legal citation, that "[t]here is no question that the subject credit reports are patently, knowingly, intentionally 'patently incorrect'," and "[r]eporting such positive information can in no manner be construed as violating the

---

[2] *See also, e.g.*, *Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 57856, at *7 (N.D. Cal. Jan. 3, 2013) (a furnisher may report a discharged debt as long as it is reported as "discharged through the bankruptcy and the outstanding balance on that account is zero"); *Torres v. Chase Bank USA, N.A. (In re Torres)*, 367 B.R. 478, 487-88 (Bankr. S.D.N.Y. 2007); *Puller v. Credit Collections USA, Inc. (In re Puller)*, No. 05-1881, 2007 Bankr. LEXIS 2017, at *10-13 (Bankr. N.D. W.Va. June 20, 2007).

Bankruptcy Court Discharge Injunction." (Opp. at 23.) These statements ignore the voluminous legal authority directly contradicting their claim here, including two cases that plaintiffs themselves cite in opposition—*Mortimer* and *In re Puller*. (*See* Opp. at 19, 22; MPA at 6, 11, 13 (discussing *Mortimer* and *In re Puller*).)

Plaintiffs insist that, despite the bankruptcy discharge, the debts must be reported as "current" because "the mortgage balance was not '$0': the balance on the Note was '$0', but the amount due on the mortgage instrument, was the respective mortgage balance that was reportable prior to bankruptcy, less payments made during bankruptcy and thereafter." (Opp. at 10.) This misses the point. Even plaintiffs admit that, once the mortgage debt was discharged in bankruptcy as they requested, they thereafter had absolutely no obligation to pay that loan. (FAC ¶¶ 3, 54.d n.7.) Their attempts to conflate the Note, which evidences the loan and its terms for repayment, and the Mortgage, by which plaintiffs pledged the property as collateral, are unavailing. The "amount due" is governed by the Note, and by plaintiffs' own reckoning, that amount is "$0." The fact that, even after the bankruptcy discharge, the Bank retained the right to enforce the Mortgage by seizing the collateral itself (and not by demanding repayment of the loan) is irrelevant. That may have provided some ongoing incentive to continue to pay on the discharged loan, but it does not revive a legal obligation to pay that the discharge erased. The conclusion of every court to have addressed this question (*see* MPA at 13-14) is that a creditor cannot permissibly report on a discharged mortgage loan because to do so would convey inaccurately that the legal obligation to pay still exists. *See also Helmes v. Wachovia Bank (In re Helmes)*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005). That conclusion is also unaffected by whether the borrowers are paying or not paying post-discharge. Reporting either way improperly implies that the legal obligation to pay still exists. There is, as a matter of law, no debt owed and so no basis on which to report. *Id.*

5

In passing, plaintiffs also offer a new assertion that the "furnisher Defendants have failed and refused to acknowledge through the CRA's that there is a dispute." (Opp. at 20.) Plaintiffs did not allege such a claim in the FAC, but in any event, this argument fails for three additional reasons. First, as discussed above, this is a legal question (one that the courts have decided uniformly in the defendants' favor), and not a factual one. Second, as plaintiffs' citation explains, it is "the failure to report a *bona fide* dispute . . . that gives rise to a furnisher's liability" for such a claim, not simply the failure "to report a meritless dispute." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (emphasis added). There is no bona fide dispute here—the Bank's reporting is consistent with all applicable industry, legal, and regulatory authority. (*See* MPA at 13-14.) And finally, even if there were a bona fide dispute and the information disputed "is found to be inaccurate or incomplete or cannot be verified after any reinvestigation," the statute provides that the furnisher may "*delete* that item of information [or] *permanently block* the reporting of that item of information." 15 U.S.C. § 1681s-2(b)(1) (emphasis added). Thus, in any event, Bank of America's alleged deletion of the loan or failure to report on it would comply with the statute. Plaintiffs cannot state such a claim, and their FCRA claim should be dismissed.

## III. PLAINTIFFS' DISCUSSION OF A "WILLFUL" VIOLATION CLAIM IGNORES THE CONTROLLING LEGAL STANDARD UNDER *SAFECO*.

The Bank has explained that plaintiffs have not met, and are unable to meet, the rigorous standard for alleging a willful FCRA violation that the Supreme Court articulated in *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007). More specifically, plaintiffs are incapable of adequately alleging that the Bank's conduct involved not just an incorrect interpretation of the FCRA, but one that is "objectively unreasonable." (*See* MPA at 14-16.) Indeed, as the opposition fails to rebut, there is nothing in the statute that specifically prohibits the Bank's conduct. Plaintiffs

offer no case law to support their position, and the relevant case law requires the opposite approach to reporting on discharged loans. (*Id.* at 15.) In fact, plaintiffs ignore the *Safeco* analysis entirely. Instead, they rely on wishful and conclusory assertions such as: "There is no question as to whether the refusal by Defendants is intentional. It is!" (Opp. at 23.) Plaintiffs' willfulness claim, which remains unsupportable as a matter of law, should be dismissed with prejudice for these independent reasons.[3]

## IV.  THE COURT SHOULD NOT PERMIT YET ANOTHER OPPORTUNITY TO AMEND.

The FAC represents the fourth attempt by the core set of plaintiffs and counsel here to plead a viable claim. They have failed to do so. Having finally responded to a motion to dismiss in this case, it is even more apparent that plaintiffs cannot state a viable claim for relief under the FCRA. Plaintiffs fail to address the Bank's arguments and legal authority in any meaningful or substantive way. Plaintiffs also concede the central facts governing the remaining FCRA claim. For good and now obvious reasons, plaintiffs offer nothing to suggest that a further amendment would be anything other than another futile, but costly, perpetuation of this ill-conceived litigation.

Accordingly, the Bank respectfully requests that the Court dismiss plaintiffs' claim against it with prejudice.

---

[3] In the MPA, the Bank explained why plaintiffs' independent "negligent violation" claim, 15 U.S.C. § 1681n, fails as a matter of law, including because plaintiffs failed to plead any negligent violation of the statute, or any "actual damages" as the FCRA requires. (MPA at 13-16.) In opposition, plaintiffs admit that "'negligent' reporting is clearly not the issue" and merely repeat conclusory allegations of vague and unspecified damages. (Opp. at 6-7, 14, 17.)

Dated: October 20, 2014

Respectfully submitted,

By:   */s/ Michael J. Agoglia*
      Michael J. Agoglia

Marc Durant (PA ID No. 15813)
Durant & Durant LLC
325 Chestnut Street, Suite 1109
Philadelphia, PA 19106
215-592-1818
mdurant@durantlaw.com

Michael J. Agoglia, *admitted pro hac vice*
Angela E. Kleine, *admitted pro hac vice*
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
415-268-7000
MAgoglia@mofo.com
AKleine@mofo.com

Attorneys for Defendants
Bank of America Corporation and
Bank of America, N.A.

# CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2014, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court, is available for viewing and downloading from the ECF system, and will be served by operation of the Court's electronic filing system (CM/ECF) upon all counsel of record.

                                            /s/ *Michael J. Agoglia*
                                                    Michael J. Agoglia

3468781