THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARL PETER HORSCH and<br>KIMBERLY HORSCH, H/W, et al.<br><br>Plaintiffs,<br>v.<br><br>WELLS FARGO HOME MORTGAGE, A<br>DIVISION OF WELLS FARGO BANK, N.A.<br>AND WELLS FARGO BANK, N.A., et al.<br>HAMPTON DIRECT, INC.<br><br>Defendants. | : Civil Action No. 2:14-CV-02638-WY<br>:<br>: CLASS ACTION |

**REPLY BRIEF OF DEFENDANT GREEN TREE SERVICING LLC
IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Martin C. Bryce, Jr.
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103
215.864.8238

Attorneys for Defendant
Green Tree Servicing LLC

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION. ................................................................................................... 1

II. ARGUMENT. ........................................................................................................ 1

    A.    Plaintiff Effectively Concedes That The Crux Of Her Case Is Contrary To Well-Settled Bankruptcy Law........................................................................ 1

    B.    Ms. Collier Fails To State A Claim For Violation Of 15 U.S.C. § 1681s-2(b) As She Cannot Demonstrate That There Was Anything Inaccurate With Respect To Green Tree's Credit Reporting. ................................................. 2

III. CONCLUSION. ..................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Chiang v. Verizon New England, Inc.,*
   595 F.3d 26 (1st Cir. 2010) ................................................................................................2

*Dvorak v. AMC Mortg. Services, Inc.,*
   No. 06-5072, 2007 WL 4207220 (E.D. Wash. Nov. 26, 2007) ...........................................3

*Gorman v. Wolpoff & Abramson,*
   584 F.3d 1147 (9th Cir. 2009). ............................................................................................4

*In re Helmes,*
   336 B.R. 105 (Bankr. E.D. Va. 2005) .................................................................................3

*In re Lopez,*
   345 F.3d 701 (9th Cir.2003) ................................................................................................3

*Johnson v. Home State Bank,*
   501 U.S. 78 (1991) ..............................................................................................................2

*Mortimer v. Bank of Am., N.A.,*
   No. C-12-01959 JCS, No. C–12–01959, 2013 WL 57856 (N.D. Cal. Jan. 3, 2013) ..........3

*Schueller v. Wells Fargo & Co.,*
   559 Fed.Appx. 733 (10th Cir. 2014) ...............................................................................4, 5

*Van Veen v. Equifax Information,*
   844 F. Supp.2d 599 (E.D. Pa. 2012) ................................................................................2, 5

**FEDERAL STATUTES**

11 U.S.C. § 524(c) ......................................................................................................................3

11 U.S.C. § 524(f) ......................................................................................................................2

15 U.S.C. § 1681s-2(b) ..............................................................................................................2

FCRA ..........................................................................................................................................1

I.  INTRODUCTION.

While Plaintiff Collier's Response to Green Tree's Motion to Dismiss ("Plaintiff's Response") contains much rhetoric, it is short on substance. What substance there is only reaffirms the inescapable conclusion that Green Tree's Motion to Dismiss should be granted in all respects.[1]

Ms. Collier's FCRA claim fails as a matter of law because Green Tree's credit reporting is accurate as she is no longer personally liable to Green Tree as a result of her bankruptcy. Plaintiff does not dispute – nor could she – that her bankruptcy and her failure to enter into any reaffirmation agreement with Green Tree relieved her of any and all personal liability on her Loan. Thus, she recognizes that while Green Tree can foreclose if she ceases to make payments, it cannot seek to hold her personally liable. *See* Plaintiff's Response at 5. Critically, she utterly fails to explain how or why Green Tree should be required to credit report her monthly mortgage payments given her lack of personal liability with respect to the same. Not surprisingly, she also fails to distinguish any of the cases cited by Green Tree which establish as a matter of law that it had no such obligation and its credit reporting is accurate.

Accordingly, and as more particularly set forth below, the First Amended Complaint fails to state any legally-viable claim against Green Tree and should be dismissed with prejudice.

II.  ARGUMENT.

    **A.  Plaintiff Effectively Concedes That The Crux Of Her Case Is Contrary To Well-Settled Bankruptcy Law.**

Plaintiff does not dispute that the crux of her case is that notwithstanding the fact that she obtained a discharge in bankruptcy and, consequently, cannot be held personally liable on her

---

[1] Capitalized terms in this Reply Brief have the same meanings as capitalized terms in Green Tree's Motion.

Loan, Green Tree should have reported not that the Loan had a $0 balance but that she was current on her obligation. *See, e.g.*, Am. Compl. at ¶¶ 40-41; Response at 4-6. Plaintiff's contention – which if accepted would also necessarily require Green Tree to report Plaintiff as in default or delinquent if she missed a payment – flies in the face of well-settled law.

