UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARL PETER HORSCH, KIMBERLY HORSCH, ALLAN J. JACKSON, EILEEN JACKSON, THERESA DUFFIN, PAUL DUFFIN, RHIANNON LINDMAR, PAULA MILBOURNE, VILMA COLLIER, TROY ADAMS, THOMAS P. KENNEDY, SARAH KENNEDY, BRAD SALTZMAN, and REBECCA SALTZMAN on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.; WELLS FARGO BANK, N.A.; CITIMORTGAGE, INC. T/A CITIFINANCIAL; GREENTREE SERVICING, LLC; JP MORGAN CHASE BANK; BANK OF AMERICA CORPORATION; BANK OF AMERICA N.A.; and NATIONSTAR MORTGAGE, LLC, <br><br> Defendants. | No. 2:14-cv-02638 <br><br> William H. Yohn, Jr. <br> United States District Judge |

**REPLY IN SUPPORT OF DEFENDANT CITIMORTGAGE, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT <u>WITH PREJUDICE</u>**

As CitiMortgage, Inc. ("Citi") states in its Motion to Dismiss the First Amended Complaint and memorandum in support ("Motion") (Dkt. No. 46), Plaintiffs' FCRA claim fails for multiple reasons: (1) Plaintiffs have not adequately alleged that Citi violated § 1681s-2(b); (2) § 1681s-2(a) of the FCRA does not create a private right of action; (3) Citi's reporting was accurate; and (4) the First Amended Complaint ("Amended Complaint") fails to sufficiently allege FCRA damages. Motion, p. 7. As set forth below, Plaintiffs' Response to Citi's Motion ("Response") either fails to address the arguments set forth in Citi's brief or responds in an unsupported manner. Accordingly, Citi's Motion to Dismiss should be granted.

## I. Plaintiffs Have Not Alleged A Violation of § 1681s-2(b).

To state a claim under §1681s-2(b), Plaintiffs must set forth a legal violation of the FCRA. *See*, Motion, pp 7–8. To date, and through four iterations of their complaint, Plaintiffs have failed to do so, relying instead only on the conclusion that the lack of reporting on payments made on their discharged mortgage debts is allegedly improper. *See,* Response, p. 20. The Amended Complaint's § 1681s-2(b) claim fails because: (1) there are no allegations that Paul Duffin notified any credit reporting agency ("CRA") about a reporting dispute with Citi; and (2) the Amended Complaint does not allege that Citi failed to conduct a reasonable investigation regarding the Duffins' and Kennedys' disputes. *See,* Motion, pp. 8-9.

As an initial matter, Plaintiffs' Response fails to address Citi's arguments that the Amended Complaint does not allege sufficient notice to a CRA by Paul Duffin of a reporting dispute with Citi. A court may treat a motion to dismiss, or portion of a motion, as unopposed if the nonmoving party fails to respond to the movant's arguments. *Sube v. City of Allentown*, 974 F. Supp. 2d 754, 768 (E.D. Pa. 2013); *see also Fox v. Am. Airlines, Inc.*, 2003 WL 21854800, at *2 (D.D.C. Aug. 5, 2003) ("When a plaintiff files a response to a motion to dismiss but fails to

1

address certain arguments made by the defendant, the court may treat those arguments as conceded."), *aff'd*, 389 F.3d 1291 (D.C. Cir. 2004); *Carraway v. Borough of Wilkinsburg*, 2009 WL 2981955, at *2 (W.D. Pa. Sept. 11, 2009) ("The Court 'may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.'") (citations omitted) (unpublished cases attached hereto as Exhibit A).

In addition, as noted in the Motion at pages 9-10, the Amended Complaint does not contain any allegations that the investigation was unreasonable or otherwise conducted in violation of the FCRA. *See Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 449 (D.N.J. 2010) (FCRA claim dismissed when it lacked "plausible, good faith factual allegations" that defendants failed to properly respond after receiving notice of fraudulent charges). In response, the most that Plaintiffs assert is that the credit reporting agencies were not instructed to mark the accounts as "disputed." Response, p. 20. However, Plaintiffs' reliance on *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009) undermines their claim that Citi purportedly failed to comply with the FCRA. In that case, the Ninth Circuit found that "a furnisher does not report 'incomplete or inaccurate' information within the meaning of § 1681s–2(b) simply by failing to report a meritless dispute . . . . It is the failure to report a *bona fide dispute*, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s–2(b)." *Id.* at 1163 (emphasis added). Here, as stated below at pages 3-4 and in the Motion at pages 11-15, Citi's reporting did not violate the FCRA. Accordingly, there is no bona fide dispute over how Citi should report Theresa Duffin's or the Kennedys' discharged debts, and therefore Citi was under no obligation to report to any CRA that these debts were "disputed."

