IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KARL PETER HORSCH; KIMBERLY HORSCH, *H/W*; ALLAN J. JACKSON; EILEEN JACKSON, *H/W*; THERESA DUFFIN; PAUL DUFFIN, *H/W*; RHIANNON LINDMAR; PAUL MILBOURNE; VILMA COLLIER; TROY ADAMS; THOMAS P. KENNEDY; SARAH KENNEDY, *H/W*; BRAD SALTZMAN; REBECCA SALTZMAN, *H/W*,

   Plaintiffs,

 v.

WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.; WELLS FARGO BANK, N.A.; CITIMORTGAGE, INC. T/A CITIFINANCIAL; GREENTREE SERVICING, LLC; JP MORGAN CHASE BANK; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; NATIONSTAR MORTGAGE, LLC,

   Defendants.

Civil Action No. 2:14-cv-02638-WY

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1
II. ARGUMENT ........................................................................................................................2
    1. JPMC Performed a Reasonable Investigation and Properly Reported Plaintiffs' Discharged Mortgage Debt.................................................................2
    2. Plaintiffs Cannot Establish that JPMC Violated the FCRA, Much Less Willfully ...........................................................................................................5
    3. Despite Their Latest Amendment, Plaintiffs Fail to Sufficiently Plead that JPMC Received Notice of Plaintiffs' Dispute.........................................................6
    4. Plaintiffs Should Not Be Permitted to Amend the Complaint Yet Again ...............7
III. CONCLUSION .....................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................................5, 6

*Boggio v. USAA Savings Bank*,
    696 F.3d 611 (6th Cir. 2012) ..............................................................................................4

*Farmer v. Brennan*,
    511 U.S. 825 (1994) ............................................................................................................5

*In re Helmes*,
    336 B.R. 105 (E.D. Va. 2005) ............................................................................................3

*In re McKenzie-Gilyard*,
    388 B.R. 474 (Bankr. E.D.N.Y. 2007) ...............................................................................4

*In re Puller*,
    No. 05-1881, 2007 WL 1811209 (Bankr. N.D. W. Va. June 20, 2007)...................................4

*In re Russell*,
    378 B.R. 735 (Bankr. E.D.N.Y. 2007) ...............................................................................4

*Krajewski v. Am. Honda Fin. Corp.*,
    557 F. Supp. 2d 596 (E.D. Pa. 2008)..................................................................................2

*Long v. Tommy Hilfiger U.S.A., Inc.*,
    671 F.3d 371 (3d Cir. 2012) ...............................................................................................5

*Mortimer v. Bank of Am., N.A.*,
    No. C-12-01959-JCS, 2013 WL 57856 (N.D. Cal. Jan. 3, 2013)............................................3

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224, 245 (3d Cir. 2008) .......................................................................................6

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007) ..............................................................................................................5

*Schueller v. Wells Fargo & Co.*,
    559 F. App'x 733 (10th Cir. 2014)...................................................................................3, 4

*Van Veen v. Equifax Info.*,
 844 F. Supp. 2d 599 (E.D. Pa. 2012) .................................................................................2

*Vassalotti v. Wells Fargo Bank, N.A.*,
 815 F. Supp. 2d 856 (E.D. Pa. 2011) .................................................................................3

*Winer Family Trust v. Queen*,
 CIV.A.03-4318, 2005 WL 102936 (E.D. Pa. Jan. 13, 2005) ..............................................7

**STATUTES**

15 U.S.C. § 1681s-2(b) .........................................................................................................passim

**OTHER AUTHORITIES**

*FTC Commentary*, 16 C.F.R. Pt. 600 app. § 607(b)(3)(F)(6) (1990) ...........................................3

Consumer Data Industry Association, *2013 Credit Reporting Resource Guide* (2013) ................4

