UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARL PETER HORSCH, KIMBERLY HORSCH, ALLAN J. JACKSON, EILEEN JACKSON, THERESA DUFFIN, PAUL DUFFIN, RHIANNON LINDMAR, PAUL MILBOURNE, VILMA COLLIER, TROY ADAMS, THOMAS P. KENNEDY, SARAH KENNEDY, BRAD SALTZMAN, and REBECCA SALTZMAN on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE, CITIMORTGAGE, INC., GREENTREE SERVICING, LLC, JP MORGAN CHASE BANK, BANK OF AMERICA N.A., and NATIONSTAR MORTGAGE, LLC <br><br> Defendants. | NO. 2:14-cv-02638-WY |

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT WELLS FARGO HOME MORTGAGE'S AND DEFENDANT NATIONSTAR MORTGAGE, LLC'S <u>MOTION TO DISMISS CLAIMS WITH PREJUDICE</u>**

# TABLE OF CONTENTS

Page

I. *Seamans* reinforces that the concession that Defendants conducted a reasonable investigation is fatal to Plaintiffs' claims. ...................................................................1

II. *Seamans* does not support Plaintiffs' core claim that Defendants should have reported post-discharge mortgage payments. ...................................................................2

III. *Seamans* does not support Plaintiffs' tangential claim that Defendants failed to note their meritless disputes. ...................................................................4

IV. Conclusion. ...................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Gorman v. Wolpoff & Abramson, LLP,*
  584 F.3d 1147 (9th Cir. 2009) ............................................................................................. 4, 5

*Krajewski v. Am. Honda Fin. Corp.,*
  557 F. Supp. 2d 596 (E.D. Pa. 2008) ........................................................................................ 1

*Levine v. JPMorgan Chase & Co.,*
  No, 13-C-498, ___ F. Supp. 2d. ___, 2014 WL 3353250 (E.D. Wis. July 8,
  2014) .......................................................................................................................................... 5

*Noel v. First Premier Bank,*
  No. 3:12-CV-50, 2012 WL 832992 (M.D. Pa. Mat 12, 2012) ................................................... 4

*Reed v. First Premier Bank,*
  No. 11-4157-KES, 2011 WL 6153100 (D. S.D. Dec. 12, 2011) ................................................ 5

*Seamans v. Temple University,*
  744 F.3d 853 (3d Cir. 2014) ............................................................................................ *passim*

*Van Veen v. Equifax Info.,*
  844 F. Supp. 2d 599 (E.D. Pa. 2012) ..................................................................................... 4, 5

Defendants Wells Fargo Home Mortgage and Nationstar Mortgage, LLC (collectively, "Defendants") file this supplemental brief[1] in response to this Court's January 7, 2015, Order (ECF 62) directing the parties to address "how the decision of the U.S. Court of Appeals for the Third Circuit in *Seamans v. Temple University*, 744 F.3d 853 (3d Cir. 2014), applies to plaintiffs' claims" under Section 1681s-2(b) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). In *Seamans*, the Third Circuit considered intertwined Section 1681s-2(b) claims where the defendant responded to disputes about a student loan by: (a) providing information that allowed the disputed loan to remain on credit reports well beyond the period allowed by either the FCRA or a related federal law; and (b) failing to note the plaintiff's meritorious, bona fide dispute that the decades-old loan should have aged-off of his credit report long ago.

Here, by contrast, Defendants responded to Plaintiffs' disputes by characterizing their post-discharge mortgage accounts in a way completely consistent with the FCRA and the Bankruptcy Code, as well as with the unchallenged guidance of federal courts rejecting the same claims raised by Plaintiffs. Moreover, Plaintiffs have failed (in their collective four complaints) to allege a cognizable theory (much less a meritorious, bona fide argument) that would trigger any duty by Defendants to note their meritless disputes. Therefore, *Seamans* offers nothing that saves Plaintiffs' claims.

I. ***Seamans* reinforces that the concession that Defendants conducted a reasonable investigation is fatal to Plaintiffs' claims.**

As has this Court, *Seamans* recognizes that Section 1681s-2(b) claims – like those asserted by Plaintiffs – fail when the furnishers of information (like Defendants) conduct a "reasonable investigation." *Seamans*, 744 F.3d at 864-66; *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 608-9 (E.D. Pa. 2008) (Yohn, J.). Plaintiffs – with full knowledge that

---

[1] This brief supplements Defendants' Motion to Dismiss Claims with Prejudice (ECF 45), as well as the supporting Memorandum (ECF 45-1) ("Memorandum" or "Memo.") and Reply (ECF 58) ("Reply").

doing so dooms their claims – readily and repeatedly concede that Defendants performed reasonable investigations. (Memo. at 7-10; Reply at 1.) Therefore, their Section 1681s-2(b) claims fail. Even if Plaintiffs could salvage their claims despite this fatal concession, *Seamans* offers them no support.

