# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARL PETER HORSCH; KIMBERLY HORSCH, *H/W*; ALLAN J. JACKSON; EILEEN JACKSON, *H/W*; THERESA DUFFIN; PAUL DUFFIN, *H/W*; RHIANNON LINDMAR; PAUL MILBOURNE; VILMA COLLIER; TROY ADAMS; THOMAS P. KENNEDY; SARAH KENNEDY, *H/W*; BRAD SALTZMAN; REBECCA SALTZMAN, *H/W*,<br><br>             Plaintiffs,<br><br>    v.<br><br>WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.; WELLS FARGO BANK, N.A.; CITIMORTGAGE, INC. T/A CITIFINANCIAL; GREENTREE SERVICING, LLC; JP MORGAN CHASE BANK; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; NATIONSTAR MORTGAGE, LLC,<br><br>             Defendants. | Civil Action<br><br>No. 14-cv-2638-WY |

## BANK OF AMERICA'S SUPPLEMENTAL BRIEF REGARDING THE COURT'S JANUARY 7, 2015 ORDER

Pursuant to the Court's January 7, 2015 Order (ECF No. 62), defendant Bank of America, N.A. ("Bank of America" or the "Bank") respectfully submits this supplemental brief addressing how the Third Circuit's decision in *Seamans v. Temple University*, 744 F.3d 853 (3d Cir. 2014), applies to plaintiffs' claims in this matter.

I. ANALYSIS OF THE *SEAMANS* DECISION

The Bank addresses in turn the potential application of several distinct issues addressed in the *Seamans* decision.

A. The Defendant in *Seamans* Admittedly Failed to Provide Information Required by the FCRA, Based on a Claimed Legal Exemption with Which the Third Circuit Disagreed.

According to the court, the undisputed facts in *Seamans* were that the defendant, Temple University, had continued to furnish credit information to a credit reporting agency ("CRA") on Mr. Seamans' delinquent student loan for a period of time. 744 F.3d at 861-62. That reporting did not include the date of the first delinquency, or that the account was either charged off or placed for collection. *Id.* The FCRA obligates furnishers to include that information on accounts so that the CRAs can adhere to the separate requirements about removing certain adverse credit information once it is sufficiently aged. *Id.* Temple conceded that those omissions from its ongoing reporting on Mr. Seamans' loan would have violated the FCRA but for its belief that it was exempt from those provisions by operation of the Higher Education Act ("HEA"). The primary holding of *Seamans* is that the HEA did not apply to the loan at issue. *Id.* at 863.

While the HEA holding is not relevant to the case at bar, the consequence of not having a legal exemption left Temple without a factual defense to the underlying FCRA claim—that if it continued to report on the student loan, it was required to include the additional information. Those circumstances clearly distinguish *Seamans* from this case, where the claim rests on the

1

unsupportable theory that the Bank was required to continue to report on an account despite the bankruptcy discharge.

        **B.**    *Seamans* **Confirms That There Is No Private Right of Action Under FCRA Section 1681s–2(a).**

The Bank submits that the most directly relevant aspect of *Seamans* is the Third Circuit confirmation that there is no private right of action for alleged violations for alleged inaccurate reporting under 15 U.S.C. § 1681s–2(a). The "FCRA explicitly precludes private suits for failure to comply with that statutory duty, 15 U.S.C. § 1681s–2(c), and instead provides for enforcement of that provision by federal and state officials, 15 U.S.C. § 1681s–2(d)." *Id.* at 864. While plaintiffs attempt to plead around this well-established prohibition in their fourth complaint, at its core plaintiffs' claim remains that "the all-pervasive issue" is the Bank's purported "failure and refusal to report favorable credit to the respective credit reporting agency." (FAC (ECF No. 43) ¶ 98; *see also id.* ¶ 54(f) ("Defendants have and continue to willfully fail and refuse to report current mortgage payments being made and the current monthly mortgage payment status of the respective mortgage balance.").) As *Seamans* confirms, such allegations cannot state a claim under the FCRA.