As explained in Green Tree's opening brief, there is no question that "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely an action against the debtor in personam—while leaving intact another—namely, an action against the debtor in rem." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). While the Bankruptcy Code permits a debtor to voluntarily pay any debt that has been discharged, it does not turn said debt into a personal obligation. *See* 11 U.S.C. § 524(f).

Plaintiff does not dispute these salient points nor the fact that while Green Tree can commence a foreclosure to enforce the Mortgage it cannot seek to hold Ms. Collier personally responsible and cannot seek to do so through its credit reporting. This well-settled law, which is in fact beyond challenge, is ultimately fatal to Plaintiff's claims here.

### B. Ms. Collier Fails To State A Claim For Violation Of 15 U.S.C. § 1681s-2(b) As She Cannot Demonstrate That There Was Anything Inaccurate With Respect To Green Tree's Credit Reporting.

Plaintiff does not and cannot dispute that in order to state a claim against Green Tree she must demonstrate an inaccuracy in its credit reporting. *See, e.g., Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 29 (1st Cir. 2010); *Van Veen v. Equifax Information*, 844 F. Supp.2d 599, 605 (E.D. Pa. 2012). She, in fact, concedes that point. *See* Plaintiff's Response at 19-20. However, try as she might, she cannot establish any inaccuracy. As near as can be discerned from Plaintiff's Response, she contends that because she maintained a current payment status,

Green Tree's credit reporting should have reflected the same. *See* Plaintiff's Response at 2, 18.[2] Plaintiff's contention that Green Tree's reporting is inaccurate because it does not report the current status of her Loan is untenable in light of the aforementioned well-settled bankruptcy law.

As undisputed by Ms. Collier, her bankruptcy discharged her from any personal obligation on her Loan. *See* Am. Compl. at n. 7. Consequently, Green Tree could not and did not report her personal obligation on her Loan. Therefore, Green Tree's reporting that the Loan had a $0 balance is in fact accurate as a number of courts have concluded in similar cases. *See, e.g., Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, No. C–12–01959, 2013 WL 57856, at *7 (N.D. Cal. Jan. 3, 2013) (accurate for the account to be reported as "discharged through the bankruptcy and the outstanding balance on that account is zero."); *In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (when considering what reporting on a mortgage loan was appropriate following a discharge, the court agreed that the account was discharged in bankruptcy, had a zero balance, explaining succinctly, "[n]othing is now due."); *Dvorak v. AMC Mortg. Services, Inc.*, No. 06-5072, 2007 WL 4207220 (E.D. Wash. Nov. 26, 2007) (concluding that credit reporting including fact that loan discharged in bankruptcy and had a zero balance not false or inaccurate: "Plaintiffs' mortgage loan was discharged in bankruptcy because although Plaintiffs may have intended to reaffirm that loan, they did not reaffirm it per the procedures specified in the U.S. Bankruptcy Code, 11 U.S.C. § 524(c). Debts which are not reaffirmed are discharged in bankruptcy if they are listed on the bankruptcy petition. *In re Lopez*, 345 F.3d 701,

---

[2] Certain Plaintiffs – whose loans are not serviced by Green Tree – also attempt to assert claims with respect to co-borrowers. *See, e.g.,* Plaintiff's Response at 18. Ms. Collier – the only Plaintiff with a loan serviced by Green Tree – does not assert any claims with respect to any co-borrowers so those aspects of the Response and Amended Complaint are irrelevant as to Green Tree.

707-710 (9th Cir.2003). As long as the Plaintiffs continued to make their payments on the mortgage loan, they were entitled to retain their home, despite the non-existence of a reaffirmation agreement. *Id.* at 707. Nevertheless, the mortgage loan had been discharged in bankruptcy and if the Plaintiffs had stopped making payments, the Defendant could not have compelled them to continue making payments, although the Defendant would have been entitled to its collateral (the home).").

Indeed, the Tenth Circuit recently reached this precise conclusion in *Schueller v. Wells Fargo & Co.*, 559 Fed.Appx. 733, 737 (10th Cir. 2014) when affirming the dismissal of a claim virtually identical to Plaintiff's claim: "Mr. Schueller has cited no authority requiring Wells Fargo to report his post-bankruptcy mortgage payments. Under these circumstances, we conclude that Mr. Schueller has not carried his burden of showing that the information Wells Fargo furnished was inaccurate or incomplete, nor has he shown that the information about his home loan debt and bankruptcy was materially misleading."