## II. There Is No Private Right of Action Under Section 1681s-2(a).

In addition, Plaintiffs do not refute to Citi's argument (Motion, pp. 10-11) that the FCRA claim sounds in 15 U.S.C. § 1681s-2(a) rather than 2(b), and therefore should be dismissed. § 1681s-2(a) does not afford Plaintiffs a private right of action. *See, e.g.*, *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 608 (E.D. Pa. 2008) ("there is no private right of action based on a furnisher's failure to comply with § 1681s–2(a); enforcement of these provisions is left to federal agencies"). Indeed, Plaintiffs' Response asserts that the "primary issue presented by Plaintiffs is the failure and refusal of the furnishers of credit, Defendants, to: (1) report to the CRAs the current monthly mortgage payments made after discharge and pursuant to the existing mortgages;" and (2) to do the same with the non-debtor spouses. Response, p. 18. Accordingly, for the reasons discussed in Citi's Motion at pages 10-11, even though Plaintiffs style their claim as arising under § 1681s-2(b), it is apparent that Plaintiffs are attempting to bring a § 1681s-2(a) claim. This fails because § 1681s-2(a) does not provide a private right of action. Accordingly, Plaintiffs' FCRA claim should be dismissed.

## III. Citi's Reports Do Not Violate The FCRA.

Without supported allegations or legal authority upon which to base their claim, Plaintiffs assert that the Defendants' alleged reporting was inaccurate and "unfair." For example, Plaintiffs assert that they have maintained "current payments on their respective mortgages for from four years to seven years [but] still cannot achieve a favorable credit report. Regardless of any argument to the contrary, the FCRA *raison d'être* cannot stand for such an unfair, discriminatory and unjust conclusion to Plaintiffs maintaining their current mortgage obligations for years." Response, p. 21. Further Plaintiffs claim that the "[d]eletion [of payment history] is

the equivalent of denying the existence and current mortgage payment status of mortgages, and, therefore, constitutes lack of truth." Response, p. 20.

However, Plaintiffs fail to cite any authority supporting their position. Indeed, the sparse authority cited in the Response leads to the opposite conclusion. Response, p. 20. As stated in the Motion at pages 11–15, after discharge through bankruptcy, the balance on a mortgage instrument is not reportable as personal debt on a credit report. *See, e.g.*, *Mortimer v. Bank of Am., N.A.*, 2013 WL 57856, at *7 (N.D. Cal. Jan. 3, 2013) ("To avoid presenting a misleading picture, the creditor must also report that the account was discharged through the bankruptcy and the outstanding balance on that account is zero."). Thus, even assuming that all well-pleaded facts of the Amended Complaint are true, Citi has accurately and truthfully reported that Theresa Duffin's and the Kennedys' personal liability on their home mortgage loans had been discharged in the Chapter 7 bankruptcy proceeding. In doing so, Citi followed the industry standard for reporting bankruptcy-discharged debts, particularly the Consumer Data Industry Association's ("CDIA") Metro 2 Format. *Cf. In re Helmes*, 336 B.R. 105, 107 (E.D. Va. 2005) ("The debtor asserts – and the bank agrees – that industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation 'Discharged in bankruptcy' and with a zero balance due."). Plaintiffs admit that Defendants are following the industry standing by reporting in this fashion, (Response, p. 26), but they do not and cannot assert that this reporting is improper or illegal. At best, they assert that the information reported to the credit reporting agencies is "disparate from the monthly statements provided by Defendants." *Id.*

Thus, as stated in Citi's Motion (p. 15), that which Plaintiffs seek –"credit reports that show[] that Plaintiffs are making current mortgage payments pursuant to mortgage obligations that exist regardless of discharge of obligations set forth in 'Notes,'" (Am. Compl. ¶ 68(e) n.13)

4

– is, as a matter of law and practice, unavailable to them. Moreover, such reporting would be inaccurate, misleading, and contrary to law, and therefore it cannot be the basis of a cognizable cause of action. *Mortimer*, 2013 WL 57856 at *7; *cf. In re Helmes,* 336 B.R. at 107. Therefore, because Citi did not furnish inaccurate or untruthful information to the CRAs, Theresa Duffin's and the Kennedys' FCRA claim fails as a matter of law.