I.      **INTRODUCTION**

Plaintiffs' "global" Response to Defendants' separate motions to dismiss the First Amended Complaint (Dkt. No. 54-3; "Plaintiffs' Response") fails to respond to the arguments raised by JPMorgan Chase Bank, N.A. ("JPMC") or offer any contrary legal authority.[1] Instead, Plaintiffs' Response amounts to no more than a repetition of the insufficient allegations in their First Amended Complaint (the "Amended Complaint") and the expression of general grievances regarding the "credit industry" and existing reporting standards. (Pls.' Resp. at 3, 6, 11, 17). There simply is no authority – and, despite the lengthy history of this case, Plaintiffs still have cited to none – supporting Plaintiffs' apparent preference that the payments for their bankruptcy-discharged mortgage debt be reported as "current." Indeed, Plaintiffs essentially concede that even the latest version of their complaint fails to adequately allege a colorable claim under section 1681s-2(b) of the Fair Credit Reporting Act ("FCRA"), seeking instead a "free pass" to discovery. (Pls.' Resp. at 6). Plaintiffs repeatedly have conceded that JPMC conducted a reasonable investigation of any purported Credit Reporting Agency ("CRA") inquiry. (Am. Compl. p. 23/¶ 79; *see also* Pls.' Resp. at 15). Further, after the lengthy history of this lawsuit and the most recent amendment of their complaint, Plaintiffs now have abandoned their claim that JPMC acted negligently. (Pls.' Resp. at 6-7). It is, however, clear that Plaintiffs have failed to plead (and cannot plead) any violation of the FCRA, much less a willful one.[2] While Plaintiffs ask the Court that "sane practicality . . . govern" (Pls.' Resp. at 11), the governing law

---

[1] All of the named plaintiffs filed a single, joint response to each of the Defendants' motions to dismiss. (Dkt. Nos. 45, 46, 48, 49, and 50). As used herein, "Plaintiffs" refers to Troy Adams and Paula Milbourne, the only named plaintiffs who purport to assert an FCRA claim against JPMC.

[2] While JPMC reserves all arguments regarding the propriety of class certification as it is premature to do so here, it is notable that Plaintiffs' counsel seemingly concedes that a class action is not the superior method for adjudication of Plaintiffs' "claims." (Pls.' Resp. at n.11).

1

and authority cited by JPMC compels the dismissal with prejudice of the latest iteration of the Complaint.[3]

## II. ARGUMENT

**PLAINTIFFS FAIL TO STATE A VIOLATION OF THE FCRA.**

As set forth in JPMC's Opening Memorandum, Plaintiffs' claim under FCRA section 1681s-2(b) should be dismissed as a matter of law because: (i) JPMC performed a reasonable investigation of the alleged credit inquiry (JPMC Mot. to Dismiss, Dkt. No. 50, at 10-11); (ii) JPMC's reporting was not inaccurate (*id.* at 9-10); (iii) Plaintiffs have failed to allege that JPMC willfully violated the FCRA (*id.* at 12-13); and (iv) Plaintiffs have not adequately alleged that JPMC received notice of the alleged credit dispute. (*Id.* at 15). In their Response, Plaintiffs fail to meaningfully respond to any of those arguments or rebut any of the authority cited by JPMC. Accordingly, the Amended Complaint should be dismissed with prejudice.

### 1. JPMC Performed a Reasonable Investigation and Properly Reported Plaintiffs' Discharged Mortgage Debt.

Plaintiffs repeatedly have acknowledged that JPMC performed a reasonable investigation in response to their alleged credit inquiry, and have cited to no authority to dispute the accuracy of JPMC's reporting of their discharged mortgage debt, which warrants dismissal. (Am. Compl. p. 23/¶ 79; *see also* Pls.' Resp. at 15; JPMC Mot. to Dismiss, at 9, 11).

Section 1681s-2(b) requires furnishers of information, after receiving notice of a dispute from a CRA to conduct a reasonable investigation and to report any inaccurate items of information to the CRA. *Van Veen v. Equifax Info.*, 844 F. Supp. 2d 599, 605 (E.D. Pa. 2012) ("a furnisher is required to correct only those inaccuracies it discovers during its reasonable investigation"); *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 609 (E.D. Pa. 2008)

---

[3] JPMC incorporates by reference the arguments set forth in the reply memoranda filed by the other Defendants to the extent applicable.

2

(providing that furnishers need not do more than verify that the reported information is consistent with the information in its records). Instead, Plaintiffs argue that JPMC should have reported the allegedly current balances of their bankruptcy-discharged mortgages, rather than report them as "zero." (Pls.' Resp. at 6). In support of their position, Plaintiffs ignore the legal authority cited by JPMC, cite to no contrary authority on point, and instead rely on "fairness," the "law of life," and "sane practicality." (Pls.' Resp. at 6, 7, 11).

The governing legal authority, however, is clear, supports JPMC's reporting of Plaintiffs' discharged mortgage debts as "zero," and disposes of Plaintiffs' theory and remaining claim. (JPMC Mot. to Dismiss, at 9-11); *see also Schueller v. Wells Fargo & Co.*, 559 F. App'x 733, 737 (10th Cir. 2014) (holding that it was proper for creditor not to report post-bankruptcy mortgage payments); *Mortimer v. Bank of Am., N.A.*, No. C-12-01959-JCS, 2013 WL 57856, at *7 (N.D. Cal. Jan. 3, 2013) (noting that an account discharged through bankruptcy should be reported to CRAs as showing a zero balance to "avoid presenting a misleading picture");[4] *Vassalotti v. Wells Fargo Bank, N.A.*, 815 F. Supp. 2d 856 (E.D. Pa. 2011) (holding that discharged plaintiffs (who chose to discharge rather than reaffirm mortgage debts) no longer had legal obligations to pay mortgage balances, and therefore the correct way to report mortgage debts was as discharged); *In re Helmes*, 336 B.R. 105, 107 (E.D. Va. 2005) ("The debtor asserts – and the bank agrees – that industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation "Discharged in bankruptcy" and with a zero balance due."); *FTC Commentary*, 16 C.F.R. Pt. 600 app. § 607(b)(3)(F)(6) (1990) ("[a] consumer report may include an account that was discharged in bankruptcy . . . *as long as it reports a zero balance* to reflect the fact that the consumer is no longer liable for the discharged

---

[4] While Plaintiffs cite to *Mortimer* for the elements of Section 1681s-2(b) (Pls.' Resp. at 19-20), they ignore the Court's observation that an account discharged through bankruptcy should be reported to CRAs as showing a zero balance to "avoid presenting a misleading picture." *Mortimer*, 2013 WL 57856, at *7.

3

debt.") (emphasis added); Consumer Data Industry Association, *2013 Credit Reporting Resource Guide*, at p. 6-17 (2013) ("discontinue reporting on the account" that has been discharged in bankruptcy "[a]fter reporting the discharge [consumer information indicator]") (attached as Ex. D to CitiMortgage Mot. to Dismiss, Dkt. No. 46-5).

The only cases cited by Plaintiffs are inapposite. Plaintiffs' references to *In re Russell*, 378 B.R. 735 (Bankr. E.D.N.Y. 2007), *In re McKenzie-Gilyard*, 388 B.R. 474 (Bankr. E.D.N.Y. 2007), and *In re Puller*, No. 05-1881, 2007 WL 1811209 (Bankr. N.D. W. Va. June 20, 2007) (Pls.' Resp. at 22-23) are misplaced, as those cases address alleged Bankruptcy Code violations of discharge injunctions. Plaintiffs allege no Bankruptcy Code violations against JPMC.

Plaintiffs' heavy reliance on *Boggio v. USAA Savings Bank*, 696 F.3d 611 (6th Cir. 2012), also is misplaced. (Pls.' Resp. at 24-26). In *Boggio*, the Sixth Circuit held that summary judgment was inappropriate because genuine issues of material fact existed as to the reasonableness of the creditor's investigation into the disputed information. *Id.* at 620. Here, Plaintiffs repeatedly have conceded that JPMC's investigation was reasonable (Am. Compl. p. 23/¶ 79; *see also* Pls.' Resp. at 15), and nothing in *Boggio* supports the notion that JPMC's reporting of Plaintiffs' discharged mortgage debt as "zero" was in any way inaccurate. Given Plaintiffs' concession regarding the reasonableness of JPMC's investigation, and the undisputed law supporting JPMC's method of reporting of Plaintiffs' discharged mortgage debt, Plaintiffs' Amended Complaint should be dismissed with prejudice.

### 2. Plaintiffs Cannot Establish that JPMC Violated the FCRA, Much Less Willfully.

Plaintiffs' FCRA claim also fails as a matter of law because JPMC's alleged conduct does not and cannot manifest "willful" noncompliance with the FCRA.[5] As detailed in JPMC's Opening Memorandum, a willful violation could only have occurred if JPMC knew it was violating the FCRA, or if it was acting with "recklessness" *i.e.*, "an unjustifiably high risk of harm that is either known or so obvious that it should [have] known" it was violating the FCRA. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53, 68 (2007) (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)); (JPMC Mot. to Dismiss, at 12-13). As long as the defendant's interpretation is not "objectively unreasonable," a claim for a willful violation fails as a matter of law. *Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371, 377-78 (3d Cir. 2012). Plaintiffs have not and cannot meet that standard.

Plaintiffs' Amended Complaint and Response acknowledge that JPMC performed a reasonable investigation and reported the results to the CRA, as required by section 1681s-2(b). (Am. Compl. p. 23/ ¶ 79; *see also* Pls.' Resp. at 15). Further, there is nothing in the FCRA that prohibits JPMC from reporting Plaintiffs' mortgage balances as "zero" and, in fact, the law endorses JPMC's reporting method. (JPMC Mot. to Dismiss, at 9-11). In response, Plaintiffs simply fail to offer any authority to counter JPMC's arguments or to support their position that JPMC acted "willfully." Thus, Plaintiffs' claim that JPMC willfully violated section 1681s-2(b) fails as a matter of law and should be dismissed with prejudice.

---

[5] In their Response, Plaintiffs abandoned their alternative position that JPMC's purported FCRA violation was negligent. (Pls.' Resp. at 6-7) ("the credit reporting by Defendants is so firmly established that 'negligent' reporting is clearly not an issue").

### 3. Despite Their Latest Amendment, Plaintiffs Fail to Sufficiently Plead that JPMC Received Notice of Plaintiffs' Dispute.

Plaintiffs' only claim also fails because they have not alleged sufficient facts to plead the essential elements of a claim under section 1681s-2(b). There is no duty of a furnisher of information to investigate absent notice from a CRA regarding a dispute about the completeness or accuracy of information, and courts considering FCRA claims since *Twombly/Iqbal* have required plaintiffs to plead specific facts that the furnisher of information received notice of a dispute from a CRA. (JPMC Mot. to Dismiss, at 14-15). Plaintiffs' Response fails to identify any specific factual allegation in the Amended Complaint that JPMC received notice of a dispute from the CRAs. Plaintiffs allege only that "[e]ach of the CRAs . . . provided each respective Defendant with the notice of dispute . . . ." (Am. Compl. p. 22/¶ 70). Such group pleading does not satisfy *Twombly*. (JPMC Mot. to Dismiss, at 15).

Further, in apparent recognition of the continuing deficiency of their alleged claim following multiple amendments and rounds of briefing, Plaintiffs now belatedly attempt to reorganize the sequence of litigation by requesting discovery to "elicit the information necessary to confirm the 'notices of dispute . . .'" (Pls.' Resp. at 15). Receipt of notice from the CRAs is an essential element of the claim Plaintiffs seek to assert. (JPMC Mot. to Dismiss, at 14). They have cited no authority that would allow them to "bypass" their ever-present and blatant pleading deficiency and seek discovery prior to alleging a legally-cognizable claim. Plaintiffs' failure to allege specific facts to support the notion that the CRAs notified JPMC of a dispute is fatal to their claim and brings it to a definitive end at the motion to dismiss stage.[6]

---

[6] Plaintiffs' Response not only fails to address JPMC's argument that Ms. Adams is not a proper Plaintiff (JPMC Mot. to Dismiss, at 15-16), but it essentially concedes that she is not by only referring to other debtor-spouse "plaintiffs" and omitting her. (Pls.' Resp. 2-3, n.2, 8-9.) Thus, to the extent she purports to be a plaintiff, her claims should be dismissed as a matter of law.

### 4. Plaintiffs Should Not Be Permitted to Amend the Complaint Yet Again.

Plaintiffs' request to file yet another amended complaint should be denied as futile. (Pls.' Resp. at 26). Despite their already-numerous amendments in this case, the fundamental theory of Plaintiffs' case and how they believe discharged mortgage debt "should be" reported is inherently flawed and runs counter to controlling authority. Given that inescapable fact, and in light of the number of complaints that already have been filed in this case, Plaintiffs' request to amend their Amended Complaint should be denied. *See Winer Family Trust v. Queen*, CIV.A.03-4318, 2005 WL 102936, at *3 (E.D. Pa. Jan. 13, 2005) (denying leave to file second amended complaint because amendment was futile, and stating that "a District Court may deny leave to amend on the grounds that amendment would cause undue delay or prejudice, or that amendment would be futile.")

### III. CONCLUSION

For the foregoing reasons, JPMC respectfully requests that the Court dismiss Plaintiffs' First Amended Complaint with prejudice and grant such other and further relief as is just and proper.

*/s/ Thomas J. Sullivan*

Dated: October 21, 2014

Thomas J. Sullivan (PA Bar No. 88838)
Justin R. Drinkwine (PA Bar No. 309775)
tsullivan@morganlewis.com
jdrinkwine@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5000 (Telephone)
215.963.5001 (Facsimile)

*Attorneys for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21th day of October, 2014, a copy of the foregoing document was filed electronically this day and is available for viewing from the Court's ECF system. Notice of this filing will be sent to all counsel of record via the Court's ECF system.

>*/s/ Justin R. Drinkwine*
>Justin R. Drinkwine