## II. *Seamans* does not support Plaintiffs' core claim that Defendants should have reported post-discharge mortgage payments.

The *Seamans* Court overturned summary judgment for a furnisher after concluding that its response to a dispute over the continued reporting of a decades-old delinquent loan did not comply with the FCRA and other federal law. Here, by contrast, Defendants responded to Plaintiffs' disputes in compliance with all available guidance.

In *Seamans*, the plaintiff took out a student loan in 1989. That loan became delinquent in 1992, and was then sent for collection. *Seamans*, 744 F.3d at 856-57. The FCRA generally prohibits a consumer reporting agency ("CRA") from reporting adverse information (like a delinquent loan sent to collection) for more than seven years. So that CRAs can properly age-off delinquent accounts, the FCRA requires furnishers to report to the CRA the "date of delinquency" that triggers the seven-year period. *Id.* at 860. A separate federal law allows a CRA to report "certain [delinquent] federally backed education loans" beyond the seven-year period, but only until the loan is paid off. *Id.* at 861, 863. However, that provision has no impact on furnishers, who must still report the date of delinquency to the CRA for loans that the CRA might report beyond the seven-year period. *Id.* at 862-63.

The plaintiff in *Seamans* paid-off his delinquent loan in 2011. *Id.* at 857. At that point, the loan should have " 'aged-off' his credit report." *Id.* at 863. The lender, however, reported the loan to a CRA as having a $0 balance and a delinquent payment history "for at least twenty-four (24) months prior to the time [the loan] was paid in full." *Id.* at 857. The lender also failed

to report any date of delinquency, or that the loan had been placed in collection almost two decades earlier. *Id.* The plaintiff initiated multiple disputes that, among other things, identified the 1992 initial delinquency date, challenged the reporting of recent delinquent payments and specifically argued that the loan was too old to be reported. *Id.* at 857-58. In response to these specific disputes, the lender did not change any information and still did not inform the CRA that the loan became delinquent in 1992. *Id.* at 858-59.

Under these facts, the *Seamans* Court found a genuine issue of material fact as to whether the lender conducted the reasonable investigation required by Section 1681s-2(b). One key fact was that the lender's "incomplete and misleading reporting made it appear as if Seamans had simply made a late repayment on a non-defaulted loan in 2011." *Id.* at 863. The court also disagreed with the lender's assertion that, when responding to the plaintiff's specific dispute about the improper reporting of an old account, it could omit any reference to the 1992 date of delinquency to prevent the CRA from aging-off the loan. *Id.* at 862-63, 865-66. This was especially true because the lender's actions, rather than allowing the loan to age-off as soon as it was paid off, instead would have resulted in adverse information being reported for seven years after the pay-off – which was seven years beyond when the FCRA, or any other law, mandated that the information cease being reported. *Id.* at 863. Thus, the *Seamans* Court premised its holding on finding of violations of the clear language of the FCRA and other federal law.[2]

Here, there is no affirmative statutory (or other) requirement that Defendants report post-discharge mortgage payments; and reporting post-discharge payments suggests an ongoing obligation to make payments on a discharged mortgage, which is not only inaccurate but also

---

[2] Contrary to *Seamans*, which adhered to the plain text of the FCRA, Plaintiffs now suggest that they should prevail despite the FCRA's text because "the harm done by the failure to report [post-discharge payments] as discussed above, is critically more damaging than the strict, technical compliance with the FCRA." (ECF 63 at 10.) *Seamans* offers no justification for ignoring the FCRA's express terms, and Plaintiffs' offer no authority that supports such a result.

may run afoul of the Bankruptcy Code. Rather, Defendants' reporting is consistent with all available guidance and has been upheld by every court to consider the issue. (Memo. at 7-14; Reply at 4-5.) Plaintiffs fail to cite to any authority, much less the specific statutory language relied upon by the Third Circuit in *Seamans*, that Defendants violated when responding to disputes. Therefore, *Seamans* does not save Plaintiffs' claims.

### III. *Seamans* does not support Plaintiffs' tangential claim that Defendants failed to note their meritless disputes.

While not the focus of their core claim here – or in any of the three previous iterations of their collective claims – Plaintiffs now argue that Defendants should have noted their disputes of the non-reporting of post-discharge payments. (ECF 63 at 3.) They do so by seizing on the *Seamans* Court's recognition that, because the plaintiff could proceed on his claim that the lender's investigation was unreasonable, he could also proceed on an intertwined Section 1681s-2(b) claim that "having received notice of a consumer's potentially **meritorious dispute**, a furnisher subsequently fails to report that the claim is disputed" when responding to a CRA's investigation request. *Seamans*, 744 F.3d at 867 (emphasis added).[3]

Section 1681s-2(b) does not impose automatic liability for failing to note "a **meritless dispute** ... It is the failure to report a **bona fide dispute**, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability." *Van Veen v. Equifax Info.*, 844 F. Supp. 2d 599, 605 (E.D. Pa. 2012) (emphasis added) (internal quotation marks omitted), *citing Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir.

---

[3] Consistent with the overarching requirement that a plaintiff must establish an unreasonable investigation to maintain any Section 1681s-2(b) claims (*see supra* at 1), the *Seamans* Court (without additional analysis of the merits of the dispute) found that the plaintiff had asserted a bona fide dispute "[f]or the reasons already stated." *Seamans*, 744 F.3d at 867 ("we find that Seamans's dispute appears to have merit"); *see also Noel v. First Premier Bank*, No. 3:12-CV-50, 2012 WL 832992, at *6-7 (M.D. Pa. Mat 12, 2012) (applying requirement to establish unreasonable investigation to Section 1681s-2(b) claim for failure to note a dispute). Thus, Plaintiffs' dispute-noting claim fails under *Seamans* because they have abandoned all arguments that Defendants conducted unreasonable investigations.

2009); *see also Seamans*, 744 F.3d at 867 (quoting *Gorman* and citing *Van Veen*). Thus, the duty to note a dispute is not triggered where the consumer merely "'doubted the veracity' of the reported charge-off" of the loan. *Reed v. First Premier Bank*, No. 11-4157-KES, 2011 WL 6153100, at *2 (D. S.D. Dec. 12, 2011). Similarly, a plaintiff cannot maintain a Section 1681s-2(b) dispute-noting claim for a lender's failure to report a debt to make it appear that the lender, and not the borrower, was responsible for the late payments. *Levine v. JPMorgan Chase & Co.*, No, 13-C-498, ___ F. Supp. 2d. ___, 2014 WL 3353250, at *4 (E.D. Wis. July 8, 2014) (dispute was "completely meritless" and "disingenuous").

Here, Plaintiffs' view of the law is wrong and they fail to cite any authority that renders their disputes meritorious. (Memo. at 7-14; Reply at 4-5.) This case, in fact, is the opposite of *Seamans*, where the court found that the plaintiff's dispute had merit because it agreed with his interpretation of the law. *Seamans*, 744 F.3d at 867.[4] Absent a meritorious dispute, Defendants have no duty to note Plaintiffs' disputes.

In any event, the allegation that Defendants failed to note disputes is, at best, a tangential argument found in a laundry list of complaints unrelated to Plaintiffs' core claim. Plaintiffs acknowledged this in their recent filing by stating that Defendants noting their disputes "by itself would certainly be insufficient" if Defendants continued to omit post-discharge payments. (ECF 63 at 8.) Thus, Plaintiffs' concede that the dispute-noting claim – as was the plaintiff's in *Seamans* – is tied to, and subsumed within, the merits of their core claim and does not provide the basis for any independent FCRA claim here.

---

[4] The *Seamans* Court also noted that a claim for a willful FCRA violation could proceed when a defendant's "policies would appear to be in outright conflict with a furnisher's duties under FCRA." 744 F.3d at 868-69. Defendants have already explained why their conduct is not a willful violation as a matter of law. (Memo. at 14-15; Reply at 4-6.) *Seamans* does nothing to disturb Defendants' prior arguments in support of dismissal of the claims for willful FCRA violations.

## IV. Conclusion.

Overall, *Seamans* provides no support for Plaintiffs' claims, and even provides added support for the dismissal urged by all Defendants.[5] If they thought it supported their collective fourth attempt to assert viable FCRA claims, Plaintiffs could have cited to *Seamans* before this Court requested supplemental briefs. They did not. Even if they had, however, it would not have helped. If anything, *Seamans* highlights just how far away this case is from one the Third Circuit might find to have merit. Moreover, given Plaintiffs' persistent failure to allege cognizable FCRA claims, any further attempts to amend their complaint would be futile. Accordingly, Defendants' Motion to Dismiss should be granted and the claims asserted against Wells Fargo Home Mortgage and Nationstar Mortgage, LLC in the Amended Complaint should be dismissed with prejudice pursuant to a final order.

Respectfully submitted,

By:    */s/ Diane A. Bettino*
        Mark S. Melodia, Esq. (No. 53515)
        Diane A. Bettino, Esq. (No. 64111)
        Kurt F. Gwynne, Esq. (No. 66390)
        REED SMITH LLP
        Princeton Forrestal Village
        136 Main Street, Suite 250
        Princeton, New Jersey 08540
        Tel. (609) 987-0050
        Fax (609) 951-0824

        Attorneys for Defendant
        Wells Fargo Home Mortgage and
        Nationstar Mortgage, LLC

Dated: January 20, 2015

---

[5] Defendants adopt the arguments and positions made by their co-defendants on the impact of *Seamans* on this case.