        **C.**    *Seamans'* **Discussion of Reasonableness Does Not Apply Here Because There Is No Disputed Fact.**

The court in *Seamans* addressed the question of whether Temple was entitled to summary judgment on the reasonableness of its (or its agent's) post-dispute investigation of the student loan reporting. 744 F.3d at 864-65. It was in the context of that disputed fact that the court reiterated that reasonableness "'is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question.'" *Id.* (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010)). It proceeded to analyze the various criteria—such as the cost of investigating, the procedures in place for same, the content of the notice of the

dispute—that courts have weighed to assess whether a genuine issue exists under the particular facts of the case. *Id.*

Here, unlike *Seamans*, the reasonableness of the Bank's investigation has never been at issue. Plaintiffs admit that the Bank conducted a reasonable investigation. (*See, e.g.*, FAC ¶¶ 75, 79 ("Defendants received the notices of dispute, performed *reasonable investigations*, and reported the results to the CRA's.") (emphasis added)); ECF No. 54-3 ("opposition" or "Opp.") at 15 ("Several of the Defendants, after *reasonable* investigation, did determine to 'delete' any reference to the mortgage in any respect.") (emphasis added); ECF No. 63 at 11 ("Plaintiffs do not believe that 'reasonableness' is an issue in their case.")). Because the reasonableness of the investigation is not disputed, the *Seamans* discussion of the issue is not relevant to the analysis of plaintiffs' claim in this case.

### D. The "Failure to Flag" Analysis Supports Dismissal of Plaintiffs' Claim.

In plaintiffs' opposition, they state in passing, and for the first time, that the "furnisher Defendants have failed and refused to acknowledge through the CRA's that there is a dispute." (Opp. at 20.) Plaintiffs did not assert such a claim in the FAC.[1] Even if they had, it would still fail.

As *Seamans* explains: "If the completeness or accuracy of any information furnished by any person to any [CRA] is disputed to such person by a consumer, the person may not furnish the information to any [CRA] without notice that such information is disputed by the consumer."

---

[1] By failing to plead such an allegation in their now fourth complaint, plaintiffs cannot bring it up now for the first time in order to defeat dismissal. *See, e.g.*, *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original); *Hammond v. City of Phila.*, No. 00-5082, 2001 U.S. Dist. LEXIS 10182, at *8-9 (E.D. Pa. June 29, 2001) (collecting cases).

3

744 F.3d at 866 n.10 (citing 15 U.S.C. § 1681s–2(a)(3); brackets original). A furnisher is only required to flag an account as disputed if (1) there is a bona fide dispute (2) regarding an account on which the furnisher is reporting. The reason is that "where a dispute is bona fide, the omission of the disputed nature of a debt could render the information sufficiently misleading so as to be 'incomplete or inaccurate'" under the FCRA. *Id.* at 867 (citation omitted).

The argument that the Bank allegedly failed to flag plaintiffs' account here as disputed would not save the FAC. First, here, there was no bona fide dispute to flag. The law is clear that plaintiffs' central allegation—that, despite receiving bankruptcy discharges, the Bank must continue to report on the Kennedys' loan—is misguided. The Bank's alleged failure to report the loan that had been discharged in bankruptcy was, as discussed in the motion and reply, entirely correct and consistent with all applicable industry standards and decisional law. There was never a bona fide dispute to flag.[2]

*Seamans* does not touch at all on the unbroken case law and other authority that is specific to this circumstance: what a creditor is to report, if anything, post-discharge.[3] Plaintiffs

---

[2] In addition, as addressed in the Bank's motion and reply, "'a plaintiff's required showing is *factual* inaccuracy rather than the existence of disputed legal questions.'" *Van Veen v. Equifax Info.*, 844 F. Supp. 2d 599, 605 (E.D. Pa. 2012) (quoting *Chiang v. Verizon N.E., Inc.*, 595 F.3d 26, 38 (1st Cir. 2010)). Plaintiffs here continue to merely disagree with the Bank's interpretation of governing law; they do not offer an alleged factual inaccuracy. For this additional reason, the dispute here was not bona fide.

[3] *See* Motion (ECF No. 48) at 13-14 and Reply (ECF No. 57) at 4 (citing, *e.g.*, 16 C.F.R. 600 app. § 607(b)(6) (2010) ("[a] consumer report may include an account that was discharged in bankruptcy . . . as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt"); CDIA, 2013 Credit Reporting Resource Guide, at 6-17 ("if the bankruptcy has been discharged, discontinue reporting the account"); *Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 57856, at *7 (N.D. Cal. Jan. 3, 2013) (a furnisher may report a discharged debt as long as it is reported as "discharged through the bankruptcy and the outstanding balance on that account is zero"); *Lohmeyer v. Alvin's Jewelers (In re Lohmeyer)*, 365 B.R. 746, 751 (Bankr. N.D. Ohio 2007) (allegations that defendant "continued to report the debt as due or intentionally failed to update the report by leaving the erroneous current balance in place" sufficient to withstand motion to dismiss); *Torres v. Chase Bank USA, N.A. (In*

4

continue to pursue the argument that, as a policy matter, it would be a better approach to require reporting post-discharge, going so far as to suggest that the *Seamans* court was "result-oriented" (ECF No. 63 at 6-11), and that this Court ought to be as well.  This suggested approach is wrong.  The Bank's correct legal interpretation of the FCRA is not a mere "technical" (*id.* at 7, 10) stumbling block for plaintiffs to overcome.  Instead, fundamentally, because nothing is due on the mortgage debt once it is discharged in bankruptcy, a creditor cannot report on that debt—as either "current" or "past due"—without incorrectly implying that the legal obligation to pay still exists.  *See Helmes v. Wachovia Bank (In re Helmes)*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005).

For the consumer who sought out bankruptcy protections and obtained the benefit of a discharge, the resulting *deletion* of an ongoing, six-figure tradeline like a mortgage loan—which for many bankrupt consumers may contain information about significant past delinquencies—could have a substantial *positive* impact.  And for individuals who are not able or willing to continue making mortgage payments post-discharge, a rule requiring continued reporting would be even worse.  The credit reporting rules do not change based on whether or not the information may ultimately be adverse to the consumer.  Thus, as plaintiffs would have it, despite having the mortgage loan wiped out in bankruptcy, a consumer who did not pay on a discharged loan would still be subject to derogatory reporting, a result that every court to consider the question has rejected.  Plaintiffs' policy argument is thus not only wrong as a matter of law, but it is fundamentally misguided.

In any event, here, by definition, the Bank was no longer reporting on the subject loan.  Instead—and in stark contrast to the *Seamans* case—the Kennedys' complaint is that the Bank

---

*re Torres)*, 367 B.R. 478, 487-88 (Bankr. S.D.N.Y. 2007); *Puller v. Credit Collections USA, Inc. (In re Puller)*, No. 05-1881, 2007 Bankr. LEXIS 2017, at *10-13 (Bankr. N.D. W. Va. June 20, 2007).

5

had ceased reporting on the loan. (FAC ¶ 68(i).)  Under such circumstances, a plaintiff cannot state a claim for failure to flag a dispute.  While "the person *may not furnish* the information to any [CRA] without notice that such information is disputed by the consumer," *Seamans*, 744 F.3d at 866 n.10 (emphasis added), nothing in the FCRA affirmatively requires the furnisher to continue to report on the account.  Indeed, the very provision at issue, 15 U.S.C. § 1681s-2(b)(1)(E), makes it clear that the furnisher has the option to "delete that item of information [or] permanently block the reporting of that item of information."  *See also, e.g.*, *Jacques v. Solomon & Solomon PC*, 886 F. Supp. 2d 429, 435 (D. Del. 2012) (holding that furnisher has "no affirmative duty" to report on a disputed debt; instead, the FCRA permitted the furnisher to "elect[]" not to "furnish *any* information to a [CRA]."); L. Richard Fischer, *The Law of Financial Privacy* § 106[2][d] (2014) ("there is absolutely no obligation created [under the FCRA] for anyone to report information to a consumer reporting agency in the first instance" and "the statute [does not] create any obligation to continue to report information to a consumer reporting agency").

Simply put, a furnisher only has to flag an account as disputed if it continues to report on the account and there is a bona fide dispute.  Here, plaintiffs allege that nothing was being reported; thus, there was nothing to flag as disputed, even if plaintiffs had offered a bona fide dispute.  In contrast, in *Seamans*, Temple University *continued to report* on Seamans' loan but "never provided the CRAs with the collection history and date of delinquency" for him and failed "to flag his account as disputed."  744 F.3d at 863, 866.  Accordingly, the "failure to flag" analysis from *Seamans* is not applicable to this case.

## II.     CONCLUSION

For the above reasons and those explained in the motion and reply, Bank of America respectfully requests that the Court grant its motion and dismiss plaintiffs' claims against it with prejudice.

Dated:  January 20, 2015

Respectfully submitted,

By:   */s/ Michael J. Agoglia*
         Michael J. Agoglia

Marc Durant (PA ID No. 15813)
Durant & Durant LLC
325 Chestnut Street, Suite 1109
Philadelphia, PA 19106
215-592-1818
mdurant@durantlaw.com

Michael J. Agoglia, *admitted pro hac vice*
Angela E. Kleine, *admitted pro hac vice*
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
415-268-7000
MAgoglia@mofo.com
AKleine@mofo.com

Attorneys for Defendants
Bank of America Corporation and
Bank of America, N.A.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 20, 2015, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court, is available for viewing and downloading from the ECF system, and will be served by operation of the Court's electronic filing system (CM/ECF) upon all counsel of record.

/s/ *Michael J. Agoglia*
Michael J. Agoglia

3494276