Plaintiff has not and cannot cite a shred of authority supporting her contention that Green Tree should have been reporting the current status of her Loan despite her discharge in bankruptcy. This is not surprising because no such authority exists. Plaintiff has not and cannot demonstrate that Green Tree's credit reporting was in any way inaccurate or misleading given the undisputed fact that she was discharged from any personal obligation with respect to her Loan.

Finally, Plaintiff's new contention that Green Tree should have reported its credit reporting as "in dispute" fails for the same reasons. *See* Plaintiff's Response at 6. There is no

duty to report a meritless dispute. *See, e.g., Gorman v. Wolpoff & Abramson,* 584 F.3d 1147, 1163 (9th Cir. 2009); *Van Veen,* 844 F. Supp.2d at 606.³

### III. CONCLUSION.

For the above-stated reasons, as well as those stated in Green Tree's opening brief, defendant Green Tree respectfully requests that this Court dismiss the First Amended Complaint with prejudice.

Respectfully submitted,

Dated: October 21, 2014

/s/ Martin C. Bryce, Jr.
Martin C. Bryce, Jr., Esq. (ID No. 59409)
bryce@ballardspahr.com
BALLARD SPAHR, LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500

*Counsel for Defendant Green Tree Servicing LLC*

---

³ As explained in Green Tree's opening brief, Plaintiff also failed to allege any facts demonstrating that Green Tree failed to conduct a reasonable investigation upon being informed of a dispute by a credit bureau. Indeed, she alleged the contrary. *See* Am. Compl. at ¶ 73. Plaintiff has not refuted that point in her Response but the Court need not reach the issue as Plaintiff has not demonstrated the first prerequisite for her claim – inaccurate credit reporting.

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2014 a true and correct copy of the foregoing **REPLY BRIEF OF DEFENDANT GREEN TREE SERVICING LLC'S IN FURTHER SUPPORT OF ITS MOTION TO DISMISS** thereof was electronically filed with the Clerk of this Court using the CM/ECF system, which will electronically mail notice to the following attorneys of record:

**STUART A. EISENBERG**
MCCULLOUGH EISENBERG LLC
WARMINSTER CORP CENTER
65 WEST STREET ROAD SUITE A-105
WARMINSTER, PA 18974
mlawoffice@aol.com
*Counsel for Plaintiffs*

**JUSTIN DRINKWINE**
MORGAN LEWIS & BOCKIUS
1701 MARKET ST
PHILADELPHIA, PA 19103
215-963-5239
jdrinkwine@morganlewis.com
*Counsel for Defendant JP Morgan Chase Bank*

**DIANE A. BETTINO**
**MARK S. MELODIA**
REED SMITH LLP
PRINCETON FORRESTAL VILLAGE
136 MAIN ST., STE 250
PRINCETON, NJ 08540
dbettino@reedsmith.com
mmelodia@reedsmith.com
*Counsel for Defendants Nationstar Mortgage, LLC, Wells Fargo Bank, N.A., Wells Fargo Home Mortgage*

**KURT F. GWYNNE**
REED SMITH LLP
1201 MARKET STREET
SUITE 1500
WILMINGTON, DE 19801
kgwynne@reedsmith.com
*Counsel for Defendants Nationstar Mortgage, LLC, Wells Fargo Bank, N.A., Wells Fargo Home Mortgage*

**MARC DURANT**
DURANT & DURANT
325 CHESTNUT STREET
SUITE 1116
PHILADELPHIA, PA 19106
mdurant@durantlaw.com
*Counsel for Defendants Bank of America Corporation,
Bank of America, N.A.*

**ANGELA E. KLEINE**
**MICHAEL J. AGOGLIA**
MORRISON & FOERSTER LLP
425 MARKET ST
SAN FRANCISCO, CA 94105
magoglia@mofo.com

**DEBRA BOGO-ERNST**
**KIM A. LEFFERT**
MAYER BROWN LLP
71 SOUTH WACKER DR
CHICAGO, IL 60606-4637
312-701-7403
Email: dernst@mayerbrown.com
      kleffert@mayerbrown.com
*Counsel for Defendant Citimortgage, Inc.*

**JOHN S. STAPLETON**
**MARK A. ARONCHICK**
HANGLEY ARONCHICK SEGAL AND PUDLIN
ONE LOGAN SQUARE
27TH FLOOR
PHILADELPHIA, PA 19103
215-496-7048
Email: jstapleton@hangley.com
      maronchick@hangley.com
*Counsel for Defendant Citimortgage, Inc.*

                                        s/ Martin C. Bryce, Jr.
                                        Martin C. Bryce, Jr.