IV. **The Amended Complaint Does Not Allege FCRA Damages.**

Finally, Plaintiffs failed to support their argument that they are entitled to injunctive relief and/or damages. As stated in the Motion at pages 16–17, the alleged conduct does not, and cannot, rise to the high level of "willful noncompliance" required to state such a FCRA claim. Am. Compl. ¶ 107; s*ee* 15 U.S.C. § 1681n; *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007). The Supreme Court explained in *Safeco* that a violation of the FCRA is "willful" only if the defendant knew it was violating the statute, or it acted with "recklessness," meaning that it acted with "an unjustifiably high risk of harm that is either known or so obvious that it should [have] known." *Safeco*, 551 U.S. at 68 (citation omitted).

Plaintiffs attempt to support their position by asserting that "[t]here is absolutely no question that the intentional failure to not report the current and recurrent monthly mortgage payment statuses of both sets of mortgagors . . . has been and will continue to be of great adverse impact upon Plaintiffs . . ." (Response, p. 18), and that "[t]here is no question as to whether the refusal [to change reports to the CRAs] is intentional. It is!"[1] Response, p. 23. However, as stated above at pp. 3-5 and in the Motion on page 17, Plaintiffs offer no legal authority to refute Citi's position that reporting their status as "current" is an objectively reasonable interpretation

---

[1] Plaintiffs' Response appears to reassert some of claims for violation of the bankruptcy injunction, see Response, pp. 22-23, that Plaintiffs dropped when they filed the Amended Complaint. The Court should disregard allegations of a purported violation 11 U.S.C. § 524 as those claims are no longer at issue in this case.

5

of the FCRA. Accordingly, their claim of a "willful" violation of the FCRA fails as a matter of law.

### V. Plaintiffs Other Than The Duffins And The Kennedys Lack Standing To Sue Citi.

Finally, Plaintiffs fail to address Citi's argument at pages 18-19 of the Motion that other than Plaintiffs Theresa and Paul Duffin and Thomas and Sarah Kennedy, (Am. Compl. ¶ 39(d)), no Plaintiff has alleged any tie to Citi or alleged that Citi played any role in the reporting of their mortgage loan obligation after discharge in bankruptcy. Thus, Plaintiffs, other than the Duffins and the Kennedys, lack standing to sue Citi, and their Amended Complaint should be dismissed as to Citi with prejudice in its entirety. *See Raines v. Byrd*, 521 U.S. 811, 819 (1997).

### CONCLUSION

Accordingly, for the foregoing reasons, and those stated in its Motion, Defendant CitiMortgage, Inc. respectfully requests that the claims asserted against it be dismissed with prejudice. Further, Defendant requests that this Court deny any additional amendment of Plaintiffs' Amended Complaint, as any such amendment would be futile.

Dated: October 21, 2014

Respectfully Submitted,

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

By: /s/ Mark A. Aronchick
Mark A. Aronchick
John S. Stapleton
One Logan Square, 27th Floor
Philadelphia, PA 19103-6993
(215) 568-6200
maronchick@hangley.com
jstapleton@hangley.com

and

MAYER BROWN

Debra Bogo-Ernst
Lucia Nale
Kim A. Leffert
71 S. Wacker Drive
Chicago, IL 60606
(312) 782-0600
dernst@mayerbrown.com
lnale@mayerbrown.com
kleffert@mayerbrown.com

*Attorneys for Defendant CitiMortgage, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2014, I caused a true and correct copy of the foregoing Defendant CitiMortgage, Inc.'s reply in support of its Motion to Dismiss to be filed electronically using the Court's Electronic Case Filing system and it is available for viewing and downloading by all counsel of record.

/s/ Mark A. Aronchick
Mark A. Aronchick
HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER
